**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| ABBOTT GMBH & CO., KG; and ABBOTT BIORESEARCH CENTER, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTOCOR ORTHO BIOTECH, INC.,<br><br>Defendant. | Civil Action No. 4:09-cv-11340-TSH<br><br>**Jury Trial Demanded** |

## ANSWER AND COUNTERCLAIMS

Defendant, Centocor Ortho Biotech, Inc. ("Centocor"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiffs, Abbott GmbH & Co., KG and Abbott Bioresearch Center, Inc. (collectively, "Abbott"), in accordance with the numbered paragraphs thereof, as follows:

### INTRODUCTION

1. Centocor admits that Abbott purports to have brought an action arising under the patent laws of the United States relating to U.S. Patent Nos. 6,914,128 ("the 128 patent") and 7,504,485 ("the 485 patent"), but denies that Abbott has any such cause of action in fact or law.

### PARTIES

2. Centocor lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. Centocor lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4. Centocor admits that it is a subsidiary of Johnson & Johnson and is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a place of business at Ridgeview Drive, Horsham, Pennsylvania.

**JURISDICTION AND VENUE**

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 6 of the Complaint.

**FACTUAL ALLEGATIONS**

7. Centocor admits that the 128 patent entitled "Human Antibodies that Bind Human IL-12 and Methods for Producing" bears an issue date of July 5, 2005 and lists Abbott GmbH & Co. KG as the assignee. Centocor lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. Centocor admits that the 485 patent entitled "Human Antibodies that Bind Human IL-12" bears an issue date of March 17, 2009 and lists Abbott GmbH & Co., KG as the assignee. Centocor lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. Centocor admits, on information and belief, the allegations in Paragraph 9 of the Complaint.

10. Centocor lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. Centocor lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. Centocor admits, on information and belief, that the parent application for both the 128 and 485 patents was filed on March 25, 1999. Centocor lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. Centocor admits that it has developed an antibody known as ustekinumab. Centocor admits that Patent Interference 105,592 involved the 128 patent and United States Patent Application No. 10/912,994 assigned to Centocor, and that the Board of Patent Appeals and Interferences (the "Board") issued a Memorandum Opinion on August 6, 2009. The decision by the Board is the subject of an appeal pursuant to 35 U.S.C. § 146 filed on August 28, 2009 in the District Court for the District of Columbia, captioned Centocor Ortho Biotech, Inc. v. Abbott GmbH & Co., KG, Civil Action No. 1:09-cv-01653-EGS. Centocor denies the remaining allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. Centocor admits that the Board issued a Memorandum Opinion on August 6, 2009. The decision by the Board is the subject of an appeal pursuant to 35 U.S.C. § 146 filed on August 28, 2009 in the District Court for the District of Columbia, captioned Centocor Ortho Biotech, Inc. v. Abbott GmbH & Co., KG, Civil Action No. 1:09-cv-01653-EGS. Centocor denies the remaining allegations in Paragraph 14 of the Complaint.

15. Centocor denies the allegations in Paragraph 15 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement)**

16. Centocor restates and incorporates by reference its answers to Paragraphs 1-15 as if set forth fully herein.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 18 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Patent Infringement)**

19. Centocor restates and incorporates by reference its answers to Paragraphs 1-18 as if set forth fully herein.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor denies the allegations contained in Paragraph 21 of the Complaint.

**ABBOTT'S PRAYER FOR RELIEF**

Centocor denies that Abbott is entitled to any relief.

## AFFIRMATIVE DEFENSES

Centocor asserts the following affirmative defenses in opposition to the cause of action and allegations of the Complaint. Centocor reserves the right to add additional affirmative defenses as they are learned through discovery and further investigation.

**First Defense**

22. Abbott fails to state a claim against Centocor upon which relief may be granted.

**Second Defense**

23. Abbott Bioresearch Center, Inc. fails to state a claim against Centocor upon which relief may be granted.

**Third Defense**

24. The claims of the 128 patent are invalid for failing to comply with one or more of the conditions of patentability set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Defense**

25. Centocor has not directly or indirectly infringed, and/or will not directly or indirectly infringe, any valid claim of the 128 patent, either literally or under the doctrine of equivalents.

**Fifth Defense**

26. The claims of the 485 patent are invalid for failing to comply with one or more of the conditions of patentability set forth in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Sixth Defense**

27. Centocor has not directly or indirectly infringed, and/or will not directly or indirectly infringe, any valid claim of the 485 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIMS

Counterclaim Plaintiff Centocor Ortho Biotech, Inc. ("Centocor"), for its counterclaims against Counterclaim Defendant Abbott GmbH & Co., KG and Abbott Bioresearch Center, Inc. ("Abbott") alleges as follows:

**PARTIES**

1. Centocor is a corporation organized under the laws of the Commonwealth of Pennsylvania with a place of business at Ridgeview Drive, Horsham, Pennsylvania.

2. Abbott GmbH & Co., KG alleges that it is a corporation organized under the laws of Germany, with a its principal place of business at Max-Planck-Ring 2, Weisbaden, Germany 65205.

3. Abbott Bioresearch Center, Inc. alleges that it is a corporation organized under the laws of Delaware with its principal place of business at 100 Research Drive, Worcester, Massachusetts 01605.

**JURISDICTION AND VENUE**

4. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of the claims of the 128 and 485 patents. These counterclaims seek declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

5. To the extent this Court has subject matter jurisdiction over the claims brought by Abbott in this action, it also has subject matter jurisdiction over Centocor's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Title 35 of the United States Code.

6. Abbott GmbH & Co., KG has asserted that it owns the 128 and 485 patents and that Centocor infringes those patents by virtue of certain activities related to its antibody product known as ustekinumab.

7. To the extent that Abbott has asserted the 128 and 485 patents against Centocor in this action, an actual case or controversy exists between the parties.

**FIRST COUNTERCLAIM**
**(Non-Infringement of the 128 patent)**

8. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

9. Centocor does not infringe any valid and enforceable claim of the 128 patent.

10. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that Centocor does not infringe any valid and enforceable claim of the 128 patent.

**SECOND COUNTERCLAIM**
**(Non-Infringement of the 485 patent)**

11. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

12. Centocor does not infringe any valid and enforceable claim of the 485 patent.

13. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is

entitled to a declaratory judgment that Centocor does not infringe any valid and enforceable claim of the 485 patent.

**THIRD COUNTERCLAIM**
**(Invalidity of the 128 patent)**

14. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

15. One or more claims of the 128 patent are invalid under 35 U.S.C. § 101 et seq.

16. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that one or more of the claims of the 128 patent are invalid.

**FOURTH COUNTERCLAIM**
**(Invalidity of the 485 patent)**

17. Centocor repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18. One or more claims of the 485 patent are invalid under 35 U.S.C. § 101 et seq.

19. To resolve the legal and factual questions raised by Abbott and to afford relief from the uncertainty and controversy which Abbott's accusations have precipitated, Centocor is entitled to a declaratory judgment that one or more of the claims of the 485 patent are invalid.

**CENTOCOR'S PRAYER FOR RELIEF**

WHEREFORE, Centocor respectfully requests:

A. That the Court dismiss Abbott's Complaint with prejudice and deny each request for relief against Centocor;

B. That the Court enter judgment that Centocor has not infringed and is not infringing any claim of the 128 patent, and/or that the patent and each of its claims are invalid;

C. That the Court enter judgment that Centocor has not infringed and is not infringing, any claim of the 485 patent, and/or that the patent and each of its claims are invalid;

D. That the Court find that this is an exceptional case under 35 U.S.C. § 285 and award Centocor its costs, reasonable attorneys' fees and disbursements (including expert fees) incurred in this action; and

E. That the Court award Centocor such other relief as the Court may deem just and proper.

**JURY DEMAND**

Centocor demands a trial by jury on all issues so triable.

Dated: September 15, 2009

CENTOCOR ORTHO BIOTECH, INC.,

By its attorneys,

/s/ Heather B. Repicky
Heather B. Repicky (BBO # 663347)
NUTTER MCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000

*Of counsel*:

Dianne B. Elderkin
Barbara L. Mullin
Matthew A. Pearson
John F. Murphy
James V. Spencer
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
215-568-3100
FAX: 215-568-3439

**CERTIFICATE OF SERVICE**

I certify that, on September 15, 2009, this ANSWER AND COUNTERCLAIMS (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Heather B. Repicky
Heather B. Repicky

1859064.1