# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABBOTT GMBH & CO., KG, AND <br> ABBOTT BIORESEARCH CENTER, INC. <br><br> Plaintiffs, <br><br> v. <br><br> CENTOCOR ORTHO BIOTECH, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br> 09-11340-FDS |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO TRANSFER

**SAYLOR, J.**

This is a patent dispute. Patentee Abbott GmbH & Co., KG, and co-plaintiff Abbott Bioresearch Center ("ABC") seek a judgment that the drug Stelara, manufactured by Centocor Ortho Biotech, Inc., infringes upon its patents. Centocor has filed an action for a declaratory judgment that it has not infringed Abbott GmbH's patents and that those patents are, in any event, invalid. It has also filed an action pursuant to 35 U.S.C. § 146 seeking review of a decision of the United States Patent and Trademark Office's Board of Patent Appeals and Interferences. Both of Centocor's actions were filed in the United States District Court for the District of Columbia.

The present motion involves the forum in which the lawsuit is to be litigated. Plaintiffs Abbott GmbH and ABC filed this suit in the District of Massachusetts on August 10, 2009. Defendant Centocor filed its suits in the District of Columbia on August 28, 2009. The lawsuits are conceded to involve essentially identical issues and all parties agree that the pending litigation

should be resolved by one court—either this Court or the District of Columbia. For the reasons set forth below, the Court concludes that this matter should proceed in the District of Massachusetts.

I. **Background**

On December 12, 2007, the United States Patent and Trademark Office Board of Patent Appeals and Interferences declared an interference between Abbott GmbH's Patent No. 6,914,128 (the "'128 patent") and Centocor's 10/912, 994 patent application, both of which cover antibodies that bind to the interleukin-12 ("IL-12"). Antibodies that bind to IL-12 are used to treat, among other things, psoriasis. Interference proceedings were instituted by the USPTO Board to determine which group of inventors was the first to invent the overlapping subject matter, as well as the obviousness of the '128 patent. On August 6, 2009, the USPTO Board ruled in favor of Abbott GmbH on these issues.

On August 10, 2009, plaintiffs Abbott GmbH and ABC filed suit against Centocor in the District of Massachusetts, alleging that Centocor infringed the '128 patent and Patent No. 7,504,485 (the "'485 patent") in the sale of its product Stelara. Stelara is an antibody product that was developed by Centocor for the treatment of psoriasis. It has been approved for sale nationwide.

On August 28, 2009, Centocor instituted an action under 35 U.S.C. § 146 and a declaratory judgment action in the District Court for the District of Columbia. The Section 146 action challenges the USPTO Board's rulings, and the declaratory judgment action seeks

declarations of non-infringement and invalidity of the '128 and '485 patents.[1]

Centocor filed a motion in this action to transfer the matter to the District of Columbia. Abbott GmbH opposed the motion to transfer the case and filed a motion in the District of Columbia to transfer that litigation to this Court.

On December 18, 2009, the United States District Court for the District of Columbia issued a decision and order providing that the actions pending in that court should be transferred to the District of Massachusetts.

## II. Analysis

The resolution of this dispute turns largely on the application of the "first-filed" rule, which generally gives precedence to the first of two duplicative actions proceeding in different courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first-filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). Thus, the forum of the first-filed case is generally favored unless one or both of the general exceptions to the first-filed rule are present. *See Holmes Group, Inc. v. Hamilton Beach/Proctor Silex*, 249 F. Supp. 2d 16, 22-55 (D. Mass. 2000).

The first of these exceptions applies when "special circumstances" are present that justify transfer to the second-filed venue. *Transcanada Power Mktg. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 348 (D. Mass. 2005) ("Special circumstances have been found to exist where a party has won the race to the courthouse by misleading his opponent into staying his hand in

---

[1] Centocor does not name ABC as a defendant in either of the actions instituted in the District of Columbia.

anticipation of negotiation. . . or by reacting to notice of imminent filing by literally sprinting to the courthouse the same day.") (internal quotations omitted). Centocor has not alleged, nor does any evidence suggest, that Abbott GmbH or ABC engaged in any such behavior in this case.

The second exception applies when the moving party can show that its choice of forum is "substantially more convenient than that chosen by plaintiff." *Holmes Group*, 249 F. Supp. 2d at 17. The convenience factors to be analyzed under the first-filed context are the same as those under 35 U.S.C. § 1404(a), but "there is a strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interests of justice." Courts consider both the private interest and the public interest when analyzing the "interests of justice." Among the private interest factors to be considered are the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses. . ." *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir. 1991). Public interest factors include the local interest in having localized controversies decided at home, judicial efficiency, and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* (citations omitted).

As the moving party in this case, Centocor "must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum". *Nowak v. Tak How*

4

*Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996).[2]

### A.     Plaintiffs' Choice of Forum Should Be Given Deference

It is undisputed that Abbott filed this suit in Massachusetts eighteen days before Centocor filed its related litigation in the District of Columbia. A period of eighteen days is certainly sufficient to warrant the invocation of the first-filed rule. *See Transcanada Power*, 402 F. Supp. at 347 (performing first-filed analysis when first-filed case was filed nine days prior to later-filed litigation).

Accordingly, plaintiffs' choice of a Massachusetts forum will be afforded substantial deference, unless one of the two previously discussed exceptions to the first-filed rule applies. It has already been established that the first exception of "special circumstances" does not exist in this case. The applicability of the other exception—that which applies when the transferee forum is "substantially more convenient than that chosen by the plaintiff"—is discussed below.

### B.     The 1404(a) Factors Strongly Favor Maintaining this Action in Massachusetts

After carefully analyzing the 1404(a) factors as they apply to this set of circumstances, the Court finds that this case should be maintained in the District of Massachusetts. A more detailed analysis of each of these factors is provided below.

#### 1.     "Private Interest" Factors

Among the "private interest" factors the Court should consider in making its decision are

---

[2] While both parties have briefed the issue of whether Centocor's claims could have been filed in the District of Massachusetts, the Court makes no express findings as to that issue. Because the considerations of convenience and judicial economy both heavily weigh in favor of maintaining the case in Massachusetts, the Court finds that Centocor has failed to meet its burden and the case should not be transferred to the District of Columbia. Accordingly, it is irrelevant to this Court's decision whether Centocor could have originally filed its suit in the District of Massachusetts or not.

the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses. . ." *Mercier*, 935 F.2d at 424.

Although not explicitly listed as a factor in determining whether a transfer of venue is appropriate, the convenience of the parties involved in the suit should also be considered. An examination of the circumstances surrounding this case strongly suggests that Massachusetts is the most convenient forum for the parties. While neither Abbott GmbH nor Centocor is headquartered in Massachusetts, co-plaintiff ABC is located here.[3] ABC has its principal place of business in Worcester, Massachusetts, and is currently manufacturing its own biologic under the patents in Massachusetts. The fact that one of the parties resides in Massachusetts, while none reside in the District of Columbia, weighs in favor of maintaining the case in this jurisdiction.[4]

The convenience of a given forum for potential witnesses is also an important factor for the Court to consider especially where, as here, no one forum is particularly convenient for all parties. Many of the events surrounding this litigation occurred in Massachusetts and, as a result, several of the witnesses that plaintiffs intend to call are located in this district. (Keller Decl. ¶¶ 2-10). For these witnesses, travel to Worcester would be relatively convenient as compared with

---

[3] Abbott GmbH is a German corporation with its principal place of business in Wiesbaden, Germany. (Comp. ¶ 2). ABC is a Delaware corporation with its principal place of business in Worcester, Massachusetts. (Comp. ¶ 3). Defendant Centocor is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania. (Comp. ¶ 4).

[4] Centocor has suggested in its briefings that it intends to file a motion to dismiss ABC as a party to this litigation pursuant to Fed. R. Civ. P. 12(c). Centocor contends that ABC lacks standing because it does not hold a proprietary interest in the patents at issue. Because the issue is not properly before the Court at this time, it will not be considered as a factor in this decision.

traveling to the District of Columbia. Also, neither party has identified any potential witnesses who reside or work in the District of Columbia. (Keller Decl. ¶ 11). Thus, it appears that the District of Massachusetts is the more convenient forum for the witnesses that have been identified.

Furthermore, plaintiffs have indicated that they intend to call some non-party patent co-inventors as witnesses. These witnesses apparently played a large role in the development of the anti-IL-12 antibodies at issue. Many were employed by Wyeth, a company located in Massachusetts at the time of their involvement with the patents. (Keller Decl. ¶¶ 5, 9-10). Other inventors, not employed by either Abbott or Wyeth, also remain in Massachusetts. (Keller Decl. ¶¶ 3-4, 6-8). These non-party witnesses may need to be summoned to court through compulsory process. This Court can exercise compulsory process over Massachusetts residents and those persons within 100 miles of the courthouse, whereas the court in the District of Columbia cannot. Accordingly, the convenience of the witnesses weighs against transfer.

It also appears that a substantial number of the documents necessary for trial are currently located in this district. Many of Abbott's documents, including potential evidence relating to the conception, reduction to practice, and the filing and prosecution of the '128 and '485 patents, are located here. (Pros. Br. at p. 11). By contrast, Centocor does not suffer any additional burden by providing its books and records in Massachusetts, rather than in the District of Columbia. In either case, Centocor will have to produce those documents outside of its home state of Pennsylvania.

In sum, defendant has moved to transfer this case to the District of Columbia—a jurisdiction in which none of the parties reside, none of the relevant events occurred, and no

7

witnesses reside or work. This Court has difficulty seeing how a transfer of this case to the District of Columbia would provide a benefit to any of the parties. Indeed, it appears that such a transfer, far from contributing to the convenience of the parties, would necessarily eliminate the conveniences that a Massachusetts forum would provide without creating any additional benefits to compensate for that loss.

### 2. **"Public Interest" Factors**

As noted, the District of Columbia court recently issued an order transferring Centocor's two claims against Abbott GmH to the District of Massachusetts. In the interest of judicial economy, this recent development strongly favors retaining this case in this Court. The two cases are so closely related that it would be wasteful to transfer Abbott GmH and ABC's claims to the District of Columbia when Centocor's claims have just been transferred here. Indeed, both parties have agreed that it would be best for one court to decide all of the claims related to this litigation at one time. As such, the public interest in judicial economy strongly weighs in favor of maintaining this case in the District of Massachusetts.

In sum, having given due consideration to the fact that this case was first-filed in Massachusetts, and having balanced defendant's choice of forum in the District of Columbia against the relevant private-interest and public-interest factors, including the general public interest in having the related litigation resolved by one court, this Court concludes that the balance of private and public interests counsels in favor of maintaining this case in this forum.

## III. Conclusion

For the foregoing reasons, defendant's Motion to Transfer Venue to the United States District Court for the District of Columbia is DENIED.

8

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: January 6, 2010