IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABBOTT GMBH & CO., KG, AND )
ABBOTT BIORESEARCH CENTER, INC. )   C.A. No. 4:09-CV-11340 (FDS)
)
Plaintiffs, )
)   JURY TRIAL DEMANDED
v. )
)
CENTOCOR ORTHO BIOTECH, INC., )
)
Defendant. )

## STIPULATED PROTECTIVE ORDER

WHEREAS, Abbott GmbH & Co., KG, ("Abbott GmbH") and Abbott

Bioresearch Center ("ABC") (collectively, "Abbott"), and Centocor Ortho Biotech, Inc.

("Centocor"), the parties to this action (collectively the "parties" and individually a "party"), and

likely third party witnesses, possess confidential information which may be disclosed in

responding to discovery requests or otherwise in this action and which must be protected in order

to preserve the legitimate business and other interests of the parties, and

WHEREAS, the parties have, through counsel, stipulated to the entry of this

Protective Order to prevent unnecessary dissemination or disclosure of such confidential

information,

IT IS HEREBY ORDERED that:

1. Definitions

a.      The term "Confidential Information" as used in this Order is to

include all information that the designating party believes constitutes or discloses or relates to

processes, operations, research, technical or developmental information, production, marketing,

sales, shipments or other proprietary data or information of commercial value, including, but not

- 1 -

limited to, trade secrets or any other information within the meaning of Federal Rule of Civil Procedure 26(c)(7). It may include, without limitation: documents produced in this action, during formal discovery or otherwise; documents and information produced by third parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories, responses to requests for production, responses to requests for admission, or other discovery requests; deposition transcripts; and tangible things or objects that are designated Confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information. Information originally designated as Confidential Information pursuant to this agreement shall not retain Confidential status after any ruling by any Court denying such status.

b.    The terms "designating party" and "producing party" mean the party producing or designating documents or information as Confidential Information under this Order.

c.    The term "receiving party" shall mean any person to whom Confidential Information is disclosed.

d.    The term "this action" shall mean the above-captioned action.

e.    The term "Centocor Interference Appeal" shall mean *Centocor Ortho Biotech, Inc. v. Abbott GMBH & Co. KG.*, Case No. 4:10-cv-40003.

f.    The term "Centocor Declaratory Judgment Action" shall mean *Centocor Ortho Biotech, Inc. v. Abbott GMBH & Co. KG.*, Case No. 4:10-cv-40004.

- 2 -

## Designation of Confidential Information

2.      Any party who produces or discloses any material that it believes comprises Confidential Information shall designate the same by marking "CONFIDENTIAL" prominently on each page of all documents containing the information.

3.      If a producing party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the producing party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original files and records that it reviews. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain subject matter with the appropriate designation at the time the copies are produced to the inspecting party.

4.      If any Confidential Information is produced by a third party to this litigation, such third party shall be considered a "designating party" or a "producing party" within the meaning of those terms as they are used in the context of this Order.

5.      Confidential Information that originated with a third party, subject to the terms of any confidentiality obligation to that third party, may be designated as "Confidential" and shall, once designated, be subject to the restrictions on disclosure specified in Paragraph 7.

6.      In the event that any designating party produces Confidential Information that has not been designated "Confidential" or not correctly designated, the designating party may designate or redesignate the information to the same extent as it may have designated the information before production by a subsequent notice in writing specifically identifying the redesignated information accompanied by a replacement set of such misdesignated documents bearing a "Confidential" designation thereon, in which event the parties shall henceforth treat

- 3 -

such information in accord with this Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation. Further, the receiving party shall immediately return the documents that lacked the "Confidential" designation to the designating party upon receiving the replacement set of documents bearing the "Confidential" designation. No showing of error, inadvertence, or excusable neglect shall be required for such redesignation.

### Disclosure of Confidential Information

7.     Information designated "Confidential" shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

- a.     U.S. counsel for Centocor in the above-captioned action:
  - i.     Nutter McClennen and Fish LLP
  - ii.     Akin Gump Strauss Hauer & Feld LLP
- b.     U.S. counsel for Abbott in the above-captioned action:
  - i.     Wilmer Cutler Pickering Hale and Dorr LLP
  - ii.     Sughrue Mion PLLC
- c.     U.S. counsel for Centocor in the Centocor Interference Appeal:
  - i.     Nutter McClennen and Fish LLP
  - ii.     Akin Gump Strauss Hauer & Feld LLP
- d.     U.S. counsel for Abbott in the Centocor Interference Appeal:
  - i.     Wilmer Cutler Pickering Hale and Dorr LLP
  - ii.     Sughrue Mion PLLC
- e.     U.S. counsel for Centocor in the Centocor Declaratory Judgment Action:

- 4 -

          i.     Akin Gump Strauss Hauer & Feld LLP

          ii.    Nutter McClennen and Fish LLP

    f.    U.S. counsel for Abbott in the Centocor Declaratory Judgment Action:

          i.     Wilmer Cutler Pickering Hale and Dorr LLP

    g.    Members or employees of any of the foregoing law firms assisting in this action, the Centocor Interference Appeal, and/or the Centocor Declaratory Judgment Action as well as any independent litigation support providers retained by such firms to assist in this litigation (*e.g.*, outside copy services, graphic artists and visual aid providers, and jury consultants).

    h.    The Court and Court personnel and stenographic/ videographic reporters at depositions taken in this action, the Centocor Interference Appeal, and/or the Centocor Declaratory Judgment Action.

    i.    The in-house counsel listed below, as well as the non-lawyer employees within the legal department who assist them, provided, however, that no person who is currently – or will be within one year of final termination of this action (including all appeals) – involved in the preparation or prosecution of any U.S., Canadian, or other foreign patent application relating to anti-IL-12 and anti-IL-23 antibodies, will be permitted access to any Confidential Information, whether listed below or not:

          i.     For plaintiff Abbott: Ms. Karen Nelson and Ms. Lydia Nenow. Ms. Nelson and Ms. Nenow shall each execute Exhibit A, hereto, as well as a declaration affirming her non-involvement in the preparation or prosecution of any U.S. or foreign patent application relating to anti-IL-12 and anti-IL-23 antibodies currently, and that neither will be involved in the preparation or prosecution of any U.S. or foreign patent

- 5 -

application relating to anti-IL-12 and anti-IL-23 antibodies for at least one year following the termination of this case.

           ii.     For defendant Centocor: Mr. Eric Harris and Mr. Michael Timmons shall each execute Exhibit A, hereto, as well as a declaration affirming his or her non-involvement in the preparation or prosecution of any U.S. or foreign patent application relating to anti-IL-12 and anti-IL-23 antibodies currently, and that neither will be involved in the preparation or prosecution of any U.S. or foreign patent application relating to anti-IL-12 and anti-IL-23 antibodies for at least one year following the termination of this case.

           j.     Independent consultants or experts and their staff not employed by or affiliated with a party or with a party's licensee or licensor, retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this action, the Centocor Interference Appeal, and/or the Centocor Declaratory Judgment Action, provided that (i) such persons have complied with the procedure of Paragraph 13 herein, and (ii) agree in writing to be bound by the provisions of this Order, in the form set forth as Exhibit A, hereto.

           k.     Individuals not listed in Paragraphs 7(k) and 7(l) will be permitted access to Confidential Information only under the following circumstances: (1) upon the individual's agreement in writing to be bound by the provisions of this Order, in the Form set forth as Exhibit A hereto; and (2) upon written request to the designating party providing the Bates range of the Confidential Information a party seeks to disclose and satisfaction of either of the following: (a) a grant of consent by the designating party; or (b) the expiration of five (5) business days from the date of written notice of intent to disclose without written notice of objection from the designating party. In the event the designating party does provide notice of

objection to disclosure, a party must seek leave of the Court to make the disclosure and may not make such disclosure without an order of the Court authorizing such disclosure.

          l.     The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party without necessity of modifying this Order.

          m.     The receiving party shall give notice of this Order and advise of the duty to comply with its terms to any person allowed access to Confidential Information prior to allowing said person access to Confidential Information.

### Use and Control of the Confidential Information

          8.     Confidential Information produced by Abbott or Centocor in this action shall be deemed produced in the Centocor Interference Appeal and the Centocor Declaratory Judgment Action, and may be used by Abbott or Centocor in the Centocor Interference Appeal and the Centocor Declaratory Judgment Action, under protective orders issued in those actions consistent with the terms of this Order, provided, however, that such use shall be subject to any applicable objections, including relevance, authenticity, and admissibility. Confidential Information produced in this action and used in the Centocor Interference Appeal or the Centocor Declaratory Judgment Action pursuant to this paragraph shall not lose the protections afforded by this Order by virtue of its use in the Centocor Interference Appeal or the Centocor Declaratory Judgment Action.

          9.     Confidential Information produced by Abbott or Centocor in the Centocor Interference Appeal or the Centocor Declaratory Judgment Action shall be deemed produced in this action, and may be used by Abbott or Centocor in this action, under the terms of this Order consistent with the terms of protective orders issued in the Centocor Interference Appeal and/or

the Centocor Declaratory Judgment Action, provided, however, that such use shall be subject to any applicable objections, including relevance, authenticity, and admissibility. Confidential Information produced in the Centocor Interference Appeal and/or the Centocor Declaratory Judgment Action and used in this action pursuant to this paragraph shall not lose the protections afforded by protective orders issued in the Centocor Interference Appeal or the Centocor Declaratory Judgment Action by virtue of its use in this action.

10. All Confidential Information disclosed pursuant to this Order shall be used by any recipient thereof solely for the purposes of this action and/or the Centocor Interference Appeal, and/or the Centocor Declaratory Judgment Action, and not for any business or competitive or other purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

11. All depositions shall be marked "CONFIDENTIAL" regardless of whether a designation of confidentiality was made on the record or otherwise and shall be subject to this Protective Order, unless and until the receiving party makes a request to the party producing the witness or counsel for the witness to release the deposition or any portion thereof from Confidential treatment, and only if, and to the extent that, the party producing the witness or counsel for the witness agrees in writing to the modification of treatment of all or part of the transcript, or unless the Court so orders. If the party producing the witness or counsel for the witness fails to respond to such a request within fourteen (14) days, the receiving party may move the Court for an order releasing the requested transcript or portion thereof from Confidential treatment.

12. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information,

- 8 -

shall be filed and maintained in Court under seal. Where practical, only confidential portions of filings with the Court shall be filed under seal.

13.     Before any person may be given access to Confidential Information under Paragraph 7(l), the party seeking to provide such access must give written notice to the attorneys for the designating party of the intention to make such disclosure, stating the name, address, and a resume of the background and qualifications of the person to whom disclosure is proposed. Within ten (10) days from the service of such written notice, the designating party may object to such disclosure by service of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. No disclosure of Confidential Information to any such person may occur prior to the expiration of ten (10) days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the designating party. If the designating party gives notice of objection to disclosure, the party seeking to make the disclosure must seek leave of the Court to make the disclosure and may not make such disclosure without an order of the Court authorizing such disclosure.

14.     Nothing in this Order shall prevent or otherwise restrict counsel for a party from rendering legal advice to such party with respect to the U.S. litigations and, in the course thereof, relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the party, counsel shall not disclose Confidential Information.

15.     Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate. Additionally, counsel for any party shall be entitled to show or use Confidential Information obtained from another party during examination, either at deposition or at any hearing or trial, of any officer, employee or

retained expert of the designating party. Counsel for any party shall also be entitled to show or use Confidential Information obtained from another party during examination, either at deposition or at any hearing or trial, of any person who is apparently an author, creator or recipient of the Confidential Information.

16. If a party intends to reveal Confidential Information of another party during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such Confidential Information shall provide notice and opportunity to object, unless written consent from the designating party is previously obtained.

## No Waiver of Privileges

17. Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity, provided that the designating party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently-produced documents and all copies thereof shall promptly be returned to the designating party upon request. No use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

- 10 -

**Duration of Order, Objections, Modifications**

18.     This Protective Order shall remain in force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties hereto. This Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

19.     Upon final termination of this action, the Centocor Interference Appeal, and the Centocor Declaratory Judgment Action, including all appeals, the receiving party shall, within thirty (30) days of such termination, either return all Confidential Information in its possession to the designating party or destroy all such Confidential Information. In either event, the receiving party shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel and the persons designated in Paragraph 7(k) may retain (i) copies of the pleadings or other papers filed with the Court or served in the course of the litigation, depositions transcripts, deposition exhibits and the trial record; and (ii) one file copy of all documents produced in the course of discovery. Nothing herein shall restrict the ability of the parties or their counsel to retain information or documents not designated as Confidential Information by the producing party.

20.     If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of such disclosure and shall make a good faith effort to retrieve any documents or things so disclosed and to prevent disclosure by each unauthorized person who received such information.

- 11 -

21.     Any receiving party may at any time request that the designating party remove the "Confidential" designation with respect to any document, object or information. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" designation within ten (10) business days, then the party contending that such documents or information are not Confidential may file a motion to remove such information from the restrictions of this Order.

**Miscellaneous**

22.     This Protective Order may be modified only by written agreement of the parties or further order of the Court and is without prejudice to the rights of any party or third party to seek additional or different relief from the Court not specified in this Order.

23.     The designation by counsel for the designating party of any document, material or information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of the U.S. litigations, and such designation shall not be construed in any way as an admission or agreement by any party that such document, material or information constitutes or contains any Confidential Information as a matter of law.

24.     Any court reporter who transcribes testimony in the U.S. litigations at a deposition shall, before transcribing any such testimony, agree in writing, by execution of the form set forth as Exhibit A, that all Confidential testimony is and shall remain confidential and shall not be disclosed except as provided under this Order, and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in

- 12 -

absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to an attorney of record or filed under seal with the Court.

25.     In the event that Confidential Information disclosed during the course of this action, the Centocor Interference Appeal and/or the Centocor Declaratory Judgment Action is sought by any person or entity not a party to this litigation, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify in writing outside counsel for the designating party if such subpoena or service demands the production of Confidential Information of such designating party. Any such person or entity seeking such Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by outside counsel for the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

26.     In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, and in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.

27.     Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Order.

- 13 -

28.     The section titles in this Order are for convenience of organization only,

and are not part of, nor are they relevant to the construction of this Order.

SIGNED this $\frac{12^{th}}{}$ day of May, 2010.

JUDGE F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE

AGREED TO:

DATE: May 6, 2010                    By: /s/ Robert J. Gunther, Jr.
                                         Robert J. Gunther, Jr.
                                         Jane M. Love, Ph.D.
                                         Violetta G. Watson WILMER CUTLER
                                         PICKERING HALE AND DORR LLP
                                         399 Park Avenue
                                         New York, New York 10022
                                         Tel: (212) 230-8800
                                         Fax: (212) 230-8888

                                         William F. Lee (BBO #291960)
                                         WILMER CUTLER PICKERING HALE AND
                                         DORR LLP
                                         60 State Street
                                         Boston, Massachusetts 02109
                                         Tel: (617) 526-6000
                                         Fax: (617) 526-5000

                                         Amy K. Wigmore
                                         WILMER CUTLER PICKERING HALE AND
                                         DORR LLP
                                         1875 Pennsylvania Avenue, NW
                                         Washington, DC 20006
                                         Tel: (202) 663-6000
                                         Fax: (202) 663-6363

                                         William W. Kim, Ph.D.
                                         WILMER CUTLER PICKERING HALE AND
                                         DORR LLP
                                         1117 California Avenue
                                         Palo Alto, California 94304
                                         Tel: (650) 858-6000
                                         Fax: (650) 858-6100

                                         *Attorneys for Plaintiffs,*
                                         *Abbott GmbH and Abbott Bioresearch Center*

- 15 -

DATE: May 6, 2010

By: /s/ Angela Verrecchio
Dianne B. Elderkin
Barbara L. Mullin
Steven D. Maslowski
Angela Verrecchio
Matthew A. Pearson
Ruben Munoz
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Tel: (215) 965-1200
Fax: (215) 965-1210

Heather B. Repicky
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 439-2000
Fax: (617) 310-9000

*Attorneys for Defendants,*
*Centocor Ortho Biotech, Inc.*

- 16 -

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

ABBOTT GMBH & CO., KG, AND )
ABBOTT BIORESEARCH CENTER, INC. )     C.A. No. 4:09-CV-11340 (FDS)
                              )
          Plaintiffs, )
                              )     JURY TRIAL DEMANDED
          v. )
                              )
CENTOCOR ORTHO BIOTECH, INC., )
                              )
          Defendant. )

### DECLARATION OF COMPLIANCE

I, _____ do declare and state as follows:

1. I live at _____. I am employed as _____ (position) by _____ (name and address of employer).

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the district court to enforce the terms of the Protective Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. Further, I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

_____
(Signature)