**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, AND ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD., )<br><br>Plaintiffs, )<br><br>v. )<br><br>CENTOCOR ORTHO BIOTECH, INC. AND CENTOCOR BIOLOGICS, LLC., )<br><br>Defendant. ) | Civil Action No. 4:09-cv-11340-FDS<br><br>**Jury Trial Demanded** |

**REPLY IN SUPPORT OF ABBOTT'S MOTION TO AMEND PROTECTIVE ORDER IN THIS CASE TO PERMIT USE OF CONFIDENTIAL INFORMATION IN RELATED PATENT LITIGATION IN CANADA**

Plaintiffs Abbott GmbH & Co., KG , Abbott Bioresearch Center, Inc. and Abbott Biotechnolgy Ltd. (collectively, "Abbott") hereby submit this Reply in Support of their Motion to Amend Protective Order in This Case to Permit Use of Confidential Information in Related Patent Litigation in Canada, filed June 17, 2010.  In opposing Abbott's motion, Defendants Centocor Ortho Biotech, Inc. and Centocor Biologics, LLC. (collectively, "Centocor") do not contend that procedures for protecting confidential information in Canadian litigation generally, or the specific protections afforded by the protective order currently being negotiated in the Canadian case are in any way inadequate.  Nor does Centocor allege that the sharing of discovery with the related Canadian action will somehow cause it harm.  Instead, Centocor spends most of its opposition arguing about illusory differences between the related corporate entities that are admittedly present in both lawsuits.  It also points to the various ways in which the two lawsuits differ in terms of probative evidence and applicable laws.  None of these supposed differences justify foregoing the efficiencies that will be obtained by permitting the

sharing of confidential information produced in this action with the Canadian action.  *See*

*Pharmachemie v. Pharmacia, Inc.*, No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192 at *6 (D.

Mass. Jan. 30, 1998) ("Pharmacia . . . points only to the obvious detriment of having relevant

patent information produced in this case used in a related foreign patent proceeding. . . .  I do not

find that Pharmacia has shown 'good cause' for restricting the use of 'confidential' information .

. . .").

I.      **The Differing Corporate Identities of the Respective Defendants Does Not
        Constitute Good Cause for Restricting the Protective Order**

        Centocor's focus on the differences between the defendants in the respective litigations

(Opp.Br. at 1-3, 5-7) is inconsequential as a matter of law and fact.  While Centocor and its

Canadian affiliate, Janssen Ortho Inc. ("Janssen-Ortho") are separate corporate entities, Centocor

cannot deny that they are related corporate entities owned by the same parent, Johnson &

Johnson, and that they are distributing the same infringing product, manufactured in the same

facility, using the same technology.  Indeed, Centocor and Janssen-Ortho are even litigating

these lawsuits in tandem, as evidenced by the inclusion of the same two Centocor in-house

attorneys in the respective protective orders in the instant action and the Canadian litigation.[1]

        Despite Centocor's argument to the contrary (*see* Opp. Br. at 5-6), the defendants in two

related litigations need not be the same for the cross-use of discovery in those litigations to be

proper.  Centocor acknowledges as much in its parenthetical explanation of *Johnson Foils, Inc. v.

Huyck Corp.*, a case where the court permitted the cross-use of discovery in foreign proceedings

"between *related* companies of the parties in the instant litigation."  61 F.R.D. 405, 409

(N.D.N.Y. 1973) (emphasis added) (described in Opp. Br. at 6 as "two litigations involving

---

[1] Centocor's point that Abbott Laboratories Ltd. ("Abbott Labs") is a plaintiff in the Canadian litigation but not the instant litigation, such that this Court will not have jurisdiction to enforce its Protective Order  (Opp. Br. at 2) is a distinction without a difference, because Abbott Labs will be subject to the terms of the parallel Canadian protective order and the Canadian court's jurisdiction to enforce the same.

'essentially the same parties'"). Likewise, the Court's focus in *Baker v. Liggett Group, Inc.* and in *Pharmachemie v. Pharmacia, Inc.* was not on the identities of the defendants, but, rather, on the connection between the two cases and the equity of discovery-sharing as a general matter. *See Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 126 (D.Mass. 1990) ("[T]he sharing of information obtained in discovery with litigants in comparable cases is consistent with Fed.R.Civ.P. 1 which provides that the Rules are to 'be construed to secure the just, speedy, and inexpensive determination of every action.'"); *Pharmachemie*, 1998 U.S. Dist. LEXIS 2192 at *5 ("[T]he Federal Rules of Civil Procedure contemplate that information disclosed in a lawsuit may be used in other litigation . . . 'provided there is no attempt to exploit the federal litigation discovery process solely to assist litigation in a foreign forum.'") (quoting *United States v. Hooker, Chems. & Plastics Corp.*, 90 F.R.D. 421 (W.D.N.Y. 1981)).

Centocor's reliance on *Massachusetts v. Mylan Labs., Inc.*, 246 F.R.D. 87, 92 (D. Mass. 2007) (Opp. Br. at 6-7) is also misplaced, since the facts of *Mylan* differ significantly from the situation here.  In *Mylan*, plaintiff, the Commonwealth of Massachusetts, sought to disseminate multiple defendants' confidential information to state and federal government officials, including the attorneys general in all fifty states, for "investigatory purposes" relating to the enforcement of Medicaid and Medicare laws and other statutes.  *Id.* at 89-91.  There was no second, pending litigation, and the plaintiff sought to share this discovery not to advance its own case, "but on behalf of the interests of the absent government entities."  *Id.* at 90.  "[T]he amorphous and wide-ranging disclosure contemplated in [*Mylan*], the purpose of which would be to identify possible claims against possible defendants," *id.* 91, is vastly different from the sharing of discovery contemplated in the two related patent litigations here.[2]

---

[2] Nor is *Foltz v. State Farm Mut. Auto. Ins. Co.* (Opp. Br. at 6) applicable here.  *See* 331 F.3d 1122 (9th Cir. 2003) (favoring allowing collateral intervenor public interest groups to have access to protected information to avoid

II.  **The Potential for Sharing Irrelevant Information Does Not Constitute Good Cause for Restricting the Protective Order**

Centocor's focus on the possibility that documents produced in one litigation might be irrelevant, or not discoverable in, the other (*see* Opp. Br. at 3-5), likewise fails to constitute good cause for restricting the use of discovery.  Indeed, Centocor's argument is exactly the type of argument that was rejected by this Court in *Pharmachemie*, 1998 U.S. Dist. LEXIS 2192 at *4-*6 (D. Mass. Jan. 30, 1998) (rejecting defendant's argument that confidential information produced in U.S. litigation may not be discoverable under foreign patent procedures).

While certain documents produced in the instant litigation will be irrelevant to the Canadian litigation and vice versa, the overwhelming majority of documents produced in each litigation will be scientific, technical documents relevant to common issues in both litigations, such as those pertaining to the development and manufacture of the infringing product.  Only a small fraction of the documents produced in this litigation will pertain to the U.S. marketing and sales information that Centocor points to as irrelevant to the Canadian litigation.  In any case, Centocor has not shown how the sharing of such documents would cause it any harm.

In the same vein, Centocor's contention that Abbott is somehow looking to use the Canadian proceedings and Canadian patent-related discovery to affect the U.S. litigation (Opp. Br. at 4-5) is incorrect and, again, beside the point.  Abbott would have no reason to introduce irrelevant Canadian-specific discovery in this litigation and, contrary to Centocor's assertions, it has not indicated any intent to do so.  Rather, Abbott seeks to share discovery so that it can strategize and communicate effectively among U.S. and Canadian outside counsel and in-house counsel, and avoid having to make and review separate, multiple productions in both litigations.

---

duplication of discovery, but requiring collateral litigant to demonstrate relevance of protected discovery to collateral proceedings).

In any event, Centocor's argument again fails to point out any detriment to Centocor that would result from such cross-use.

Ultimately, Centocor has not shown good cause for restricting the use of confidential discovery to the instant litigation.  Therefore, in line with the goals of the Federal Rules of Civil Procedure and precedent set by this Court, Abbott's motion to amend the protective order should be granted.

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in Abbott's opening brief, Abbott respectfully requests that the Court grant Abbott's motion and enter the Amended Protective Order attached to its opening brief as Exhibit A.


July 7, 2010                                    Respectfully submitted,

                                         /s/ William F. Lee
                                        William F. Lee (BBO #291960)
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        60 State Street
                                        Boston, Massachusetts  02109
                                        Tel: (617) 526-6000
                                        Fax: (617) 526-5000

                                        *Attorney for Abbott GmbH & Co., KG, Abbott
                                        Bioresearch Center, Inc., and Abbott
                                        Biotechnology Ltd.*

OF COUNSEL:

Robert J. Gunther, Jr. (admitted *pro hac vice*)
Jane M. Love (admitted *pro hac vice*)
Violetta G. Watson (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Amy K. Wigmore (admitted *pro hac vice*)
Amy J. Nelson (admitted *pro hac vice*)
Meaghan Davant (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

William W. Kim (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
1117 California Avenue
Palo Alto, California 94304
Tel: (650) 858-6000
Fax: (650) 858-6100

## CERTIFICATE OF SERVICE

I certify that, on July 7, 2010, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Violetta G. Watson