UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABBOTT GMBH & CO., KG, and<br>ABBOTT BIORESEARCH CENTER, INC., | )<br>)<br>) | Civil Action No.<br>09-11340-FDS |
| Plaintiffs, | )<br>) |  |
| v. | )<br>) |  |
| CENTOCOR ORTHO BIOTECH, INC., | )<br>) |  |
| Defendant. | )<br>) |  |

## SUPPLEMENTAL PROTECTIVE ORDER

**SAYLOR, J.**

This Supplemental Protective Order is made pursuant to the motion filed on June 17, 2010, by Abbott GmbH & Co., KG and Abbott Bioresearch Center, Inc. (collectively, "Abbott") to amend this Court's Stipulated Protective Order of May 12, 2010 (the "Stipulated Protective Order").

### Background

In this action, Case No. 4:09-cv-11340, plaintiff Abbott sued defendant Centocor Ortho Biotech, Inc., ("Centocor") for infringement of U.S. Patent No. 6,914,128 and U.S. Patent No. 7,504,485. Centocor, a wholly-owned subsidiary of Johnson & Johnson, countersued, seeking a declaratory judgment of invalidity and/or noninfringement of those patents in an action entitled *Centocor Ortho Biotech, Inc. v. Abbott GmbH & Co., KG*, Case No. 4:10-cv-40004. It has also sued to appeal the ruling of the U.S. Patent & Trademark Office's Board of Patent Appeals and Interferences in favor of Abbott in an action entitled *Centocor Ortho Biotech, Inc. v. Abbott*

*GmbH & Co., KG*, Case No. 4:10-cv-40003.  The various claims and counterclaims will be referred to collectively as the "U.S. Litigation."

A related lawsuit, filed August 8, 2009, is pending in the Federal Court of Canada.  In the Canadian case, entitled *Abbott Laboratories Limited et al. v. Janssen-Ortho Inc.*, Federal File No. T-1310-09 (the "Canadian Litigation"), Abbott GmbH and its affiliate Abbott Laboratories Limited sued Janssen-Ortho Inc., Centocor's Canadian affiliate and the distributor of the allegedly infringing drug, for infringement of Abbott's related Canadian patent, Canadian Letters Patent No. 2,365,281.  Janssen-Ortho Inc., like Centocor, is a wholly-owned subsidiary of Johnson & Johnson.

On May 12, 2010, this Court issued the Stipulated Protective Order to protect confidential information that may be disclosed in discovery or otherwise in this litigation, from unnecessary or inappropriate disclosure.

The Stipulated Protective Order did not address sharing of discovery material with persons and entities connected with the Canadian Litigation.  The Court now finds that it would prevent unnecessary duplication of efforts and wasteful expenditure of resources to allow some disclosure of discovery material to Canadian counsel and parties, subject to certain limitations and safeguards.  While the parties to the U.S. Litigation and the Canadian Litigation are not identical, they are affiliated with each other (either parents/subsidiaries or subsidiaries under a common parent) and share many of the same counsel.  Disclosure of confidential information would not therefore be expanded to a significantly larger group of individuals.

This Supplemental Protective Order does not, of course, address or resolve any issue arising under Canadian law or in the Canadian litigation, including, among other things, whether

the information is relevant, discoverable, or admissible in that litigation.  Such matters are entirely for the Canadian courts to resolve.

Accordingly, it is hereby ORDERED as follows:

### Additional Permitted Disclosure

1. Confidential Information produced in the U.S. Litigation may be disclosed for use in connection with the Canadian Litigation to the persons and entities named in Paragraph 7 of the Stipulated Protective Order, subject to the same protections and conditions set forth in the Stipulated Protective Order and in this Supplemental Protective Order.

2. Confidential Information produced in the U.S. Litigation may also be disclosed for use in connection with the Canadian Litigation to the following persons or entities, who shall be collectively referred to as "Canadian Parties" for these purposes, subject to the same protections and conditions set forth in the Stipulated Protective Order and in this Supplemental Protective Order:

    a. Lenzer Slaght Royce Smith Griffin LLP, as counsel for Centocor/Janssen-Ortho Inc. in the Canadian Litigation;

    b. McCarthy Tretrault LLP, as counsel for Abbott in the Canadian Litigation;

    c. members or employees of any of the foregoing law firms assisting in the Canadian Litigation, as well as any independent litigation support providers retained by such firms to assist in such litigation (e.g., outside copy services, graphic artists and visual aid providers, and jury consultants);

    d. Canadian courts and court personnel and stenographic/videographic

      reporters at depositions taken in the Canadian Litigation; and

  e.  independent consultants or experts and their staff not employed by or affiliated with a party or a party's license or licensor, retained by the parties' attorneys for the purposes of the Canadian Litigation, in accordance with the requirements of Paragraph 7 of the Stipulated Protective Order.

  3.  Canadian counsel and other persons not otherwise subject to the jurisdiction of this Court (other than Canadian judges, court staff, and court personnel) will only be permitted access to Confidential Information upon their agreement in writing to be bound by the provisions of this Order and the Stipulated Protective Order, and to submit to the jurisdiction of this Court for purposes of enforcing, interpreting, or modifying this Order, in substantially the form set forth as Exhibit A hereto.

  4.  Any party may move to prevent disclosure of specific Confidential Information under this Supplemental Protective Order on the grounds that the Confidential Information has no potential relevance to the Canadian Litigation or that such disclosure would not be in the interests of justice.  Any such motion shall be drawn as narrowly as practicable under the circumstances, and shall provide specific grounds as to why disclosure would not be appropriate.

  5.  It is the responsibility of the parties to ensure compliance with Canadian law, including Canadian discovery requirements and other requirements of Canadian civil procedure and practice, and any relevant Canadian court orders.  Any apparent conflict between the requirements of this Supplemental Protective Order and Canadian law or a Canadian court order shall be brought to the attention of this Court as soon as practicable.

6. Any party disclosing Confidential Information to Canadian Parties in connection with this Supplemental Protective Order shall keep a record of such disclosures, and mark each document produced, in such a way as to be able to readily identify whether the document was produced subject to this Supplemental Protective Order.

7. All capitalized terms not defined herein shall have such meaning ascribed to them as defined in the Stipulated Protective Order.

8. Except as noted, nothing in this Supplemental Protective Order shall modify or revoke any protections or rights granted to the parties under the Stipulated Protective Order.

9. This Supplemental Protective Order may be modified only by further order of the Court and is without prejudice to the rights of any party or third party to seek additional or different relief from the Court not specified herein.

**So Ordered.**


Signed this 14th day of July, 2010.          /s/ F. Dennis Saylor
                                             F. Dennis Saylor IV
                                             United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABBOTT GMBH & CO., KG, and<br>ABBOTT BIORESEARCH CENTER, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CENTOCOR ORTHO BIOTECH, INC.<br><br>Defendant. | No. 4:09-cv-11340-FDS |

## DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

1. I live at _____ (address), I am employed as _____ (position) by _____ (name and address of employer).

2. I have read the Stipulated Protective Order and the Supplemental Protective Order (the "Protective Orders") entered in this case, copies of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Protective Orders and I agree and consent to submit to the jurisdiction of the United States District Court for the District of Massachusetts for proceedings related to enforcement, interpretation, or modification of the terms of the Protective Orders, including but not limited to the contempt powers of the District Court to enforce any violations of the Protective Orders.

4. I declare further, as provided by 28 U.S.C. 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this \_\_\_\_ day of \_\_\_\_\_, 2010.

_____
(Signature)