# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CENTOCOR ORTHO BIOTECH, INC. AND CENTOCOR BIOLOGICS, LLC., <br><br> Defendants. | Civil Action No. 4:09-cv-11340-FDS <br><br><br> **Jury Trial Demanded** |

## MOTION OF DEFENDANTS CENTOCOR ORTHO BIOTECH, INC. AND CENTOCOR BIOLOGICS, LLC TO EXTEND THE FACT DISCOVERY DEADLINE

Defendants Centocor Ortho Biotech, Inc. and Centocor Biologics, LLC (collectively, "Centocor") respectfully move this Court for an order extending the fact discovery deadline from October 31, 2010 to April 30, 2011. The grounds in support of this Motion are set forth in Centocor's Memorandum of Law in Support of its Motion to Extend the Fact Discovery Deadline, which is attached hereto and incorporated herein by reference.

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1, Centocor hereby requests opportunity to be heard on its Motion.

Date:  September 3, 2010         By:      /s/ Angela Verrecchio
                                       Dianne B. Elderkin (*pro hac vice*)
                                       delderkin@akingump.com
                                       Barbara L. Mullin (*pro hac vice*)
                                       bmullin@akingump.com
                                       Steven D. Maslowski (*pro hac vice*)
                                       smaslowski@akingump.com
                                       Angela Verrecchio (*pro hac vice*)
                                       averrecchio@akingump.com
                                       Matthew A. Pearson (*pro hac vice*)
                                       mpearson@akingump.com
                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                       Two Commerce Square
                                       2001 Market Street, Suite 4100
                                       Philadelphia, PA 19103-7013
                                       215-965-1200
                                       FAX:  215-965-1210

                                       Domingo LLagostera
                                       dllagostera@akingump.com (*pro hac vice*)
                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                       1111 Louisiana Street, 44th Floor
                                       Houston, TX 77002
                                       713-220-5800
                                       FAX: 713-236-0822

                                       Heather P. Repicky (BBO # 663347)
                                       NUTTER MCLENNEN & FISH LLP
                                       World Trade Center West
                                       155 Seaport Boulevard
                                       Boston, MA 02210
                                       617-439-2000
                                       FAX: 617-310-9000

                                       Attorneys For Defendants
                                       CENTOCOR ORTHO BIOTECH, INC. and
                                       CENTOCOR BIOLOGICS, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| ABBOTT GMBH & CO., KG,<br>ABBOTT BIORESEARCH CENTER, INC.,<br>AND ABBOTT BIOTECHNOLOGY LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br><br>CENTOCOR ORTHO BIOTECH, INC. AND<br>CENTOCOR BIOLOGICS, LLC.,<br><br>    Defendants. | Civil Action No. 4:09-cv-11340-FDS<br><br><br><br><br><br>**Jury Trial Demanded** |

**CENTOCOR'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO EXTEND THE FACT DISCOVERY DEADLINE**

Defendants Centocor Ortho Biotech, Inc. and Centocor Biologics, LLC (collectively, "Centocor") request a six month extension of the fact discovery deadline currently set for October 31, 2010. An extension is needed because of the complexity of this case; because the parties only completed production of the bulk of relevant documents (totaling in the millions of pages) this week; because depositions, including those of the twenty-two inventors on the Abbott patents, have not yet commenced; and because a reasonable extension will not delay ultimate resolution of this case.

This is not a straight-forward case. Abbott has asserted that Centocor's anti-IL12 antibody product infringes *sixty-three* claims in two patents which each name *twenty-two* inventors. Per the Court's order, discovery in this case is consolidated with that for *Centocor Ortho Biotech, Inc. v. Abbott GmBH &Co., KG* (No. 4:10-cv-40003-FDS), an action brought by

Centocor under 35 U.S.C. § 146 seeking review of a decision of the United States Patent and Trademark Office on certain issues relating to one of the patents in suit.

At the February 25 Scheduling Conference, the Court set October 31 as a fact discovery cut-off but noted it "may not be much more than a place holder at this point" (Ex. 1, 2/25/10 transcript at 6). At the July 9 scheduling conference, the Court ordered Abbott to inform Centocor by August 9 whether Abbott was going to be representing any of the non-party inventors named on the asserted patents (Ex. 2, 7/9/10 transcript at 22). On August 9, Abbott advised Centocor that: (a) their current counsel would be representing seven of the non-Abbott employed inventor-witnesses; (b) four of the non-party inventor-witnesses will need to be contacted through legal counsel for their current employers; and (c) Abbott is unable to identify the whereabouts of four other inventor-witnesses, two of whom are identified on the face of the asserted patents as residing outside of the United States (Ex. 3 Oyloe 8/9/10 letter).

For the inventor-witnesses who will be represented by Abbott's current litigation counsel, the parties have met and conferred on deposition scheduling, and a few deposition dates have been offered and accepted, but it is apparent that these depositions cannot be reasonably scheduled by October 31 – not to mention any follow-up depositions that may be needed. In fact, the first deposition is not set to proceed until September 28.

For the non-party inventor-witnesses who will need to be contacted through the legal counsel for their current employers, Centocor has attempted to do so. To date, however, it has not been provided with the availability of any of these witnesses for deposition. Although Centocor can subpoena these witnesses, if necessary, in order to complete these depositions under the current schedule, it is hoping to schedule these depositions on dates convenient and consistent with the current work obligations for these third-party witnesses.

For the remaining four inventor-witnesses of unknown whereabouts, Centocor is endeavoring to locate them and, if they are located, may need to proceed through the Hague Convention to depose them.

Centocor will also, of course, need to depose non-inventor witnesses on various subjects and has also noticed a Rule 30(b)(6) deposition.

Abbott has noticed twenty witness depositions as well as an omnibus Rule 30(b)(6) deposition. Eight of the deponents noticed by Abbott are third parties and not within the direct control of Centocor, although Centocor's counsel is working to coordinate these depositions and their scheduling and will do so, to the extent possible.

The parties have produced millions of pages of documents in just the last two months. Abbott has produced more than 3.5 million pages, 400,000 of them just earlier this week. Centocor has produced 1.2 million pages, nearly 300,000 of them just earlier this week.

Although discovery in this case will, of necessity, be extensive, it can be carried out most efficiently, economically, and fairly if the fact discovery deadline is extended for six months. This will give the parties time to carry out the necessary review of the millions of documents that have been produced and follow-up on any possible document production deficiencies. The extension will allow the parties to take the fact depositions at a reasonable pace and in an order which may allow the number of depositions to be reduced. (For example, certain initial depositions may reveal that others are unnecessary.) The extension will allow Centocor time to locate the missing inventors and work through any necessary international procedures to depose them.

The requested extension will also allow Centocor to fairly take the discovery it needs to defend itself against a charge of infringement of 63 patent claims, Abbott's request for an

injunction, and a yet-undefined damages claim. Centocor's accused product, STELARA®, is an anti-IL12 antibody and has been approved by the FDA, and is currently being sold for, the treatment of moderate to severe psoriasis. Abbott does not have a competing anti-IL12 antibody. Its anti-IL12 antibody candidate, ABT-874, referenced in its Complaint, has not made it to market and Abbott cannot assert a compelling commercial need to rush this case through discovery, denying Centocor the opportunity to fairly develop its defenses.

The requested extension will not delay trial, as no trial date has yet been set. *Markman* briefing will be completed in September, but no *Markman* hearing has been set. It is a given that at least some fact discovery will take place even after the *Markman ruling* because, according to the parties initial scheduling order, Centocor need not elect whether to waive privilege with respect to opinions of counsel until ten days *after* the Court's *Markman* ruling, after which time all relevant and responsive documents relating to the waiver need to be produced (D.I. 53). Also, if Centocor does elect to waive privilege, depositions on this topic need to be scheduled within 35 days *after* the Court's *Markman* order (*id*.).

Abbott and Centocor have not been able to agree on an extension of the discovery cut-off. Centocor originally proposed a two month extension, to December 31, but Abbott would agree to that only if Centocor agreed to a full pre-trial and trial schedule proposal (Ex. 4, Vento 8/25/10 email and attachment). Centocor would not agree to a full pre-trial schedule as deadlines for expert discovery and dispositive motions need to be keyed off of the Court's *Markman* ruling, and the parties cannot dictate that. Moreover, after additional consideration of the millions of pages of documents to be reviewed and scores of depositions to be scheduled, Centocor recognizes that the December 31 deadline it originally proposed is unrealistic.

4

For the foregoing reasons, Centocor requests that the fact discovery deadline be extended to April 30, 2011.

Date:  September 3, 2010

By:      /s/ Angela Verrecchio
Dianne B. Elderkin (*pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (*pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (*pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (*pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (*pro hac vice*)
mpearson@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
215-965-1200
FAX:  215-965-1210

Domingo LLagostera
dllagostera@akingump.com (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
713-220-5800
FAX: 713-236-0822

Heather P. Repicky (BBO # 663347)
NUTTER MCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000

Attorneys For Defendants
CENTOCOR ORTHO BIOTECH, INC. and
CENTOCOR BIOLOGICS, LLC

**CERTIFICATE OF CONFERENCE**

  I certify that I am counsel for Defendants, and that counsel for the parties met and conferred by telephone, in good faith, and have concluded, in good faith, that they are at an impasse regarding Defendants' Motion to Extend the Discovery Schedule. I further certify that counsel have complied with the meet and confer requirements in Local Rule 37.1. Defendants oppose this Motion.
  On September 2, 2010, counsel for Defendants, Angela Verrecchio and Matthew Pearson, met and conferred via telephone, with counsel for Plaintiffs, Maria Vento and Jacob Oyloe.  The parties could not reach agreement.
  Discussions between the parties have conclusively ended in an impasse, thereby leaving the issue for the Court to resolve.

                 / s/ Angela Verrecchio
                 Angela Verrecchio


**CERTIFICATE OF SERVICE**

  I certify that, on September 3, 2010, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                 /s/ Angela Verrecchio
                 Angela Verrecchio