```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


 Abbott GmbH & Co., KG,           )
 Abbott Bioresearch Center,       )
 Inc., Abbott Biotechnology       )
 Ltd.,                            )
           Plaintiff,             )
                                  )
 vs.                              )   Case No. 09cv11340-FDS
                                  )
 Centocor Ortho Biotech, Inc.,    )
 Centocor Biologics, LLC,         )
           Defendant.             )
 - - - - - - - - - - - - - - - - -
                                  )
 Centocor Ortho Biotech, Inc.,    )
 Centocor Biologics, LLC,         )
           Counter Claimant,      )
                                  )
 vs.                              )
                                  )
 Abbott Bioresearch Center,       )
 Inc., Abbott Biotechnology,      )
 Ltd., Abbott GmbH & Co., KG,     )
           Counter Defendant.)


 BEFORE:   The Honorable F. Dennis Saylor, IV


                Telephonic conference



                          United States District Court
                          Courtroom No. 2
                          595 Main Street
                          Worcester, Massachusetts
                          February 25, 2010


             Marianne Kusa-Ryll, RDR, CRR
                Official Court Reporter
             United States District Court
            595 Main Street, Room 514A
              Worcester, MA 01608-2093
           508-929-3399 justicehill@aol.com
         Mechanical Steno - Transcript by Computer
```

```
 1   APPEARANCES:

 2   Wilmer, Cutler, Pickering, Hale and Dorr, LLP
     Robert J. Gunther, Jr., Esquire
 3   399 Park Avenue
     New York, NY 10022
 4   For Abbott GmbH & Co., KG, Abbott Bioresearch Center,
     Inc., Abbott Biotechnology Ltd.
 5
     Wilmer, Cutler, Pickering, Hale and Dorr, LLP
 6   William F. Lee, Esquire
     60 State Street
 7   Boston, Massachusetts 02109
     For Abbott GmbH & Co., KG, Abbott Bioresearch Center,
 8   Inc., Abbott Biotechnology Ltd.

 9   Sughrue Mion, PLLC
     John T. Callahan, Esquire
10   2100 Pennsylvania Avenue, N.W.
     Washington, D.C. 20037
11   For Abbott GmbH & Co., KG, Abbott Bioresearch Center,
     Inc., Abbott Biotechnology Ltd.
12
     Akin, Gump, Strauss, Hauer & Feld, LLP
13   Dianne B. Elderkin, Esquire
     Steven D. Maslowski, Esquire
14   Two Commerce Squire, Suite 4100
     2001 Market Street
15   Philadelphia, Pennsylvania 19103-7013
     For Centocor Ortho Biotech, Inc.
16
     Also Present:
17
     Johnson & Johnson
18   Michael Timmons, Senior Legal Counsel
     One Johnson & Johnson Plaza
19   WHQ-4122
     New Brunswick, NJ 08933
20

21

22

23

24

25
```

```
 1
                    P R O C E E D I N G S
 2
 3           THE CLERK:  Case No. 09-11340, Abbott versus
 4   Centocor.
 5           Counsel, please note your appearance for the
 6   record.
 7           MR. LEE:  Your Honor, it's Bill Lee and Bob
 8   Gunther from Wilmer Hale for Abbott, for both Abbotts.
 9           THE COURT:  Good afternoon.
10           MS. ELDERKIN:  Your Honor, Dianne Elderkin
11   and Steve Maslowski from Akin Gump for Centocor Ortho
12   Biotech.
13           THE COURT:  All right.  Good afternoon.
14           MS. ELDERKIN:  Good afternoon.
15           MR. TIMMONS:  And Mike -- Oh, sorry.  And
16   Michael Timmons from Johnson & Johnson's legal
17   department for this conference.
18           THE COURT:  All right.  Good afternoon.
19           MR. CALLAHAN:  Also John Callahan from
20   Sughrue Mion for Abbott.
21           THE COURT:  Good afternoon.
22           All right.  This is a scheduling conference
23   in this case.  All counsel are appearing by telephone.
24           Can everyone hear me?  We have -- we have a
25   new sound system, and I want to make sure that there's
```

```
 1  no problem.
 2              MS. ELDERKIN:  It's fine, your Honor.
 3              MR. LEE:  It's fine for Abbott, your Honor.
 4              THE COURT:  All right.  I have a joint
 5  statement from the parties that contains a basic
 6  difference in approach.
 7              Abbott proposes that the infringement claims
 8  should proceed first; and Centocor proposes that the
 9  Section 146 proceeding should go first.  I've reviewed
10  the statement and considered it carefully, and it's
11  frankly something of a difficult issue to decide in the
12  abstract, and I don't have a high degree of confidence
13  that either approach is either more or less fair or
14  efficient.  But on the limited record before me, I'm
15  persuaded, at least for the time being, that Abbott's
16  approach is more sensible under the circumstances and
17  likely to be more fair.  So, I am going to issue a
18  preliminary scheduling order that adopts that approach.
19  I reserve the right to revisit the issue and change my
20  mind, as appropriate.  But at least we will start out
21  this way and see how things go.
22              What I'm going to do is issue a preliminary
23  scheduling order that essentially tracks Abbott's
24  proposed schedule as to preliminary disclosures, that
25  is, Part A of their proposal, and amendments of the
```

1  pleadings, Part B of their proposal.  That would require
2  that the Rule 26(a) initial disclosures be made by
3  March 11th; a preliminary disclosure -- infringement
4  disclosure by March 25th; and preliminary invalidity and
5  noninfringement disclosures by May 24th.
6      In terms of the claim construction
7  proceedings, essentially Abbott proposes a timetable
8  that begins in July, and Centocor in September; and in
9  the finest tradition of the bench, I'm going to cut the
10 baby in half and have a timetable that essentially
11 begins in August.
12     So let me go over those dates, and let me
13 ask -- Mr. Castles, I don't have a 2010 calendar in
14 front of me.  Can you hand it up.  Thank you.
15     All right.  I'm going to order that the
16 parties simultaneously exchange a list of claim terms to
17 be construed and proposed constructions by August the
18 20th; simultaneous of -- simultaneous exchange and
19 filing of claim construction briefs by September
20 the 10th; reply briefs by September the 24th; lists of
21 disputed terms for the Court to construe by October
22 the 8th.
23     I will not set the date for the Markman
24 hearing yet, but I obviously anticipate that it will be
25 in approximately November or thereabouts.  What I'm

```
 1  going to do, jumping ahead of myself, is schedule some
 2  interim status conferences, and we can talk about the
 3  schedule as we go forward.
 4            I'm also going to set a fact discovery
 5  cutoff that may be not much more than a place holder at
 6  this point.  I want to see how -- how all of this
 7  develops, but I'm going to set it for October the 31st.
 8            I will issue a written scheduling order with
 9  those dates and tracking the language as proposed, and I
10  intend to have, as I indicated, periodic status
11  conferences; and at each one of those conferences or
12  prior thereto, the parties can raise with me the
13  question of whether or not the schedule remains sensible
14  under the circumstances and whether we ought to either
15  tighten it or extend it, as the case may be.
16            Let me stop there.  Any questions?
17            Again, this will be a preliminary scheduling
18  order.  It will be embodied in a written order, which
19  will be an order of the Court, that is, the dates are
20  mandatory unless modified by the Court, and you'll have
21  to ask in advance of the relevant deadline for an
22  extension.
23            MR. LEE:  For Abbott --
24            THE COURT:  And could you please identify
25  yourself when you speak to make sure everyone knows who
```

```
 1   you are.
 2               MR. LEE:  For Abbott, your Honor, Bill Lee.
 3   No questions for Abbott.
 4               THE COURT:  Okay.
 5               MS. ELDERKIN:  Your Honor, this is Dianne
 6   Elderkin for Centocor.
 7               I do have a question, and maybe I'm jumping
 8   the gun, and maybe this is where you're going.  Abbott's
 9   proposal in its supplemental paper that it submitted
10   actually was that the order in which things are tried be
11   sorted out at a later date.
12               And is that where your Honor is going as
13   well?
14               THE COURT:  Yes, I'm making no final
15   decision.  In other words, what I think makes sense is
16   to treat this in more or less a standard way in which we
17   proceed down the path as if it's like a typical
18   infringement case.  I don't have a very good grip on the
19   facts.  Every case is unique, and it could well be that
20   I become convinced as we go along that it doesn't make
21   sense to proceed in this order, but for the time being,
22   this is at least -- and presumptively, to state it more
23   accurately, this is what we're going to do.  We're going
24   to have fact discovery on -- on these claims, and we're
25   going to have a claim construction process and a Markman
```

1  hearing, unless somebody convinces me otherwise; and the
2  presumption at this stage is that we will have the jury
3  trial first, but I'm open to reconsidering that.
4             Let me propose the following: I think in
5  cases of any complexity, it's useful to have periodic
6  status conferences, even if there isn't that much to
7  talk about.  I am in Boston on the first Tuesday of
8  every month for a judges' meeting, and what I would
9  propose is that we have a status conference on -- to set
10 a couple up on one of those Tuesdays, because it's
11 easier -- because either counsel is from Boston or it's
12 easier to get to than Worcester; and if we don't have
13 much to discuss, it will be quick and easy, and we can
14 try to accommodate people from out of town, particularly
15 those who simply want to listen and be apprised of where
16 we are.
17            So I think what I would like to do is to put
18 the first one about 60 days out or so, say -- I think
19 it's May 4th is the first Tuesday, and to put in the
20 calendar the first Tuesday in July, although it may be
21 desirable to meet every 30 days.
22            Does anyone have a problem with that?
23            MR. LEE:  This is Bill Lee, your Honor, for
24 Abbott.  No problem.
25            MS. ELDERKIN:  And -- and Dianne Elderkin

1  for Centocor, no problem.
2              THE COURT: All right. Sometimes my trial
3  schedule makes this impossible. I do have trials
4  scheduled for some of these dates. Sometimes, you know,
5  they go away; and as the date approaches, we'll have to
6  see whether or not that works, but at least tentatively,
7  let's say May the 4th and July the 6th at ten o'clock in
8  the morning. And I do have a criminal trial scheduled
9  for Monday, May the 3rd; and if it remains on the
10 calendar and it goes, we'll have to adjust that date.
11             All right. Let me talk also about discovery
12 limitations. I think the parties have proposed -- is it
13 250 hours?
14             MS. ELDERKIN: This is Dianne Elderkin for
15 Centocor.
16             Centocor has proposed 250 hours. We
17 have -- this is an unusual patent with 22 addendums. I
18 believe Abbott's proposal is for 150 hours.
19             THE COURT: Yes, I'm sorry. That's -- that's
20 why I was confused. Here's my view on this. In my
21 experience, interrogatories and requests for admissions
22 accomplish very little in the discovery process, and
23 that cases tend to proceed more intelligently with the
24 exchange of documents and depositions. It's hard to put
25 a one-size-fits-all rule of any kind in advance in a

```
 1  case of any complexity.  Some witnesses may need to be
 2  deposed for days; others, perhaps not at all, and there
 3  is a natural tendency, particularly at the beginning of
 4  the case, for people who have extreme concepts of how
 5  many depositions they, in fact, need.
 6            What I'm going to do is this.  I'm -- just
 7  to have something, again, as a presumption, I'm going to
 8  suggest -- no, I will dictate that the parties can at
 9  least start with 200 hours of depositions.  It may well
10  be necessary to extend that.  Part of it will depend
11  inevitably on my confidence in the parties, that is,
12  whether or not a particular witness's testimony is
13  relevant, whether or not people are wasting time,
14  interposing depositions for some real purpose, or -- or
15  simply to harass.
16            My preference is that if a witness needs to
17  be deposed and has a lot to say, to have the deposition
18  taken and just simply get it done.  But I'm also
19  conscious that it's something that can readily be
20  abused.
21            So I will start there.  I may lengthen it; I
22  may shorten it; I may do something else, and that's
23  another topic that we can talk about.
24            Again, the normal pattern, and I'm not
25  picking on you, any of you, is just that the normal
```

1  pattern is that each side thinks that they need 75
2  depositions at the beginning of the case; and when it's
3  all said and done, the number tends to be much, much
4  shorter than that.
5           In terms of requests for production of
6  documents, again, it's just a completely abstract
7  proposition at this point.  If the documents are
8  relevant, they ought to be exchanged.  The question
9  normally is what is relevant, as opposed to how many
10 requests there are.  I will permit as many requests as
11 may be necessary, and we'll start with permitting 100
12 per side.
13          But that's again not an invitation to
14 request things that are not relevant.  It's simply to
15 try to give you all the flexibility you need to make
16 sure you get what you're entitled to.
17          It's my normal practice, of course, like
18 most federal judges, to delegate or refer discovery
19 matters to the magistrate judge.  I may do that here.  I
20 may not.  I may keep some matters.  I often find in
21 large cases it's easier for me to manage things if I'm
22 also managing some of the discovery disputes, but we'll
23 leave that for the time being.
24          All right.  Any questions about anything so
25 far?

1              Mr. Lee?
2              MR. LEE:  Not for Abbott, your Honor.  And I
3    would say we have actually litigated before, these
4    parties two or three times before against each other,
5    and I think we're both pretty good at working things out
6    between us so that there's not going to be too much
7    refereeing, I hope.
8              MS. ELDERKIN:  This is Dianne Elderkin.
9              I agree with Mr. Lee, and I trust we will
10   continue that practice.
11             THE COURT:  All right.  I appreciate that,
12   and I also understand that sometimes disputes arise,
13   legitimate disputes, and either I'll do my best to
14   referee them or see that they get refereed.  And again,
15   for what it's worth, my view is that the discovery is
16   relevant, it ought to be taken, and the trick, of
17   course, is what's relevant.
18             All right.  I also want to raise with the
19   parties I have on my docket a whole constellation of
20   cases that may or may not be related to this one.  I'm
21   not sure.  This scheduling conference is only in the
22   11340 case.
23             What are these other cases?  We have ones
24   transferred from the District of Columbia.  Ought they
25   be consolidated with this in whole or in part?  What are

1  we going to do with those?

2              Mr. Lee, what's Abbott's view?

3              MR. LEE:  Yes, your Honor, I think they

4  should be consolidated at least for the purposes of

5  discovery, particularly given the schedule that your

6  Honor has set.  I think you read our supplemental filing

7  correctly.  I think there are some relatively

8  complicated and necessary issues of what gets tried and

9  when, but I would think that they could be consolidated

10  for discovery purposes so that a witness is deposed, if

11  relevant, is deposed in both cases; and then when the

12  time to determine what gets tried is made by your Honor,

13  we can deal with it then.

14              THE COURT:  Ms. Elderkin.

15              MS. ELDERKIN:  Your Honor, I think we're in

16  agreement on that.  There are two case that were

17  transferred out from the District Court and the District

18  of Columbia.  One was a DJ action filed by Centocor,

19  which is really a mirror of this action, and I think

20  they probably should be consolidated for all purposes.

21  That was the -- the 40004 case.

22              And then the other one was the Section 146

23  action.  That's the 40003 action, and we agree that for

24  purposes of discovery that should be consolidated so

25  that we're not deposing 22 inventors multiple times.

```
 1              THE COURT:  Okay.  I certainly agree with
 2   the sentiment that depositions, particularly of third
 3   parties, ought to be taken only once.
 4              What is the 09-40089 case?  Is that related
 5   or not?  It's -- the caption is Abbott v. Centocor.  Is
 6   that a different product?  I just have a printout here.
 7   I don't have the complaint in front of me.  It was filed
 8   in May '09.
 9              MS. ELDERKIN:  That is a different product,
10   your Honor.
11              THE COURT:  Okay.  So it's just the three
12   cases then, the two that are transferred from DC and
13   this one?
14              MS. ELDERKIN:  Yes.
15              MR. LEE:  That is correct.
16              THE COURT:  All right.  Is there any
17   objection to me consolidating the 004 case, the
18   declaratory judgment case, that was transferred from the
19   District of Columbia for all purposes with this case?
20              MR. LEE:  No, your Honor, no objection from
21   Abbott.
22              THE COURT:  All right.  I will so direct.
23              And is there any objection to consolidating
24   for purposes of fact discovery, and we will put on hold
25   whether it should be consolidated for other purposes,
```

```
 1  the 003 case transferred from the District of Columbia?
 2              Mr. Lee?
 3              MR. LEE:  No objection from Abbott, your
 4  Honor.
 5              THE COURT:  All right.  That will be
 6  consolidated for purpose of fact discovery, and we will
 7  also hold our periodic status conferences simultaneously
 8  in those -- I guess it's two cases now.  And in terms of
 9  the -- the -- the 04 case that's been completely
10  consolidated, all pleadings should be filed in the 11340
11  case, which is the older number.
12              Anything else on consolidation, Mr. Lee?
13              MR. LEE:  Not for Abbott, your Honor.
14              THE COURT:  Ms. Elderkin?
15              MS. ELDERKIN:  No, your Honor.
16              THE COURT:  All right. Let me -- I think I
17  know the answer, but it's my standard practice in
18  scheduling conferences to raise the issue, so I'm going
19  to raise it.
20              Are the parties interested in -- in any kind
21  of court-ordered mediation, or is it very premature at
22  best?  Mr. Lee?
23              MR. LEE:  I -- your Honor, this is one of
24  several cases, and I think that these two parties
25  actually are pretty good at talking to each other
```

```
 1  directly; and, in fact, they do and do so regularly.
 2  This is one of those circumstances, and I think
 3  Ms. Elderkin would agree that actually it would make it
 4  easier for the two of us.  They talk directly, and we
 5  don't have to encourage them to do so.  They -- they
 6  tend to do it at the right time and on an ongoing
 7  basis.
 8            THE COURT:  All right.  Here's what I will
 9  do in that regard.  The case is simply going to remain
10  on a litigation track unless somebody tells me that it
11  ought not to be on that track.  You can request a
12  conference on that or any other topic at any time by
13  contacting Mr. Castles, but I'm simply going to leave
14  this train hurdling down the tracks, so to speak, and
15  I'll leave it up to you if you want the Court to be
16  involved in any way in any kind of mediation or
17  settlement proceedings.
18            While I'm on that topic, I do encourage you
19  to seek a conference with the Court for case management
20  purposes, if you think it would serve a useful purpose.
21  I do generally permit counsel to appear by telephone, as
22  long as it's not too cumbersome or complicated for the
23  court or the court reporter.  You can contact
24  Mr. Castles and request permission.  As I'm sure I don't
25  need to tell you, sometimes a ten-minute court
```

```
 1  conference can save an awful lot of wrangling and
 2  difficulty, but I'll leave it to you to see if you want
 3  to -- to request such a conference other than
 4  our -- what I hope will be regularly scheduled
 5  conferences.
 6              All right.  That's my agenda, I think.
 7              Is there anything else anyone wants to raise
 8  at this time?
 9              Mr. Lee?
10              MR. LEE:  Nothing for Abbott, your Honor.
11              THE COURT:  Ms. Elderkin?
12              MS. ELDERKIN:  Ah, no, your Honor.  Thank
13  you for letting us avoid travel today and do this by
14  phone.
15              THE COURT:  All right.  All right.  If there
16  is nothing further then a written scheduling order
17  will -- a preliminary scheduling order will issue, and I
18  will talk to you in May.
19              MR. LEE:  Thank you, your Honor.
20              MS. ELDERKIN:  Thank you, your Honor.
21              THE COURT:  Thank you.
22              MR. LEE:  Bye-bye.
23              (At 3:41 p.m., Court was adjourned.)
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3         I, Marianne Kusa-Ryll, RDR, CRR, do hereby
 4   certify that the foregoing transcript, consisting of 17
 5   pages inclusive, is a true and accurate transcription of
 6   my stenographic notes in Case No. 09cv40089, Abbott
 7   Biotechnology Ltd. Vs. Centocor Ortho Biotech, Inc.,
 8   before F. Dennis Saylor, IV, on February 25, 2010, to
 9   the best of my skill, knowledge, and ability.
10
11
12     /s/ Marianne Kusa-Ryll                 08/30/2010
13     Marianne Kusa-Ryll, RDR, CRR              Date
14     Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
```