**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, <br> ABBOTT BIORESEARCH CENTER, INC. <br> AND ABBOTT BIOTECHNOLOGY LTD., <br><br>      Plaintiffs, <br><br>       v. <br><br> CENTOCOR ORTHO BIOTECH, INC. AND <br> CENTOCOR BIOLOGICS, LLC., <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 4:09-cv-11340-FDS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ABBOTT'S RESPONSE TO CENTOCOR'S MOTION TO EXTEND THE FACT DISCOVERY DEADLINE

Defendants Centocor Ortho Biotech, Inc.'s and Centocor Biologics, LLC's

("Centocor") motion to extend the fact discovery schedule by six months is a thinly-

veiled attempt to delay resolution of the patent infringement claims of Plaintiffs Abbott

GmbH & Co., KG ("Abbott GmbH"), Abbott Bioresearch Center, Inc. ("ABC") and

Abbott Biotechnology Ltd. ("ABL") (collectively, "Abbott"), which have now been

pending for over a year.[1]  Indeed, as set forth below, Centocor's previous statements to

this Court and its actions in discovery thus far make clear that nothing has transpired

since the Court entered the scheduling order that necessitates such a far-reaching

extension.  In discussions with Abbott's counsel prior to the filing of this motion,

Centocor requested an extension of the fact discovery deadline by two, not six, months.

---

[1]  Just over a year ago, Abbott filed the instant litigation, asserting that Centocor's anti-
IL-12 biologic, Stelara™, infringes two of Abbott's patents.  After Centocor
unsuccessfully attempted to transfer the case to the District Court for the District of
Columbia, the parties filed their Joint Rule 16.1 Statement and, on February 25, 2010, the
Court held the initial scheduling conference, in which it set a close of fact discovery
deadline of October 31, 2010.

It was only on the eve of filing its motion that Centocor apparently first thought a six-month extension was necessary.  Abbott respectfully requests that the Court deny Centocor's requested extension and, instead, enter the proposed schedule set forth below, which provides for a two-month extension of fact discovery while still ensuring prompt resolution of Abbott's infringement claims by setting deadlines for events after the conclusion of fact discovery.

None of Centocor's arguments justifies the six-month fact discovery extension it now seeks.  First, Centocor argues that a six-month extension is required because this is a complex case involving "*sixty-three* claims in two patents which each name *twenty-two* inventors" and because the infringement case is consolidated with Centocor's case under 35 U.S.C. § 146.  (*See* Centocor's Br. at 1.)  But this is hardly new information.  Centocor has known the number of inventors since this case was filed over a year ago, and it has known the number of asserted claims since Abbott served its Preliminary Infringement Contentions more than five months ago – on March 25, 2010.

In its portion of the February 18, 2010 Rule 16.1 Statement, Centocor made similar arguments regarding the complexity of the case, discussing the co-pending § 146 Action and acknowledging that "there are 22 inventors listed on the face of these patents, who were associated with at least three different corporate entities" and that "several inventors apparently reside outside the United States, and Abbott has recently indicated that it is not aware of the current location of some of them."  (*See* Ex. A [L.R. 16.1 Joint Statement, Dkt. No. 40] at 9.)  Yet, when making these arguments in February, Centocor sought a close of fact discovery of February 25, 2011 – two months earlier than the extension it now seeks – noting that that proposal "account[ed] for the need to track down

those inventors and potentially proceed with discovery under the Hague Convention." (*See id*.)  Additionally, while Abbott informed Centocor of the status of its representation of the former employee and non-party inventors over one month ago, Centocor only recently contacted counsel for the non-party inventors who are represented by their companies' current counsel.  Thus, it is not surprising that Centocor has not yet "been provided with the availability of  … [those] witnesses for deposition."  (*See* Centocor Br. at 2.)

Equally unavailing is Centocor's argument that a six-month extension is necessary "because depositions . . . have not commenced."  (*See* Centocor Br. at 1.) Centocor did not serve a notice of deposition for any witness until August 5, 2010, and it just served its 30(b)(6) deposition notice on September 3 – the same day it filed its motion.  Having delayed both serving deposition notices and contacting counsel for non-party witnesses until only recently, it is not surprising that Centocor has not yet taken a deposition.

Centocor's third argument – that the parties' respective  document productions provide support for the six-month extension – should similarly be rejected.  The parties agreed to make a good faith effort to produce the bulk of their documents by the end of June.  Abbott abided by that agreement, producing approximately two-thirds of its documents by July 2, 2010, and producing approximately ninety percent of its documents by July 16, 2010.[2]  (*See* Exs. B-C [Abbott July 2, 2010 and July 16, 2010 correspondence enclosing productions].)  By contrast, Centocor has produced approximately half of its documents since the beginning of August and approximately a third of them, over

---

[2]     As Abbott informed Centocor, the vast majority of the documents Abbott recently produced since mid-July are recent marketing documents.

300,000 pages, in just the past week.  (*See* Centocor Br. at 3.)  Centocor's failure to timely produce its own documents cannot justify the six month extension it seeks.

Finally, Centocor's suggestion that its request for a six-month extension should be granted because "Abbott cannot assert a compelling commercial need to rush this case through discovery" and "[t]he requested extension will not delay trial" is also without merit.  (*See* Centocor Br. at 4.)  While the court has not yet set a trial date, it is hard to imagine that a six-month delay in discovery will not result in a delayed trial.  Abbott has an immediate and compelling interest in protecting its intellectual property rights, particularly since Centocor is currently marketing a product that competes with an anti-TNF biologic product that Abbott is currently marketing and will compete with an anti-IL-12 biologic for which regulatory approval is pending.  In short, there is a compelling need to resolve this case without additional unnecessary delay.

Accordingly, Abbott requests that the Court reject Centocor's motion to extend fact discovery by six months.  Instead, recognizing the current status of fact discovery and the timing of the *Markman* hearing, which will likely occur in either October or November, Abbott submits that a two month extension of the close of fact discovery coupled with a case schedule setting deadlines post-fact discovery would benefit the parties without materially delaying resolution of Abbott's claims.  In particular, Abbott requests that the Court enter the proposed schedule set forth below to reasonably resolve this case within 24 months of filing.

| EVENT: | PROPOSED DATE: |
|---|---|
| Close of Fact Discovery | December 31, 2010 |
| Exchange Expert Reports (for topics upon which the parties have the burden of proof) | February 4, 2011 |

| | |
|---|---|
| Exchange Rebuttal Expert Reports | March 7, 2011 |
| Expert Discovery Cut-Off | April 1, 2011 |
| File Any Dispositive Motions (Including *Daubert* Motions) | April 15, 2011 |
| Oppositions to Dispositive Motions (Including *Daubert* Motions) | April 29, 2011 |
| Exchange Witness Lists and Exhibit Lists | April 29, 2011 |
| Exchange Affirmative Deposition Designations | April 29, 2011 |
| Exchange Proposed Jury Instructions and Form of Verdict | May 20, 2011 |
| Exchange Objections to Witness Lists and Exhibits Lists | May 20, 2011 |
| File Motions in *Limine* | May 20, 2011 |
| Exchange Rebuttal Deposition Designations and Objections to Affirmative Deposition Designations | May 20, 2011 |
| Exchange Objections to Rebuttal Deposition Designations, including Completeness Objections | May 27, 2009 |
| File Oppositions to Motions *in Limine* | June 3, 2011 |
| File Joint Pretrial Memorandum<br><br>File Joint Proposed Jury Instructions and Form of Verdict | Meet and Confer 15 days before pretrial conference<br><br>Filed 5 business days before pretrial conference |
| Trial Brief | 5 days before trial |
| Final Pre-Trial Conference;<br><br>Hearing on Motions in Limine; | June/July 2011 |
| **Trial** | **June/July 2011** |

DATE: September 8, 2010

By: /s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.
Jane M. Love, Ph.D.
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York  10022
Tel:  (212) 230-8800
Fax:  (212) 230-8888

William F. Lee (BBO #291960)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

Amy K. Wigmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Tel:  (202) 663-6000
Fax:  (202) 663-6363

William W. Kim, Ph.D.
WILMER CUTLER PICKERING
HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100

*Attorneys for Plaintiffs and Counterclaim-
Defendants Abbott GMBH, ABC and ABL*

## CERTIFICATE OF SERVICE

I certify that, on September 8, 2010, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Robert J. Gunther, Jr.

- 6 -