# EXHIBIT 8

# Code of Federal Regulations

## 37
Revised as of July 1, 2008

## Patents, Trademarks, and Copyrights

Containing a codification of documents of general applicability and future effect

As of July 1, 2008

*With Ancillaries*

Published by
Office of the Federal Register
National Archives and Records
Administration

A Special Edition of the Federal Register

the specification of the application or patent in which it appears.

(c) Patent interferences shall be administered such that pendency before the Board is normally no more than two years.

### § 41.201  Definitions.

In addition to the definitions in §§ 41.2 and 41.100, the following definitions apply to proceedings under this subpart:

*Accord benefit* means Board recognition that a patent application provides a proper constructive reduction to practice under 35 U.S.C. 102(g)(1).

*Constructive reduction to practice* means a described and enabled anticipation under 35 U.S.C. 102(g)(1) in a patent application of the subject matter of a count. *Earliest constructive reduction to practice* means the first constructive reduction to practice that has been continuously disclosed through a chain of patent applications including in the involved application or patent. For the chain to be continuous, each subsequent application must have been co-pending under 35 U.S.C. 120 or 121 or timely filed under 35 U.S.C. 119 or 365(a).

*Count* means the Board's description of the interfering subject matter that sets the scope of admissible proofs on priority. Where there is more than one count, each count must describe a patentably distinct invention.

*Involved claim* means, for the purposes of 35 U.S.C. 135(a), a claim that has been designated as corresponding to the count.

*Senior party* means the party entitled to the presumption under § 41.207(a)(1) that it is the prior inventor. Any other party is a *junior party*.

*Threshold issue* means an issue that, if resolved in favor of the movant, would deprive the opponent of standing in the interference. Threshold issues may include:

(1) No interference-in-fact, and

(2) In the case of an involved application claim first made after the publication of the movant's application or issuance of the movant's patent:

(i) Repose under 35 U.S.C. 135(b) in view of the movant's patent or published application, or

(ii) Unpatentability for lack of written description under 35 U.S.C. 112(1) of an involved application claim where the applicant suggested, or could have suggested, an interference under § 41.202(a).

### § 41.202  Suggesting an interference.

(a) *Applicant.* An applicant, including a reissue applicant, may suggest an interference with another application or a patent. The suggestion must:

(1) Provide sufficient information to identify the application or patent with which the applicant seeks an interference,

(2) Identify all claims the applicant believes interfere, propose one or more counts, and show how the claims correspond to one or more counts,

(3) For each count, provide a claim chart comparing at least one claim of each party corresponding to the count and show why the claims interfere within the meaning of § 41.203(a),

(4) Explain in detail why the applicant will prevail on priority,

(5) If a claim has been added or amended to provoke an interference, provide a claim chart showing the written description for each claim in the applicant's specification, and

(6) For each constructive reduction to practice for which the applicant wishes to be accorded benefit, provide a chart showing where the disclosure provides a constructive reduction to practice within the scope of the interfering subject matter.

(b) *Patentee.* A patentee cannot suggest an interference under this section but may, to the extent permitted under § 1.99 and § 1.291 of this title, alert the examiner of an application claiming interfering subject matter to the possibility of an interference.

(c) *Examiner.* An examiner may require an applicant to add a claim to provoke an interference. Failure to satisfy the requirement within a period (not less than one month) the examiner sets will operate as a concession of priority for the subject matter of the claim. If the interference would be with a patent, the applicant must also comply with paragraphs (a)(2) through (a)(6) of this section. The claim the examiner proposes to have added must,

apart from the under 35 U.S.C. 1(

(1) Be patenta and

(2) Be drawn matter claimed b patentee.

(d) *Requirement 35 U.S.C. 102(g).* has an earliest c to practice that parent earliest c to practice for application clai: ject matter, the why it would pre

(2) If an applic ority under para tion, an admini may neverthele ference to place order to show should not be e) plicant on prio1 support of priori except on a show Board may auth tions to redefine matter or to c corded to the pa1

(e) *Sufficiency* ing of priority u: sufficient unl unrebutted, supr priority in favo1 the showing.

(2) When tes1 necessary to sho able without § 41.150(c) or § shall include:

(i) Any necess quest for admis duction, or depo:

(ii) A detailed sponse to the in would be expect nation of the re to the question c

### § 41.203  Declare

(a) *Interfering* ference exists if claim of one pa have anticipate the subject mat posing party an(

(b) *Notice of d* trative patent j