# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD., </br></br>  Plaintiffs, </br></br> v. </br></br> CENTOCOR ORTHO BIOTECH, INC. AND CENTOCOR BIOLOGICS, LLC., </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> C.A. No. 4:09-CV-11340 (FDS) </br></br> JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
CLAIM CONSTRUCTION BRIEF**

Centocor submits these comments in response to the Declaration of patent attorney Bruce Stoner, submitted to the Court by Abbott for the first time with its post-Markman hearing, supplemental brief of November 19.

Mr. Stoner's declaration underscores why Centocor's proposed construction of "additional agent" – as excluding pharmaceutical carriers – is correct.

1. Mr. Stoner acknowledges that the Patent Office determined that claims of Abbott's 128 patent and claims of Centocor's 994 application interfered. (Stoner Decl. at 6).[1] This means that the 128 patent and 994 application claims were directed to the same invention, i.e., were not separately patentable.

2. Mr. Stoner acknowledges that the Patent Office determined that the original claims in the application later issuing as the 485 patent ("485 application") were not separately patentable from the claims in the 128 Patent (Stoner Decl. at 12). In making a double patenting rejection, the Patent Office said, "Although the conflicting claims [the pending claims in the 485 application and the 128 patent claims] are not identical, they are not patentably distinct from each other … ." (Gunther Decl. Ex. 3 at 12).

3. As Mr. Stoner acknowledges, Abbott did not, in response to the double patenting rejection, amend the claims in the 485 application to try to distinguish them from the claims of the 128 patent. Instead, it filed a Terminal Disclaimer in April 2008. (Stoner Decl. at 14; Gunther Decl. Ex. 4).

4. Even with that terminal disclaimer, the Patent Office still would not allow the relevant 485 application claims to issue because they interfered with Centocor's 994 application claims – just as the 128 patent claims did. Following discussions with

---

[1] The Stoner Declaration and Gunther Declaration referenced in this paper are exhibits to Abbott's November 19 Supplemental Brief.

1

the patent examiner in September 2008, Abbott amended its 485 application claims so that they claimed pharmaceutical compositions of antibodies "and an additional agent" (Gunther Decl. Ex. 5). Abbott acknowledged that the amendment was required by the patent examiner so that the 485 application claims would not interfere with Centocor's 994 application claims (*id*.).

The only conclusion that can be drawn from these events is that "additional agent" must not include "pharmaceutical carriers."

The 128 patent included the claim:

> 64. A pharmaceutical composition comprising [an antibody] and a pharmaceutically acceptable carrier.

The amended, allowed claims in the 485 patent included the claim:

> 1. A pharmaceutical composition comprising [an antibody] and further comprising an additional agent.

Based on the Stoner declaration and the prior submissions of the parties, there are a number of undisputed facts. We know that there was nothing patentably different between the antibodies recited in Claim 64 and the antibodies recited in Claim 1 (Points 2 and 3 above). We know that Claim 64 interfered with Centocor's 994 application (Point 1 above). We know that the examiner required the recitation of "pharmaceutical composition" and "additional agent" in Claim 1 so that it did not interfere with Centocor's 994 application (Point 4 above).

It is also undisputed that the *only* difference between Claim 64 and Claim 1 is that the latter more broadly recites "additional agent," while the former more narrowly recites "pharmaceutically acceptable carrier." The public record reflects that the examiner determined that Claim 64 interfered with Centocor's 994 application, and that Claim 1 did not interfere with Centocor's 994 application.

2

The only conclusion that one can draw from the public record is that *"additional agent" did not encompass pharmaceutically acceptable carriers*. There is no other way to understand why, on the record, the recitation of "additional agent" in Claim 1 saved it from interfering with the 994 application, while the recitation of "pharmaceutically acceptable agent" in Claim 64 did not save it from interfering with the 994 application (and, notably, Abbott offers no such possible explanation).

Paragraphs 15-20 of Mr. Stoner's Declaration are directed to intricacies of interference law. But the issue is not, as Abbott would seem to suggest, whether, procedurally, an interference could have been declared between Abbott's 485 application and its 128 patent. Nor is the issue whether a genus claim and a species claim can interfere with each other. The issue is why the 128 patent claims interfered with Centocor's 994 application and why the 485 application claims did not. The only way any sense can be made of the examiner's *requirement* that the 485 claims recite "additional agent" in order to avoid interfering with the 994 application – a requirement to which Abbott assented – is if "additional agent" excludes pharmaceutically acceptable carriers as recited in the 128 patent claims.

Date: January 18, 2011                    By: *Dianne Elderkin*
                                              Dianne B. Elderkin (*pro hac vice*)
                                              delderkin@akingump.com
                                              Barbara L. Mullin (*pro hac vice*)
                                              bmullin@akingump.com
                                              Steven D. Maslowski (*pro hac vice*)
                                              smaslowski@akingump.com
                                              Angela Verrecchio (*pro hac vice*)
                                              averrecchio@akingump.com
                                              Matthew A. Pearson (*pro hac vice*)
                                              mpearson@akingump.com
                                              AKIN GUMP STRAUSS HAUER &
                                              FELD LLP
                                              Two Commerce Square
                                              2001 Market Street, Suite 4100
                                              Philadelphia, PA 19103-7013
                                              215-965-1200
                                              FAX: 215-965-1210

                                              Domingo LLagostera
                                              dllagostera@akingump.com
                                              AKIN GUMP STRAUSS HAUER &
                                              FELD LLP
                                              1111 Louisiana Street, 44th Floor
                                              Houston, TX 77002
                                              713-220-5800
                                              FAX: 713-236-0822

                                              Heather P. Repicky (BBO # 663347)
                                              NUTTER MCLENNEN & FISH LLP
                                              World Trade Center West
                                              155 Seaport Boulevard
                                              Boston, MA 02210
                                              617-439-2000
                                              FAX: 617-310-9000

                                              Attorneys For Defendants
                                              CENTOCOR ORTHO BIOTECH, INC.
                                              and
                                              CENTOCOR BIOLOGICS, LLC

4

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Response to Plaintiffs' Supplemental Claim Construction Brief was electronically mailed to counsel of record on January 18, 2011 through the Court's ECF notification system.

*Angela Verrecchio*
_____
Angela Verrecchio