**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., ABBOTT BIOTECHNOLOGY, LTD.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CENTOCOR ORTHO BIOTECH, INC., CENTOCOR BIOLOGICS, LLC.<br><br>　　　　　　　Defendant. | C.A. No. 4:09-CV-11340 (FDS)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of this Court, and for the reasons set forth in the accompanying Memorandum of Law, Plaintiffs Abbott GmH & Co., KG, ("Abbott GmbH"); Abbott Bioresearch Center, Inc. ("ABC"); and Abbott Biotechnology Ltd. ("ABL") (collectively, "Abbott") respectfully move this Court for a Protective Order to postpone deposition discovery relating to any possible injunctive relief until after a determination has been made concerning Centocor's liability for infringement of the asserted Abbott patents.

As set forth more fully in the accompanying Memorandum of Law, Defendants' Centocor Ortho Biotech, Inc. and Centocor Biologics, LLC (collectively, "Centocor's") demands for deposition testimony regarding Abbott's request for a permanent injunction are premature because: (1) there is no reason for either party to engage in costly and time consuming discovery on this issue absent a finding of liability; (2) for the Court to make its decision to grant an injunction based on the facts and circumstances in existence at the time the injunction issues, the parties would ultimately have to retake deposition and expert discovery on the injunction issues

post-trial in any event; and (3) Centocor's demands, if permitted, will amount to significant additional costs that can easily be avoided by taking all such discovery after the liability trial has been concluded.

WHEREFORE, Plaintiffs respectfully request this Court:

1. Grant Plaintiffs' Motion for a Protective Order to postpone further discovery on Abbott's request for a permanent injunction until after a finding of infringement and before any Court proceedings on the permanent injunction issue; and

2. Grant such further relief as the Court deems proper.

Respectfully Submitted,

Dated: February 25, 2011

/s/ Robert J. Gunther, Jr.

Robert J. Gunther, Jr. (admitted *pro hac vice*)
Jane M. Love (admitted *pro hac vice*)
Violetta G. Watson (admitted *pro hac vice*)
Julia A. Grimes (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee (BBO #291960)
Anne M. McLaughlin (BBO # 666081)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

William G. McElwain (BBO # 332510)
Amy K. Wigmore (admitted *pro hac vice*)
Rachel L. Weiner (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

William W. Kim (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Abbott GmbH & Co., KG, Abbott Bioresearch Center, Inc., and Abbott Biotechnology, Ltd.*

## CERTIFICATION OF COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)

I certify that Plaintiffs' counsel has conferred in good faith with opposing counsel on the matter set forth herein.

/s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.1

I certify that the provisions of Local Rule 37.1 have been complied with.

/s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.

## CERTIFICATE OF SERVICE

I certify that, on February 25, 2011, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.