# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC. AND ABBOTT BIOTECHNOLOGY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CENTOCOR ORTHO BIOTECH, INC. AND CENTOCOR BIOLOGICS, LLC, <br><br> Defendant. | C.A. No. 4:09-CV-11340 (FDS) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANT'S SIXTH SET OF INTERROGATORIES (NOS. 16-19)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs Abbott GmbH & Co., KG, ("Abbott GmbH"), Abbott Bioresearch Center, Inc. ("ABC"), and Abbott Biotechnology Ltd. ("ABL") (collectively "Abbott") hereby respond to the Sixth Set of Interrogatories (Nos. 16-19) from Defendants Centocor Ortho Biotech, Inc. and Centocor Biologics, LLC ("Centocor"), as follows:

## **GENERAL OBJECTIONS**

1.      Abbott objects to Centocor's "Interrogatories," "Definitions," and "Instructions" to the extent they seek to impose any obligation in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, the Court's March 2, 2010 Scheduling Order, or other orders of the Court presiding over this case, or any other applicable rules.

2.      Abbott objects to any interrogatory that is premature and/or to the extent that it (a) conflicts with any schedule for disclosure of contentions set forth in the Court's Local Rules or the Court's March 2, 2010 Scheduling Order and/or (b) seeks information that is the subject of expert testimony.

3.      Abbott objects to any interrogatory that calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, or information that is otherwise subject to confidentiality obligations to a third party.  Nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, doctrine, or confidentiality obligation.

4.      Abbott objects to providing the requested information concerning any documents or things withheld on the basis of attorney-client privilege or work product immunity at this time. Abbott will provide a privilege log of any responsive documents that are withheld at a mutually agreeable date in the future.

5. Abbott objects to any interrogatories directed toward applying the claims of the patent or requiring application of the claims prior to any claim construction ruling by the court, because these are legal determinations in the province of the court and are therefore improper.  In addition, Abbott objects to each interrogatory to the extent it requires an interpretation of any element or term contained in the claims of U.S. Patent No. 6,914,128 ("the '128 Patent") or U.S. Patent No. 7,504,485 ("the '485 Patent").

6. Abbott objects to the interrogatories insofar as they contain misstatements of fact and inaccurate assumptions.  Nothing in these responses shall be construed as constituting or implying an admission of any allegation or agreement with any assertion or characterization in the interrogatories.

7. Abbott objects to each interrogatory, definition, or instruction to the extent it purports to seek or require Abbott to provide information that is not within Abbott's possession, custody, or control or to the extent it purports to require Abbott to identify documents not presently within Abbott's possession, custody, or control.  Abbott also objects to each interrogatory to the extent that it seeks information that is already in Centocor's possession, custody or control.

8. Abbott objects to Centocor's definitions of the terms "Abbott," "you," and "your" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For purposes of responding to the interrogatories, Abbott interprets each of these terms as covering only Abbott GmbH, ABC and ABL.

9. Abbott objects to the interrogatories to the extent that they purport to require Abbott to identify or describe "all" or "any" actions on the grounds that such interrogatories are overly broad, unduly burdensome, and oppressive.

10. Abbott objects to the interrogatories to the extent that they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

11. Abbott objects to the interrogatories to the extent they seek information that is not relevant to any claim in this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

12. Abbott objects to the interrogatories to the extent that they contain multiple subparts. Each such subpart should count as a separate interrogatory toward Centocor's discovery limit.

13. Abbott will make, and has made, reasonable efforts to respond to the interrogatories, to the extent that no objection is made, as Abbott understands and interprets each interrogatory. If Centocor subsequently asserts any interpretation of any interrogatory that differs from the interpretation of Abbott, then Abbott reserves the right to supplement and amend its objections and responses.

14. Abbott objects to each definition, instruction, and interrogatory to the extent it requires any information or documents beyond what is presently available to Abbott based upon a reasonable search of its own files and a reasonable inquiry of its present employees. Abbott has responded to the interrogatories based on facts currently known to it and based on documents and information in its possession, custody, and control that it has been able to ascertain through a reasonable search and inquiry. Abbott's document production and its investigation of the facts relevant to this action is ongoing. Accordingly, Abbott reserves the right to amend and/or supplement these responses as further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise. These responses should not be construed as, and do not constitute, a waiver of Abbott's right to adduce additional facts at trial.

15. The failure of Abbott to object to any specific interrogatory on a particular ground shall not be construed as a waiver of its rights to object on any additional ground. Abbott reserves the right to supplement or change its answers to the interrogatories as appropriate.

## SPECIFIC RESPONSES

Subject to and without waiving the Specific Objections in the responses below and the foregoing General Objections, which are incorporated by reference into each response, Abbott responds as follows:

### INTERROGATORY NO. 16

Explain the basis of Your contention that the Accused Product comprises an "isolated antibody," as defined by the '128 patent and '485 patent, including but not limited to by explaining how an antibody that binds to hIL-12 and hIL-23 could meet that definition, and identify all factual support for Your contention that the Accused Product contains an "isolated antibody."

### RESPONSE TO INTERROGATORY NO. 16

In addition to its General Objections, Abbott objects to the extent that the information sought by this interrogatory is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Abbott further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this interrogatory on the grounds that it is premature to the extent it calls for expert discovery or an expert opinion. Abbott further objects to this interrogatory to the extent it assumes that the term "isolated antibody" is defined by the '128 patent and '485 patent.

Abbott reserves the right to supplement this response as further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise.

Subject to and without waiving its Specific and General objections Abbott answers as follows: the Accused Product "contains 45 mg ustekinumab in 0.5 ml. Ustekinumab is a fully human IgG1κ monoclonal antibody to interleukin (IL)-12/23 produced in a murine myeloma cell line using recombinant DNA technology." *See* COBI01178395-01178444; *see also*, Stelara package insert (ABT-IL12-00000001-00000016).

**INTERROGATORY NO. 17**

Explain the basis of Your contention that the Accused Product comprises a "human antibody," as defined by the 128 patent and 485 patent and identify all factual support for Your contention that the Accused Product contains a "human antibody."

**RESPONSE TO INTERROGATORY NO. 17**

In addition to its General Objections, Abbott objects to the extent that the information sought by this interrogatory is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Abbott further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this interrogatory on the grounds that it is premature to the extent it calls for expert discovery or an expert opinion. Abbott further objects to this interrogatory to the extent it assumes that the term "human antibody" is defined by the '128 patent and '485 patent.

Abbott reserves the right to supplement this response as further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise.

Subject to and without waiving its Specific and General objections, Abbott answers as follows: the Accused Product "contains 45 mg ustekinumab in 0.5 ml. Ustekinumab is a fully

human IgG1κ monoclonal antibody to interleukin (IL)-12/23 produced in a murine myeloma cell line using recombinant DNA technology." *See* COBI01178395-01178444; *see also*, Stelara package insert (ABT-IL12-00000001-00000016). Abbott also incorporates by reference its Preliminary Infringement Contentions and the Exhibits thereto, as served on Centocor on March 25, 2010, its Supplemental Infringement Contentions, and the Exhibits thereto, as served on Centocor on May 10, 2010, and its Second Supplemental Infringement Contentions, and Exhibits thereto, as served on Centocor on October 8, 2010, which provide the bases for Abbott's contention that the Accused Product comprises a "human antibody," and provides facts and documents in support of this contention.

**INTERROGATORY NO. 18**

Describe how the variable and constant regions of antibody in the Accused Product correspond, if at all, to human germline immunoglobulin sequences described by Kabat et al. (1991), Sequences of proteins of Immunological Interest, Fifth Edition, U.S. Department of Health and Human Services, NIH Publication No. 91-3242 ("Kabat"), including, but not limited to, by identifying the human germline immunoglobulin sequences described by Kabat that most closely correspond to the variable and constant regions of antibody in the Accused Product, and stating the number of positions replaced with amino acid residues which are not part of the identified human germline immunoglobulin sequences.

**RESPONSE TO INTERROGATORY NO. 18**

In addition to its General Objections, Abbott objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action. Abbott further objects to the extent that the information sought by this interrogatory is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Abbott further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this interrogatory on the grounds that it is premature to the extent it calls for expert discovery or an expert opinion. Abbott further objects to this interrogatory to the extent it seeks information and/or a response based on information that is within Centocor's possession, custody, or control, and/or not within Abbott's possession, custody, or control.

Abbott reserves the right to supplement this response as further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise.

**INTERROGATORY NO. 19**

Admit that the Accused Product has more than twenty positions replaced with amino acid residues which are not part of any human germline immunoglobulin sequence, including those described by Kabat et al. (1991), Sequences of proteins of Immunological Interest, Fifth Edition, U.S. Department of Health and Human Services, NIH Publication No. 91-3242 ("Kabat"), or explain in detail the factual and legal bases for Your contention that the Accused Product has twenty or fewer positions replaced with amino acid residues which are not part of any human germline immunoglobulin sequence, including those described by Kabat.

**RESPONSE TO INTERROGATORY NO. 19**

In addition to its General Objections, Abbott objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action. Abbott further objects to the extent that the information sought by this interrogatory is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

Abbott further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this interrogatory on the grounds

that it is premature to the extent it calls for expert discovery and an expert opinion. Abbott further objects to this interrogatory to the extent it seeks information and/or a response based on information that is within Centocor's possession, custody, or control, and/or not within Abbott's possession, custody, or control.

Abbott reserves the right to supplement this response as further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise.


Dated: February 22, 2011

/s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr. (admitted *pro hac vice*)
Jane M. Love (admitted *pro hac vice*)
Violetta G. Watson (admitted *pro hac vice*)
Julia A. Grimes (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee (BBO #291960)
Anne M. McLaughlin (BBO # 666081)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Tel: (617) 526-6000
Fax: (617) 526-5000

William G. McElwain (BBO # 332510)
Amy K. Wigmore (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

William W. Kim (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE and DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Abbott GmbH & Co., KG, Abbott Bioresearch Center, Inc., and Abbott Biotechnology, Ltd.*

## CERTIFICATE OF SERVICE

      I certify that, on February 22, 2011, this document was served on the following individuals via electronic mail:

      Dianne B. Elderkin (delderkin@akingump.com)
      Barbara L. Mullin (bmullin@akingump.com)
      Matthew A. Pearson (mpearson@akingump.com)
      AKIN GUMP STRAUSS HAUER & FELD LLP
      Two Commerce Square
      2001 Market Street, Suite 4100
      Philadelphia, PA 19103-7013

      Heather P. Repicky (hrepicky@nutter.com)
      NUTTER MCLENNEN & FISH LLP
      World Trade Center West
      155 Seaport Boulevard
      Boston, MA 02210

      /s/ Violetta G. Watson
      Violetta G. Watson