IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., ABBOTT BIOTECHNOLOGY, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>CENTOCOR ORTHO BIOTECH, INC., CENTOCOR BIOLOGICS, LLC.<br><br>Defendant. | C.A. No. 4:09-CV-11340 (FDS)<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE MACE EVIDENCE**

The Abbott plaintiffs[1] filed a motion *in limine* to exclude all evidence and testimony relating to the narrow issue of MACE (<u>M</u>ajor <u>A</u>dverse <u>C</u>ardiac <u>E</u>vents). While Centocor makes generalized assertions as to the relevance of Abbott not having an IL-12/23 product on the market, Centocor does not argue that *MACE events* are relevant to the issues in this patent infringement case. The issue of whether Stelara infringes the asserted patents is governed by the asserted claims of Abbott's patents as these claims have been interpreted by the Court. Mot. at 5. Centocor does not dispute that the disclosed embodiments of Abbott's patent, *e.g.*, ABT-874, are irrelevant to the issue of infringement. Similarly, the enablement and written description defenses turn on what is described in the patent specifications and the knowledge of a person of ordinary skill in the art. Mot. at 6. Centocor makes no legal argument to the contrary.

For at least the following reasons, Plaintiffs' motion *in limine* should be granted because MACE is not relevant to the issues in this case: *First,* Redacted

---

[1] Abbott GmbH & Co., KG, ("Abbott GmbH"), Abbott Bioresearch Center, Inc. ("ABC"), and Abbott Biotechnology Ltd. ("ABL") (collectively, "Abbott").

Redacted

*Second,* Redacted and Centocor offers no expert or evidence showing that MACE is relevant to any issue in this case. ***Third, Centocor does not actually dispute the substance of any of the underlying data in Dr. Weinberg's report or his conclusions***. *Finally,* Centocor fails to proffer any reason in fact or law why this irrelevant and prejudicial evidence should be admitted at trial.

## I. ARGUMENT

*First,* Redacted

---

[2] "Ex." letters A-F refer to exhibits attached to the Declaration of Robert J. Gunther, Jr., filed on July 15, 2011, and "Ex." letters G-J refer to exhibits attached to the Supplemental Declaration of Robert J. Gunther, Jr., filed concurrently herewith.

Redacted

*Second,* Centocor offers no expert to argue or evidence to demonstrate that MACE is somehow relevant to any issue in this case. In fact, Centocor admits that "Centocor has not taken a position in its expert reports on this issue." Opp. at 9. Redacted

*Third,* Redacted

Redacted Having advanced no legitimate reason as to why MACE events should be admitted as evidence, Centocor creates a smoke screen of alleged procedural deficiencies relating to Dr. Weinberg's expert report. Opp. at 5-9. However, as Dr. Weinberg testified, the data in his report is a compilation of the data within the documents produced in this case, and data supplied and confirmed by Abbott's 30(b)(6) witness, Dr. Valdes.

In his deposition, Dr. Weinberg identified where the MACE rates upon which his conclusions rely can be located. Redacted

Redacted

While Centocor makes much out of the fact that the confirmation discussion with Dr. Valdes occurred the day after Dr. Weinberg dated his report on June 28, 2011, Centocor entirely overlooks that Dr. Weinberg did not execute a sworn verification until July 14, 2011. (Ex. B, last page). Centocor also ignores the fact that the Centocor data that Dr. Weinberg relies upon in his report is located in a study that was supported by Centocor and is publically available. Redacted

In short, Centocor cannot refute any of the underlying data or conclusions set forth in Dr. Weinberg's report, Redacted

---

[3] Redacted.

*Finally,* Redacted Centocor asserts that a variety of "non-inflammatory" facts about Abbott's drug development program should be the subject of a stipulation (Opp. at 1, 5, 9), but none speak to the issue squarely presented here: Redacted

Yet, Centocor repeatedly attempts to improperly conflate the two issues. *See* Opp. at 1, 3-5.

Redacted

*Achille Bayart & Cie v. Crowe*, 238 F.3d 44, 49 (1st Cir. 2001). Redacted

Further, the properties of ABT-874 are not relevant to the issues in this case. The issue of whether Stelara infringes the asserted patents is governed by the asserted claims of Abbott's patents as these claims have been interpreted by the Court. Mot. at 5. Centocor does not dispute that the disclosed embodiments of Abbott's patent, *e.g.*, ABT-874, are irrelevant to the issue of infringement. Similarly, the enablement and written description defenses turn on what is described in the patent specifications and the knowledge of a person of ordinary skill in the art. Mot. at 6. Centocor makes no legal argument to the contrary. Redacted

---

[4] Redacted.

Redacted

Finally, even if there was any probative value, the evidence's prejudicial effects and the likelihood that it will mislead the jury and confuse the issues would substantially outweigh any marginal relevance. *See* Mot. at 7-8. Accordingly, evidence of *MACE events* should also be excluded under Federal Rule of Evidence 403.

## II. CONCLUSION

Abbott's Motion *in Limine* to exclude MACE evidence should be granted.

Respectfully Submitted,

Dated: October 3, 2011

/s/ Robert J. Gunther, Jr.

Robert J. Gunther, Jr. (admitted *pro hac vice*)
Jane M. Love (admitted *pro hac vice*)
Violetta G. Watson (admitted *pro hac vice*)
Julia A. Grimes (admitted *pro hac vice*)
Paula Estrada de Martin (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee (BBO #291960)
Anne M. McLaughlin (BBO # 666081)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

---

[5] Centocor illogically argues that Abbott's withdrawal of its regulatory applications for ABT-874 tends to show that the technology of the patents-in-suit does not drive demand for ABT-874, and by extension Stelara. Opp. at 4-5. However, the fact that a regulatory barrier may exist as to ABT-874 says nothing about consumer demand for Stelara or whether such demand is generated by the patented technology.

        William G. McElwain (BBO # 332510)
        Amy K. Wigmore (admitted *pro hac vice*)
        Jacob S. Oyloe (admitted *pro hac vice*)
        Rachel L. Weiner (admitted *pro hac vice*)
        WILMER CUTLER PICKERING
        HALE and DORR LLP
        1875 Pennsylvania Avenue, NW
        Washington, DC 20006
        Tel: (202) 663-6000
        Fax: (202) 663-6363

        William W. Kim (admitted *pro hac vice*)
        WILMER CUTLER PICKERING
        HALE and DORR LLP
        950 Page Mill Road
        Palo Alto, California 94304
        Tel: (650) 858-6000
        Fax: (650) 858-6100

        *Attorneys for Abbott GmbH & Co., KG, Abbott Bioresearch Center, Inc., and Abbott Biotechnology, Ltd.*

## CERTIFICATE OF SERVICE

I certify that, on October 3, 2011, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Robert J. Gunther, Jr.
        Robert J. Gunther, Jr.