# WILMERHALE

*Via ECF & Federal Express*

January 25, 2012

Robert J. Gunther, Jr.

+1 212 230 8830(t)
+1 212 230 8888(f)
robert.gunther@wilmerhale.com

The Honorable F. Dennis Saylor, IV
United States District Judge
United States District Court
Donohue Federal Building
595 Main Street
Worcester, MA 01608

Re: *Abbott GmbH & Co., KG et al. v. Centocor Ortho Biotech, Inc., et al.*, C.A. No. 4:09-cv-11340; *Centocor Ortho Biotech, Inc., v. Abbott GmbH & Co., KG*, C.A. No. 4:10-cv-40003

Dear Judge Saylor:

    This letter is submitted on behalf of Abbott in order to advise the Court of *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 2011-1044 (Fed. Cir. Jan. 10, 2012) ("*Streck II*"), a recent decision from the U.S. Court of Appeals for the Federal Circuit, a copy of which is attached as Exhibit A. On November 7, 2011, we advised the Court of *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 2011-1045 (Fed. Cir. Oct. 20, 2011) ("*Streck I*"), which resolved an appeal relating to a Section 146 action in which the patent holder, Streck, had been awarded priority of invention by the district court. A copy of our November 7, 2011 letter is attached as Exhibit B for the Court's convenience.

    In *Streck II*, the Federal Circuit resolved an appeal relating to the infringement portion of the case. Among other things, the *Streck II* decision determined that the Federal Circuit's prior resolution of the priority issue in the context of the Section 146 action controlled the priority issues in the infringement action. *Streck II* slip op. at 39. While the procedural posture in *Streck* was different than the instant case because the priority issue was tried first in the infringement action (the Section 146 action was not filed until after the district court had entered judgment in the infringement case), the *Streck II* court focused on the differing burdens of proof in both the Section 146 and infringement actions, concluding that "our decision [in the prior appeal of the Section 146 action] that R&D failed to establish priority by a preponderance of the evidence necessarily means that R&D could not meet the clear and convincing burden required in this case." *Id.*

    Here, Centocor was unable to prove priority in the PTO interference proceeding under the lower, preponderance standard of proof. As set forth in Abbott's Motion for Summary Judgment No. 2 re: Collateral Estoppel, that decision is conclusive as to Centocor's identical priority claims in the infringement action, where the standard of proof is the higher clear and convincing burden. While Centocor is free to challenge the PTO's priority decision in the

WILMERHALE

January 25, 2012
Page 2

context of the Section 146 action, the logic of *Streck II* lends further support to the conclusion that Centocor should not be permitted to relitigate that same issue in the infringement case.

Respectfully yours,

*Robert J. Gunther*

Robert J. Gunther, Jr.

Enclosures

cc:  Dianne B. Elderkin (via email)
     Barbara L. Mullin (via email)