

**DIANNE B. ELDERKIN**
215.965.1340/fax: 1.215.965.1210
delderkin@akingump.com

March 2, 2012

*VIA ECF & FEDERAL EXPRESS*

The Honorable F. Dennis Saylor, IV
United States District Court
Donohue Federal Building
595 Main Street
Worcester, MA  01608

    Re:   *Abbott GmbH & Co., KG et al.  v. Centocor Ortho Biotech, Inc. et al.*,
          C.A. No. 4:09-cv-11340

Dear Judge Saylor:

    This letter is submitted in response to Abbott's February 28, 2012, letter to the Court concerning the Federal Circuit's nonprecedential opinion in *Dow Chemical Company  v. Nova Chemicals Corporation et al.,* No. 2010-1526 (Fed. Cir. Jan. 24, 2012).  Contrary to Abbott's assertions, the *Dow* decision does not support the conclusion that claims of the Abbott patents are definite as a matter of law.

    Centocor's indefiniteness defense is based on *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332 (Fed. Cir. 2003).  The claims in *Honeywell* included a numeric limitation on the melting point elevation (MPE).  There were several different methods available for preparing a specimen of yarn for this measurement and, depending on the method used, the MPE result changed.  When some preparation methods were used, the accused products fell inside the MPE limitation in the patent claims; when other preparation methods were used, they fell outside the limitation.  Whether or not a product infringed the claims could, accordingly, be manipulated by changing the way that the specimens were prepared, and "[c]ompetitors trying to practice the invention or to design around it would be unable to discern the bounds of the invention."  *Id*. at 1341.  The claims were therefore invalid for indefiniteness.

    As in *Honeywell*, the Abbott patent claims specifically require that the claimed materials have particular properties; here, the claimed antibodies must have a specified "$K_{off}$" and/or "$K_D.$"  Also as in *Honeywell*, changing the conditions of the test used to measure those properties leads to different results.  There is no genuine dispute that when Centocor's antibody is tested using the test conditions disclosed in Example 5 of the Abbott patents, it does *not* meet the $K_D$ requirements of the Abbott claims, and there is no infringement.



The Honorable F. Dennis Saylor, IV
March 2, 2012
Page 2

      Abbott has ignored the disclosure in the patent and used different test conditions in an attempt to prove that the Centocor antibody is within the limitations of the claims. This attempt puts the present case well within the ambit of *Honeywell*, where different test methods lead to different conclusions about whether a product falls inside or outside numeric limitations in the patent claims. Under *Honeywell*, Abbott's claims are invalid for indefiniteness.

      *Dow* does not address or alter the *Honeywell*-type of indefiniteness issue raised here. The *Dow* opinion does not address the issue of how different test conditions affect whether an accused product is within or without the asserted claims. Instead, the argument in *Dow* was that the accused infringers could not discern how to test for infringement based on the patent's disclosure (slip op. at 17-18). That is a different argument and involves different circumstances from the present case.

      Moreover, unlike *Dow*, where there was a missing figure in the patent's specification (slip. op. at 17-19), the present case is not a situation where the specification is missing information and needs to be *supplemented* by what is known to those skilled in the art. The conditions for testing *are* disclosed in the Abbott patents. Abbott just wants (improperly) to *supplant* the express disclosure in the patents with extrinsic evidence of what test conditions persons skilled in the art allegedly would use.

      In *Dow*, the Federal Circuit relied on the patent specification to support the definiteness of the claims (slip op. at 20-21). To the extent *Dow* sheds any light on the present proceedings, it is entirely consistent with Centocor's position that the Abbott patent specification should be consulted for how to measure the $K_{off}$ and $K_D$ of antibodies to determine infringement. When it is, there is no infringement. If it is not, the claims are fatally indefinite under the reasoning of *Honeywell*.

                                                                 Respectfully submitted,

                                                                 Dianne B. Elderkin

cc:      William F. Lee (via e-mail)
            Robert J. Gunther (via e-mail)