INSTRUCTIONS TO COUNSEL CONCERNING TRIAL PROCEDURES
Judge Saylor
United States District Court

1. **Trial Day.** The normal trial day will be from 9:00 a.m. to 1:00 p.m. We will take two very short breaks at 10:30 a.m. and 12:00 noon.

2. **Punctuality.** Counsel are expected to be punctual at all times. Each trial day will begin promptly at 9:00 a.m.

3. **Organization.** The most common juror complaint about trial counsel is that they are disorganized. Counsel are expected to be prepared and organized in all respects and to have a basic command of the evidence. Careful organization is particularly important in cases with substantial numbers of exhibits.

4. **Questioning Witnesses.** Counsel are generally free to question witnesses from any reasonable location in the courtroom. Counsel should not, however, stand next to the witness when questioning the witness except as reasonably necessary to point out particular items in exhibits.

5. **Approaching Witnesses.** Counsel generally need not ask permission from the Court to approach a witness, but should acknowledge the Court's authority (e.g., "With the Court's permission, I am showing you Exhibit 12 . . .").

6. **Objections.** Objections should normally be made either with the single word "Objection," or with a one- or two-word explanation of the basis (e.g., "Objection – leading"). Argument should normally take place at sidebar or otherwise outside the presence of the jury.

7. **Exhibit Numbers.** Exhibits should be given numbers, not letters, and not combinations of numbers and letters (e.g. Exhibit 2, not Exhibit B or Exhibit 2B). Exhibits may be grouped as long as numbers are used (e.g., Exhibits 2.1, 2.2, 2.3). This requirement applies to both agreed-upon and disputed exhibits.

8. **"Government" or "Defense" Exhibits.** Exhibits should be marked as "Exhibits," not as "Government Exhibits," "Plaintiff's Exhibits," or "Defendant's Exhibits."

9. **Order of Offering Exhibits.** Exhibits need not be offered in any particular order—for example, the first exhibit need not be Exhibit 1. If a particular exhibit is excluded or not offered, there will simply be a gap in the numbering sequence. The jury will be instructed that neither the numbering of the exhibits nor the fact that there may be gaps in the sequence have any evidentiary significance.

10. **Physical Form of Exhibits.** If documents are attached to one another, they should generally be stapled, rather than paper-clipped. Plastic sleeves for documents make

       documents difficult to handle and should be used sparingly, if at all.

11. **Deposition Exhibits.**  In order to avoid confusion, all deposition exhibit stickers should be removed from trial exhibits or otherwise obscured.

12. **Copy of Exhibits for Court.**  In cases involving more than a few documents, counsel are strongly encouraged to provide a three-ring binder of expected exhibits to the Court at the beginning of the trial.

13. **Electronic Courtroom.**  Courtroom 2 in the Worcester courthouse is an electronic courtroom.  Documents may be displayed from laptops (e.g., from a PDF file or a DVD) or by means of a document camera.  Counsel are strongly encouraged to become familiar with the courtroom equipment well in advance of the trial.

14. **Upcoming Witnesses.**  Counsel are required to provide opposing counsel, no later than the conclusion of the trial day, the names of the expected witnesses for the following day and a reasonable projection of the witness lineup for the day after that.

15. **Accurate Estimate of Time.**  Counsel who are adequately prepared should normally be able to provide reasonably accurate estimates as to the amount of time necessary for trial events, including the length of opening statements and closing arguments, the length of witness testimony, and the length of the trial.  Counsel are reminded that trial time is a limited resource and should be apportioned with care.

16. **Order of Closing Arguments in Civil Cases.**  In civil cases, the order of closing arguments will be the following:  plaintiff, defendant, plaintiff's rebuttal.  Rebuttal argument in cases of ordinary complexity will normally be limited to five or ten minutes.