# EXHIBIT 5

Slip Copy, 2002 WL 34698060 (N.D.Okla.)
**(Cite as: 2002 WL 34698060 (N.D.Okla.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Oklahoma.
HEM, INC., Plaintiff,
v.
BEHRINGER SAWS, INC., Defendant.

No. 00–CV–0331–EA (J).
Oct. 18, 2002.

Named Expert: Gale R. Peterson, B.S., L.L.M., J.D.
Jeff Lee Todd, John A. Kenney, Mcafee & Taft, Oklahoma City, OK, for Plaintiff.

Donald W. Towe, Scott D. Marrs, William C. Norvell, Jr, Beirne Maynard & Parsons LLP, Houston, TX, Marvin Bradford Smith, Charles Michael Barkley, Barkley Law Firm, Tulsa, OK, for Defendant.

### ORDER

CLAIRE V. EAGAN, District Judge.

**\*1** Now before the Court is the Defendant's *Daubert/Kumho* Motion to Exclude the Testimony of Plaintiff's Expert Witness Gale Peterson (Dkt.# 365–1) filed on September 27, 2002. The defendant requests that the Court exclude or limit the testimony of plaintiff's expert witness, Gale Peterson. The Court held an evidentiary hearing on October 16, 2002, and ruled on defendant's Motion to Limit the Testimony of Plaintiff's Expert Witness Franklin J. Appl (Dkt.# 365–2) and Motion to Exclude the Testimony of HEM's Non–Retained Experts Regarding the Doctrine of Equivalents (Dkt.# 365–3). The Court took defendant's Motion to Exclude the Testimony of Plaintiffs Expert Witness Gale Peterson (Dkt.# 365–1) under advisement as to whether Gale Peterson ("Peterson") may offer expert testimony as to whether Behringer's products infringe literally or under the doctrine of equivalents. After careful consideration and for the reasons stated below, the defendant's motion is granted.

### I.

This patent case involves mechanical devices for moving workpieces, such as sections of wood or metal, towards machine tools, such as table saws or drills. In its Complaint filed on April 24, 2000 (Dkt.# 1), the plaintiff, Hem, Inc. ("HEM"), alleges that the defendant, Behringer Saws, Inc. ("Behringer"), has infringed United States Patent No. 5,353,910 (the "Patent") issued to co-inventors, Gerald R. Harris and Richard H. Porterfield, and assigned to HEM. The Patent contains twenty-two (22) claims. *See* Patent, Ex. B to Motion, Dkt. # 81, at col. 7–12. HEM contends that seventeen (17) of these claims have been infringed, both literally and under the doctrine of equivalents. *See* Answer to Interrogatory No. 4, Responses of Hem, Inc. to First Set of Interrogatories of Behringer Saws, Inc., Ex. B to Motion, Dkt. # 81, at 5–19.

HEM has retained an expert witness, Peterson, to prepare an expert report and to testify in this case. Peterson is a patent attorney and a former patent examiner for the U.S. Patent and Trademark Office from 1970 to 1976. Peterson received a Bachelor of Science in Electrical Engineering in 1970, a J.D. in 1975, and an LLM in trade regulation in 1978. *See* Curriculum Vitae, Ex. A to Response, Dkt. # 371. HEM seeks to offer trial testimony of Peterson to explain the patent application and consideration process and to explain the workings of the U.S. Patent and Trademark Office. In addition, Peterson seeks to testify as to whether Behringer's products literally infringe HEM's patent or whether Behringer's products infringe under the doctrine of equivalents.

### II.

Behringer contends that Peterson is qualified as a legal expert, but not qualified as a technical expert, and may not testify as to whether Behringer's products literally infringe HEM's patent or whether Behringer's products infringe under the doctrine of equivalents. Behringer argues that Peterson is unqualified to render an expert opinion on the technic-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

al matters in this case. Behringer contends that neither Peterson's degree in electrical engineering, nor his basic training in physics renders him qualified as one skilled in the relevant art.

***2** Patent attorneys may be eminently qualified to speak to matters bearing upon the patenting process, the workings of the U.S. Patent and Trademark Office, and the duties of a patent attorney. However, whether a patent attorney can offer more expansive testimony depends upon the particular patent attorney's education, experience, and training. Some patent attorneys will have extensive education and experience in the field of the patent in suit, while others may have little or no experience or education in the particular field at issue.

HEM argues that Peterson's education, as well as his experience as a patent examiner and a patent attorney, qualifies him to arrive at an expert opinion on the issues of force transfer that are fundamental to this suit. Additionally, HEM contends that Peterson's education and experience allows him to critically analyze and rely upon the opinion of another of HEM's expert witnesses, Dr. Franklin J, Appl.

Unlike Dr. Appl, Peterson does not have a degree, or any significant experience, in mechanical engineering. Peterson's degree is in electrical engineering and his areas of expertise include plasma, laser and electron-beam systems, and applications in computer and systems control fields. *See* Curriculum Vitae, Ex. A to Response, Dkt. # 371. Peterson's training as an electrical engineer does not qualify him to testify as to the mechanical force transfers that are involved in this case. Neither Peterson's experience as a patent examiner nor as a patent attorney reveals any significant experience or education in the relevant art of table saws or shuttle vise assemblies. Peterson lacks the education, experience, and training to testify as an expert on the mechanical force transfers involved in this case. This lack of qualification prevents Peterson from offering testimony as to whether Behringer's products infringe literally or under the doctrine of equivalents.

### III.

**IT IS, THEREFORE, ORDERED** that the Defendant's *Daubert/Kumho* Motion to Exclude the Testimony of Plaintiff's Expert Witness Gale Peterson (Dkt.# 365–1) should be and hereby is **GRANTED;** the lack of expert qualification in the field of mechanical engineering or in the relevant art of table saws or shuttle vise assemblies bars the plaintiff from offering Peterson's testimony as to whether Behringer's products infringe literally or under the doctrine of equivalents.

N.D.Okla.,2002.
HEM, Inc. v. Behringer Saws, Inc.
Slip Copy, 2002 WL 34698060 (N.D.Okla.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.