# ATTACHMENT A

# United States Court of Appeals for the Federal Circuit

---

**BARD PERIPHERAL VASCULAR, INC. AND DAVID GOLDFARB, M.D.,**
*Plaintiffs/Counterclaim*

*Defendants-Appellees,*

AND

**C.R. BARD, INC.,**
*Counterclaim Defendant-Appellee,*

v.

**W.L. GORE & ASSOCIATES, INC.,**
*Defendant/Counterclaimant-Appellant.*

---

2010-1510

---

Appeal from the United States District Court for the District of Arizona in case no. 03-CV-0597, Judge Mary H. Murguia.

---

Decided: June 14, 2012

---

FRANK P. PORCELLI, Fish & Richardson, P.C., of Boston, Massachusetts, filed a combined petition for panel rehearing and rehearing *en banc* for the defendant/counterclaimant-appellant. With him on the petition was JOHN A. DRAGSETH. Of counsel on the petition were

JOHN S. CAMPBELL, W.L. Gore & Associates, Inc., of Newark, Delaware, and DAVID H. PFEFFER of Boca Raton, Florida.

JOHN C. O'QUINN, Kirkland & Ellis, LLP, of Washington, DC, filed a response to the petition for the plaintiffs/counterclaim defendants-appellees and counterclaim defendant-appellee. With him on the response were NATHAN S. MAMMEN, WILLIAM H. BURGESS, and DENNIS J. ABDELNOUR. Of counsel on the response were STEVEN C. CHERNY of New York, New York; and GREGORY G. GARRE and MAXIMILIAN A. GRANT, Latham & Watkins LLP, of Washington, DC; and ANDREW M. FEDERHAR, Fennemore Craig P.C., of Phoenix, Arizona; and JOHN L. STRAND, Wolf, Greenfield & Sacks, P.C., of Boston, Massachusetts.

PAUL D. CLEMENT, Bancroft PLLC, of Washington, DC, for amici curiae Verizon Communications Inc. and Intel Corp. With him on the brief was D. Zachary Hudson. Of counsel on the brief for amicus curiae Verizon Communications Inc. were JOHN THORNE and GAIL F. LEVINE, Verizon Communications Inc., of Arlington, Virginia; and for amicus curiae Intel Corp. was TINA M. CHAPPELL, Intel Corporation, of Chandler, Arizona. MICHELLE K. LEE, Google Inc., of Mountain View, California, for amicus curiae Google Inc. With her on the brief was SUZANNE MICHEL.

---

Before NEWMAN, GAJARSA,\* and LINN, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* GAJARSA. Opinion concurring-in-part and dissenting-in-part filed by *Circuit Judge* Newman.

---

\*    Circuit Judge Gajarsa assumed senior status on July 31, 2011.

GAJARSA, *Circuit Judge.*

## I. Introduction

In deciding the present appeal, this court determined that the United States District Court for the District of Arizona ("trial court") was correct in its judgment and affirmed all of the conclusions reached by the trial court. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 670 F.3d 1171 (Fed. Cir. 2012). The appellant, W.L. Gore & Associates, Inc. ("Gore"), timely filed a petition for rehearing and rehearing *en banc*. Therein, Gore again faulted the trial court's willfulness analysis. Separately, an *Amici Curiae* brief in support of that petition argued that the objective prong of willfulness should be considered a question of law subject to *de novo* review on appeal. This court granted the petition for rehearing *en banc* and returned the matter to the panel for reconsideration, *see En Banc Order*, Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., No. 2010-1510 (Fed. Cir. June 14, 2012), for the sole purpose of revisiting the issue of willfulness and further explicating the standard of review applicable to it.

The court today reaffirms its opinion issued on February 10, 2012, except for section E and that portion of section F relating to Section 284 and 285 of Title 35 of the United States Code allowing for enhanced damages and attorneys' fees.[1] The court vacates section E and the limited portion of section F relating to its prior discussion of willfulness. The briefs related to the petition for rehearing present this court with a new question regarding the nature of the objective inquiry from *In re Seagate*

---

[1] The court reaffirms its judgment regarding the ongoing royalty rates set by the trial court, which would not be found to be the result of an abuse of discretion even if there had been no finding of willfulness.

*Technology, LLC* ("*Seagate*"), 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*). The court agrees that the trial court failed to address the objective prong of willfulness as a separate legal test from *Seagate*'s subjective component. The court now holds that the threshold objective prong of the willfulness standard enunciated in *Seagate* is a question of law based on underlying mixed questions of law and fact and is subject to *de novo* review. The court remands the issue of willfulness so that the trial court may reconsider its denial of JMOL of no willful infringement in view of this holding. If the court grants the JMOL, it should then reconsider its decisions on enhanced damages and attorneys' fees.

## II. Discussion

A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284. *Seagate*, 497 F.3d at 1368. Because Supreme Court precedent requires a showing of recklessness before civil punitive damages are allowed, *Seagate* overruled this court's previous standard for willfulness, which was "more akin to negligence." *Id.* at 1371. *Seagate* established a two-pronged test for establishing the requisite recklessness. *Id.* Thus, to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Once the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* The *Seagate* court "le[ft] it to future cases to further develop the application of this standard." *Id.* Following *Seagate*, this court established the rule that generally the "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a

charge of infringement." *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010). Thus, the question on appeal often posed is whether a defense or noninfringement theory was "reasonable." *See, e.g., Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011).

The ultimate question of willfulness has long been treated as a question of fact. *See, e.g., Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1413 (Fed. Cir. 1996) ("The court's finding of willful infringement is one of fact, subject to the clearly erroneous standard of review."). And the court has made similar statements even after *Seagate*. *See, e.g., Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) ("'The court's finding [on] willful infringement is one of fact, subject to the clearly erroneous standard.'" (quoting *Stryker Corp.*, 96 F.3d at 1413)); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Cir. 2010) (citing *Cohesive Techs*, 543 F.3d at 1374, and stating "willful[ness] is a question of fact"), *aff'd*, 131 S.Ct. 2238 (2011); *Powell*, 663 F.3d at 1228 (citing *i4i*, 598 F.3d at 859); *Spine Solutions*, 620 F.3d at 1319 (citing *i4i*, 598 F.3d at 859). The court has not been called upon, however, to clearly delineate the standard applicable to *Seagate*'s objective test.

Since *Seagate*, however, even in those cases that have continued to recite the general characterization that willfulness ultimately presents a question of fact, our opinions have begun to recognize that the issues are more complex. For example, while this case was on appeal this court in considering the objective prong clarified that "the answer to whether an accused infringer's reliance on a particular issue or defense is reasonable is a question for the court when the resolution of that particular issue or defense is a matter of law" but it "is properly considered

by the jury" "[w]hen the resolution of a particular issue or defense is a factual matter." *Powell*, 663 F.3d at 1236-37.

After reviewing the Supreme Court's precedent in similar contexts, as well as our own, we conclude that simply stating that willfulness is a question of fact oversimplifies the issue. While the ultimate question of willfulness based on an assessment of the second prong of *Seagate* may be a question of fact, *Seagate* also requires a threshold determination of objective recklessness. That determination entails an objective assessment of potential defenses based on the risk presented by the patent. Those defenses may include questions of infringement but also can be expected in almost every case to entail questions of validity that are not necessarily dependent on the factual circumstances of the particular party accused of infringement.

In considering the standard applicable to the objective prong of *Seagate*, it can be appreciated that "the decision to label an issue a 'question of law,' a 'question of fact,' or a 'mixed question of law and fact' is sometimes as much a matter of allocation as it is of analysis." *Miller v. Fenton*, 474 U.S. 104, 113-14 (1985). When an "issue falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of sound administration of justice, one judicial actor is better positioned than another to decide the issue in question." *Id.* at 114; *see also Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388 (1996) (applying this test to determine that claim construction is best left to the judge). We believe that the court is in the best position for making the determination of reasonableness. This court therefore holds that the objective determination of recklessness, even though predicated on underlying mixed questions of law and fact,

is best decided by the judge as a question of law subject to *de novo* review.

When a defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge. *See Powell*, 663 F.3d at 1236. When the objective prong turns on fact questions, as related, for example, to anticipation, or on legal questions dependent on the underlying facts, as related, for example, to questions of obviousness, the judge remains the final arbiter of whether the defense was reasonable, even when the underlying fact question is sent to a jury. *See Powell*, 663 F.3d at 1236-37; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1324 (Fed. Cir. 2009) (explaining that ensnarement has underlying factual issues but is ultimately a question of law for the judge that is "'to be determined by the court, either on a pretrial motion for partial summary judgment or on a motion for judgment as a matter of law at the close of the evidence and after the jury verdict'" (quoting *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997))).

Our holding is consistent with similar holdings in other parallel areas of law. Our precedent regarding objectively baseless claims, which allow courts to award enhanced damages and attorneys' fees under 35 U.S.C. § 285, and the Supreme Court's precedent on "sham" litigation are instructive. For example, in *iLor, LLC v. Google, Inc.*, 631 F.3d 1372 (Fed. Cir. 2011), in addressing the standard for showing objective baselessness for purposes of § 285, a standard which this court explained was "identical to the objective recklessness standard for enhanced damages and attorneys' fees against an accused infringer for § 284 willful infringement actions under [*Seagate*]," *id.* at 1377, this court noted that "Section 285

must be interpreted against the background of the Supreme Court's decision in" *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* ("*PRE*"), 508 U.S. 49 (1993). *iLor*, 631 F.3d at 1376. *PRE* dealt with immunity from antitrust liability for bringing lawsuits, which is granted unless the litigation is considered a sham. 508 U.S. at 51. It held that a suit will not be considered sham litigation unless the lawsuit is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome," it is not objectively baseless. *Id.* at 60. And like willfulness, there is a subjective requirement that must be addressed only after the objective requirement is satisfied. *Id.*

The *PRE* Court analogized sham litigation to malicious prosecution and equated objective baselessness to a lack of probable cause to institute an unsuccessful civil lawsuit. *See PRE*, 508 U.S. at 62-63 (explaining that "[t]he existence of probable cause to institute legal proceedings precludes a finding that an antitrust defendant has engaged in sham litigation"). *PRE* cited, *inter alia*, *Stewart v. Sonneborn*, 98 U.S. 187 (1897) for the view that when "there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause as a matter of law." 508 U.S. at 64 (citing 98 U.S. at 194).[2] Moreover, in the context of probable cause in

---

[2] The *Stewart* Court also explained the rule when there are disputed facts:

> It is true that what amounts to probable cause is a question of law in a very important sense. In the celebrated case of *Sutton v. Johnstone*, the rule was thus laid down: 'The question of probable cause is a mixed question of law and of fact. Whether the

criminal cases, the Supreme Court elaborated on the importance of treating such questions as involving both law and fact and subjecting them to *de novo* review, which "tends to unify precedent." *See Ornelas v. United States*, 517 U.S. 690, 697-98 (1996) (stating that "the legal rules for probable cause and reasonable suspicion acquire content only through application [and i]ndependent review is therefore necessary if appellate courts are to maintain control of, and to clarify, the legal principles").

In considering the objective prong of *Seagate*, the judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance, for example, the questions of anticipation or obviousness. But, consistent with this court's holding today, the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge. *See DePuy*, 567 F.3d at 1324.

---

> circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.' This is the doctrine generally adopted.
>
> It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not.

*Stewart*, 98 U.S. at 194 (internal quotation marks and citations omitted). Thus, the question may sometimes be sent to the jury, but it remains a question of law.

Having clarified the legal standard for *Seagate*'s objective willfulness prong, we conclude that remand is appropriate so that the trial court may apply the correct standard to the question of willfulness in the first instance. *See Weisgram v. Marley Co.*, 528 U.S. 440, 443 (2000) (stating that "courts of appeals should 'be constantly alert' to 'the trial judge's first-hand knowledge of witnesses, testimony, and issues' [and] should give due consideration to the first-instance decisionmaker's 'feel' for the overall case." (quoting *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 325 (1967))). In this case, Gore asserted several defenses that it says were "reasonable": inventorship, inadequate written description, obviousness, and anticipation. Appellant's Br. 57-58. The trial court, which did an exemplary job presiding over this complex case, did not have the benefit of this court's clarification, and did not review those defenses under this standard. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 586 F. Supp. 2d 1083, 1088-89 (D. Ariz. 2008). On remand, therefore, the court should determine, "based on the record ultimately made in the infringement proceedings," whether a "reasonable litigant could realistically expect" those defenses to succeed. *See iLor*, 631 F.3d at 1378; *PRE*, 508 U.S. at 60. If, in view of the facts, the asserted defenses were not reasonable, only then can the jury's subjective willfulness finding be reviewed for substantial evidence. *See Powell*, 663 F.3d at 1236.

For the foregoing reasons, the previous determination of willfulness is vacated and remanded for further proceedings consistent with this opinion.

### AFFIRMED IN PART, VACATED IN PART AND REMANDED IN PART

No costs.

# United States Court of Appeals for the Federal Circuit

---

**BARD PERIPHERAL VASCULAR, INC.
AND DAVID GOLDFARB, M.D.,**
*Plaintiffs/Counterclaim Defendants-Appellees,*

AND

**C.R. BARD, INC.,**
*Counterclaim Defendant-Appellee,*

v.

**W.L. GORE & ASSOCIATES, INC.,**
*Defendant/Counterclaimant-Appellant.*

---

2010-1510

---

Appeal from the United States District Court for the District of Arizona in Case No. 03-CV-0597, Judge Mary H. Murguia.

---

NEWMAN, *Circuit Judge*, concurring in the vacatur, dissenting from the partial remand.

The court now acts to correct its ruling on the subject of willful infringement. However, the panel majority does not explain why a remand is necessary at all in light of

the standard enunciated. On the correct standard, it seems clear that remand is unnecessary.

The general standard for willful infringement accompanied by multiplication of damages is whether the accused infringer acted unreasonably and with knowledge that it was infringing a valid patent. Thus the determination includes an estimation of the reasonableness of the accused infringer's view of patent validity and infringement, in view of all facts that could reasonably be included in the evaluation. As to whether Gore met the standard of willful wrongdoing, culpable action must be shown with sufficient definiteness to warrant the discretionary penalty of multiplication of damages, an aspect that invokes equity as well as law and judgment.

Gore's actions involve a host of potentially relevant facts that Gore could reasonably have believed would invalidate the Goldfarb patent or support Gore's right to continue to produce the Gore-Tex® grafts as it had for the 28 years of patent pendency; including (1) the ruling of the Patent and Trademark Office, affirmed by the Federal Circuit, that Gore's employee Cooper was the first to conceive of the invention that was patented by Goldfarb; (2) the fact that Cooper provided Goldfarb with the Gore-Tex® tubes that Goldfarb patented; (3) the fact that Goldfarb tested the tubes in dogs at Cooper's request; (4) the fact that others had previously tested the Gore-Tex® tubes in dogs and sheep, and had reported and published the same results that Goldfarb later patented; (4) the fact that the Goldfarb application was pending for 28 years, leaving doubt as to the outcome in the Patent Office. It is not irrelevant that the eventual allowance of the Goldfarb application included the admitted perjured affidavit of Denton, an affidavit that Denton asked Goldfarb to withdraw, and was refused.

When these aspects are considered, it is apparent that willful infringement is not supportable. However, if the court insists on retrial of willfulness, the appealed issues of validity and inventorship are relevant, for if Cooper has sole or joint inventorship rights or the right to use his prior information, the question of infringement evaporates, mooting any question issue of willfulness.

Thus this court should review the issues of validity and inventorship on this appeal, and if appropriate order retrial of the entire case, in the interest of justice.