# ATTACHMENT G

# AKIN GUMP
## STRAUSS HAUER & FELD LLP
#### Attorneys at Law

**DIANNE B. ELDERKIN**
215.965.1340/1.215.965.1210
delderkin@akingump.com

June 29, 2012

*Via E-Mail*

Robert J. Gunther, Jr.
WilmerHale
399 Park Avenue
New York, New York 10022

  Re: *Abbott GmbH & Co., KG et al. v. Centocor Ortho Biotech, Inc. et al.*
     C.A. No. 09-cv-11340

Dear Bob:

  I am writing to open discussion about trial of Abbott's willful infringement claim.

  As you know, the Federal Circuit's June 14 decision in *C.R. Bard v. W.L. Gore & Assoc., Inc.* held that the objective prong of the test for willfulness, a threshold issue, is an issue of law. Therefore, the Court must determine whether Centocor has a reasonable defense to Abbott's charge of infringement, and, only if it determines that Centocor has no reasonable defense, is a determination on the subjective prong made.

  In view of this ruling, it is Centocor's position that the Court must make a determination on the objective prong before any evidence or argument on the subjective prong can be presented to the jury. We intend to ask the Court to accept a motion for summary judgment that the objective prong cannot be met, *i.e.*, that Centocor has a reasonable defense to Abbott's infringement allegations. If the Court were to grant the motion before trial, there would be no need to deal with the subjective prong at trial.

  Centocor cannot present all of its defenses to the Court in the context of a summary judgment motion. Its motion would necessarily rely on defenses that stem from lost claim construction positions and/or issues already briefed in summary judgment motions. Centocor will propose that, if the Court were to deny the opportunity to brief the issue, or to deny the summary judgment motion, the issue of willfulness must be bifurcated for trial. Centocor should be permitted to present all of its defenses to the Court before it rules on the objective prong. This may mean presenting evidence outside of the jury's presence (e.g., on defenses stemming from lost claim construction positions, arguments that Centocor decides not to pursue at trial, positions



Robert J. Gunther, Jr.
June 29, 2012
Page 2

lost on summary judgment, and the Section 146 Action issues, some of which will be tried solely to Judge Saylor).[1]

      Centocor also advises that, in an effort to streamline issues for the jury, it is contemplating dropping its non-infringement defense to asserted Claims 7, 30, and 64 (dependent on 1) of the 128 Patent.  There would then be no infringement issues to try.[2]  However, Centocor cannot definitely commit to a decision with respect to dropping this defense – which it contends is one of its reasonable defenses – until it knows whether, and how, willfulness will be tried.

      We look forward to your thoughts on trying willfulness and to having a dialogue that will hopefully lead to a joint proposal to Judge Saylor.  We appreciate that you will want some time to consider this with your client; however, if you can let us know sooner rather than later whether you have an objection to Centocor's request to file a summary judgment motion on the willfulness objective prong, we would appreciate it, so that we can get moving one way or the other on at least that issue.

                                     Sincerely,

                                       *Dianne Elderkin*

                                     Dianne B. Elderkin

---

[1] Centocor, of course, reserves its right to appeal as to lost claim construction positions or defenses lost on summary judgment.

[2] This assumes that the release and covenant not to sue for the claims Abbott originally asserted but that are not being pursued at trial, requested in Ms. Verrecchio's letter of June 22, is granted.