**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., and ABBOTT BIOTECHNOLOGY LTD., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CENTOCOR ORTHO BIOTECH, INC. and CENTOCOR BIOLOGICS, LLC., | ) ) ) ) |
| Defendants. | ) |

C.A. No. 4:09-CV-11340 (FDS)

**JURY TRIAL DEMANDED**

**PUBLIC REDACTED VERSION**

**CENTOCOR'S REPLY IN SUPPORT OF ITS DAUBERT MOTION
TO EXCLUDE EVIDENCE OF ALLEGED LOST PROFIT DAMAGES
FROM ABBOTT EXPERT JULIE L. DAVIS**

**TABLE OF CONTENTS**

I.    SUMMARY OF ARGUMENT IN REPLY ........................................................................1

II.   MS. DAVIS' U.S. LOST PROFITS TESTIMONY SHOULD BE EXCLUDED ...............2
    A.    Ms. Davis' U.S. Lost Profits Opinion Is Based on a Client-Provided PowerPoint She Knows Little About ...............................................................2
    B.    Ms. Davis' U.S. Lost Profits Opinion Is Unreliable And Should Be Excluded ................................................................................................................5

III.  MS. DAVIS' O.U.S. LOST PROFITS TESTIMONY SHOULD BE EXCLUDED ...........7
    A.    Ms. Davis Has Recanted Her Previous Opinion on O.U.S. Lost Profits and Now Seeks to Introduce an Entirely New Opinion....................................................7
    B.    Ms. Davis's O.U.S. Lost Profits Opinions – Both Old and New – Should Be Excluded ..............................................................................................................10

IV.  CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Auto Indus. Supplier Employee Stock Ownership Plan v. Ford Motor Co.*,
   435 F. App'x 430 (6th Cir. 2011) ...................................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)..............................................................................................3, 5, 7

*Diabetes Centers of America, Inc. v. Healthpia America, Inc.*,
   No. 06-cv-3457, 2008 U.S. Dist. LEXIS 10052 (S.D. Tex. Feb. 11, 2008) ....................6, 7, 11

*JRL Enterprises, Inc. v. Procorp Associates, Inc.*,
   No. 01-cv-2893, 2003 U.S. Dist. LEXIS 9397 (E.D. La. June 3, 2003).........................6, 7, 11

*Macaulay v. Anas*,
   321 F.3d 45 (1st Cir. 2003)...............................................................................................12

*Martinez-Serrano v. Quality Health Services of Puerto Rico*,
   568 F.3d 278 (1st Cir. 2009)............................................................................................12

*Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools,*
   455 F.Supp. 2d 1286 (D.N.M. 2006) ..............................................................................11

*Quapaw Tribe of Okla. v. Blue Tee Corp.*,
   No. 03-cv-0846, 2010 U.S. Dist. LEXIS 105504 (N.D. Okla. Sept. 29, 2010)................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26........................................................................................................................8

I.      **SUMMARY OF ARGUMENT IN REPLY**

Two weeks *after* Centocor filed its *Daubert* motion to exclude the lost profits opinions of Abbott damages expert, Julie Davis, Abbott served a 500+-page "supplemental report" from Ms. Davis.  The exchange of supplemental damages expert reports was intended to provide updated damages numbers based on updated sales and financial information, since damages expert reports were served over a year ago.  They were not intended to provide experts the opportunity to present entirely new opinions.  Yet in her supplemental report, Ms. Davis seeks to change every single lost profits calculation that she provided in her May 2011 report, as well as ***completely change the rationale and methodology for her O.U.S. lost profits opinion***.  Regardless of Ms. Davis' belated attempt to try to fix the fundamental problems with her lost profits opinions, those opinions – both old and new – fail to meet the standards of Rule 702 and *Daubert* and should be excluded.

For U.S. lost profits, Centocor challenged Ms. Davis' opinion because the basis of her opinion was an Abbott-prepared PowerPoint presentation containing market information that she knows very little about.  Ms. Davis now seeks to disregard that PowerPoint in order to rely on a *new* Abbott-created PowerPoint to change her U.S. lost profits calculations.  Regardless of which Abbott PowerPoint she seeks to use, the inescapable fact is that she knows next-to-nothing about the information she uses as the foundation of her opinion.  Ms. Davis' U.S. lost profits opinion is unreliable and should be excluded.

For O.U.S. lost profits,  But now, over a year after her initial expert report and just weeks before trial, Ms. Davis seeks to

provide an entirely new and opposite opinion, ███████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████

Abbott should not be permitted to try to re-do its lost profits damages case at the eleventh hour.  Moreover, regardless of the propriety of Ms. Davis' supplemental report, the fact remains that she relied on – and continues to rely on – "data" fed to her by Abbott's lawyers that she knows little about.  Because Ms. Davis' lost profits analysis is wholly unreliable and based on insufficient data, this Court should exercise its gate-keeping function and exclude her opinions.

## II. MS. DAVIS' U.S. LOST PROFITS TESTIMONY SHOULD BE EXCLUDED

### A. Ms. Davis' U.S. Lost Profits Opinion Is Based on a Client-Provided PowerPoint She Knows Little About

Abbott's opposition to Centocor's motion with regard to U.S. lost profits entirely misses the mark.  Abbott argues that, "[i]n this case, Ms. Davis relies on reliable commercial data from WK [Wolters Kluwer], a disinterested source" (Abt. Opp. at 10).  But Ms. Davis does ***not*** rely on "commercial data from WK," and the information she does rely on is certainly ***not*** from a "disinterested source."  Ms. Davis relied on a PowerPoint – not WK "data" – and that PowerPoint was provided to her by Abbott's lawyers. ████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ As the case law demonstrates,

an expert opinion like Ms. Davis' – built on a foundation of unverified information obtained from an interested party – is inherently unreliable and should be excluded.

In addition to erroneously arguing that Ms. Davis relies on WK "data," Abbott also argues that Ms. Davis' deposition testimony "set[s] forth her considerable knowledge of the [WK] data and explain[s] the reasons for her reliance" (Abt. Opp. at 1). Abbott's allegation that Ms. Davis has "considerable knowledge" about the PowerPoint is precisely the reason that Centocor provided the Court with full questions and answers from Ms. Davis' deposition in its opening memorandum, testimony that shows that the opposite is true. ████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████[1] Although Abbott is correct that "Ms Davis is not required to be an 'expert' on WK data," (Abt. Opp. at 12) the law ***does require*** that Ms. Davis' expert opinion be reliable. An opinion premised on an attorney-generated PowerPoint that Ms. Davis never investigated and does not understand, fails to reach any level of reliability sufficient to go to the jury. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Abbott's attempt to support Ms. Davis' reliance on the PowerPoint by arguing that "Ms. Davis's opinion is based on WK data used by Abbott in the ordinary course of business" (Abt. Opp. at 5) is misguided. Abbott states that "[i]n the course of preparing her first report, Ms. Davis considered two PowerPoint presentations that calculated the percentage of bio-naïve and

---

[1] ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████

3

bio-experienced patients" (*id.*). ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████
████████



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████

Abbott also erroneously suggests that Centocor's expert, Dr. Gering, has somehow blessed Ms. Davis' faulty analysis (Abt. Opp. at 4). To the contrary, Dr. Gering unequivocally disagrees with Ms. Davis' lost profits analysis, ███████████████████████

███████████████████████████████████████

4

[redacted]

**B.     Ms. Davis' U.S. Lost Profits Opinion Is Unreliable And Should Be Excluded**

Abbott's argument that "Centocor's challenge" regarding U.S. lost profits "concerns the weight of the evidence – not its admissibility" (Abt. Opp. at 9) misses the point of the Court's gatekeeping function under *Daubert*, to "ensure that any and all scientific testimony or evidence admitted is not only relevant, ***but [also] reliable***." *Daubert*, 509 U.S. at 589 (emphasis added).

[redacted]

███████████████████████████████████████████ *Daubert* and its progeny show that this type of opinion is unreliable and should be excluded.

For example, in *Diabetes Centers of America, Inc. v. Healthpia America, Inc.*, No. 06-cv-3457, 2008 U.S. Dist. LEXIS 10052 (S.D. Tex. Feb. 11, 2008) (Ex. 5), the Court excluded a damages expert's opinion where the expert "conducted no independent research into whether the projected figures given to him by [plaintiff] were valid, or even reasonable. Indeed, he testified in deposition that he was not sure how the projected numbers were developed or who developed them." *Id.* at *5-6. A damages expert's lost profits opinion was similarly excluded in *JRL Enterprises v. Procorp Associates*, No. 01-2893, 2003 U.S. Dist. LEXIS 9397 (E.D. La. June 3, 2003) (Ex. 7) where the expert simply relied on sales forecasts provided by his client and "testified that he conducted no independent investigation of the[] numbers and simply relied on [the] numbers and the representations of [plaintiff's CEO] in formulating his calculations." *Id.* at *14. Numerous other cases reached the same result on similar facts. *See Auto Indus. Supplier Employee Stock Ownership Plan v. Ford Motor Co.*, 435 F. App'x 430, 454-55 (6th Cir. 2011) (affirming exclusion of expert where "threshold requirement of *Daubert* and *Rule 702*" could not be met by expert where his "testimony made clear that he had little, if any personal knowledge of the underlying data used" for his opinions); *see also* Centocor Opening Brief at 10-12.

Abbott's attempts to distinguish cases such as *Diabetes Centers* and *JRL Enterprises* by arguing that the "WK data" on which Ms. Davis purportedly relies was "provided from a reliable and independent third-party data source" (Abt. Opp. at 10). But Ms. Davis did not receive or rely on "data" provided from Wolters Kluwer. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

6

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████  There is no difference between the type of information relied on by Ms. Davis and the type of information at issue in cases such as *Diabetes Centers* and *JRL Enterprises*.

Since Ms. Davis' opinion rests solely on a client-provided PowerPoint presentation that she knows little about and made no effort to even minimally investigate, Abbott is basically "presenting its own estimation of damages in the guise of an expert opinion." *JRL Enterprises*, 2003 U.S. Dist. LEXIS 9397, at *23 (emphasis added) (Ex. 7). Ms. Davis' U.S. lost profits opinion fails to reach the necessary level of reliability and should be excluded under *Daubert*. *See Daubert*, 509 U.S. at 589; *see also Diabetes Centers*, 2008 U.S. Dist. LEXIS 10052, at *5-6 (Ex. 5); *see also JRL Enterprises*, 2003 U.S. Dist. LEXIS 9397, at *22-23 (Ex. 7).

### III. MS. DAVIS' O.U.S. LOST PROFITS TESTIMONY SHOULD BE EXCLUDED

#### A. Ms. Davis Has Recanted Her Previous Opinion on O.U.S. Lost Profits and Now Seeks to Introduce an Entirely New Opinion

Recognizing the fatal flaw in her O.U.S. lost profits opinion, Ms. Davis now seeks to completely change her opinion on that subject. ████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████. Ms. Davis' flip-flopping does nothing to save her opinion on O.U.S. lost profits and, accordingly, her opinions on this subject – whether old or new – should be excluded.

In view of Ms. Davis' changed opinion, Abbott states in its brief that Centocor's challenge to her opinion on O.U.S. lost profits is "irrelevant" (Abt. Opp. at 13). Nothing could

7

be farther from the truth.  Pursuant to this Court's April 27, 2011 Order, Abbott was to provide its opening expert report on damages by May 16, 2011 (Ex. 19, Electronic Court Notes).  That report was to include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).  ███████████████████████

███████████████████████████████████████████████████████████████

██████  In the face of Centocor's challenge to her lost profits opinions, however, Abbott and Ms. Davis now seek to dramatically change course with the introduction of new witnesses, new opinions, and new documents.



██████████████████.  Moreover, **none** of these Abbott employees was ever identified in Abbott's initial disclosures as having information relevant to this case (see Ex. 20).  Although Abbott has never identified any of these individuals as having relevant information in the three years this case has been pending, just last week Abbott identified Mr. Dawson and Mr. Patel as "potential witnesses" that it now seeks to add to its Rule 26 initial disclosures and also,

8

apparently, to bring to trial to testify (Ex. 21, 2012-07-17 Watson email and attachment; Ex. 22, 2012-07-18 Verrecchio letter).

More egregious than the belated identification of new fact witnesses is the identification of Ms. Davis' ***new expert opinion*** on O.U.S. lost profits. ██████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ Ms. Davis, however, failed to take any steps to investigate the basis for her O.U.S. lost profits opinion prior to providing it in May 2011. Had she done a timely investigation, she would have learned then – instead of weeks before trial – that her opinion was based on an erroneous assumption.

██████████████████████████████████████ ██████████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████████
███████████████████
    ███████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████

**B.     Ms. Davis's O.U.S. Lost Profits Opinions – Both Old and New – Should Be Excluded**

Abbott does not even try to argue that Ms. Davis' original O.U.S. lost profits opinion is admissible in this Court, suggesting that the issue is "moot" (Abt. Opp. at 2). ████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████ With no independent investigation into the

10

assumption that forms the basis of her opinion, "[t]he Federal Rules of Evidence and the requirements of *Daubert* are not satisfied." *Diabetes Centers*, 2008 U.S. Dist. LEXIS 10052, at *7 (Ex. 5); *see also JRL Enterprises*, 2003 U.S. Dist. LEXIS 9397, at *23 (Ex. 7).

Ms. Davis' new opinion on O.U.S. lost profits similarly fails to meet the minimum standard of Rule 702 and *Daubert*, and should be excluded. Ms. Davis' new O.U.S. lost profits opinion suffers from the same problems as her U.S. lost profits opinion. ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████ For the very same reasons discussed above with regard to Ms. Davis' U.S. lost profits opinion, her new O.U.S. lost profits is unreliable and should be excluded.

Ms. Davis' new lost profits opinion should be excluded for the additional reason that she should not get a "do-over" at this extremely late date because she failed to conduct a proper analysis under this Court's schedule. In *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools*, the Court rejected a party's attempt to do what Ms. Davis is seeking to do here – submit revised expert opinions in an attempt to fend off a *Daubert* challenge:

> I agree with Defendant that if Ms. Useem's expert report is to be considered a full and complete submission under *Fed. R. Civ. P. 26(a)(2)(B)*, then Plaintiffs cannot make major substantive revisions to that report at a later date -- after the deadline for expert reports has expired -- in order to make up for deficits that render the opinions stated in the report inadmissible under *Fed. R. Evid. 702*. . . . I conclude that Defendant would be incurably prejudiced if Plaintiffs were allowed to supplement . . . in this manner . . . .

455 F. Supp. 2d 1286, 1299 (D.N.M. 2006). Allowing this belated maneuver specifically affects the *Daubert* process and "effectively preclude[s] the Court from timely performing [its] gatekeeping function." *Id.;* s*ee also Quapaw Tribe of Okla. v. Blue Tee Corp.*, No. 03-cv-0846, 2010 U.S. Dist. LEXIS 105504, at *22 (N.D. Okla. Sept. 29, 2010) (excluding supplemental

11

expert report intended to "shield [expert's] testimony from a possible *Daubert* challenge") (Ex. 23). ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████

The First Circuit has repeatedly affirmed a district court's exclusion of belated expert opinions under circumstances such as those here. For example, in *Martinez-Serrano v. Quality Health Services of Puerto Rico*, the First Circuit affirmed exclusion of an expert's "reformulated" opinion finding that "the plaintiffs had flouted a clearly expressed discovery deadline without any apparent justification and under circumstances redolent of strategic behavior." 568 F.3d 278, 284 (1st Cir. 2009). Similarly, in *Macaulay v. Anas*, the exclusion of an expert's belated opinion was affirmed where "[t]he record shows beyond hope of contradiction that [the expert] had ample time to conduct discovery and to submit her expert reports within the period allotted by the district court. . . . To compound [the expert's] failings, discovery was closed and trial was imminent at the time the supplemental report surfaced." 321 F.3d 45, 51-52 (1st Cir. 2003).

Abbott does not dispute that Ms. Davis' "old" O.U.S. lost profits opinion is inadmissible. As for Ms. Davis' "new" O.U.S. lost profits opinion, it is inadmissible for the very same reason as her U.S. lost profits opinion – the foundation of the opinion is information that she never investigated and knows little about. Moreover, her new opinion on O.U.S. lost profits should be excluded for the additional reason that it is beyond late and there is undeniable prejudice to Centocor in allowing Ms. Davis to change her opinions at this point.

## IV.   CONCLUSION

Ms. Davis' U.S. and O.U.S. lost profits opinions should be excluded. Ms. Davis' trial opinions should be limited to providing expert testimony regarding alleged reasonable royalty damages due to Abbott for allegedly infringing sales of Stelara.

Dated: July 27, 2012  By: /s/ Dianne Elderkin
Dianne B. Elderkin (pro hac vice)
delderkin@akingump.com
Barbara L. Mullin (pro hac vice)
bmullin@akingump.com
Steven D. Maslowski (pro hac vice)
smaslowski@akingump.com
Angela Verrecchio (pro hac vice)
averrecchio@akingump.com
Matthew A. Pearson (pro hac vice)
mpearson@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
215-965-1200
FAX: 215-965-1210

Emily C. Johnson (pro hac vice)
johnsone@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue N.W.
Washington, DC 20036

Heather B. Repicky (BBO # 663347)
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000

Attorneys For Defendants
CENTOCOR ORTHO BIOTECH, INC. and
CENTOCOR BIOLOGICS, LLC

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing **Centocor's Reply in Support of its Daubert Motion To Exclude Evidence Of Alleged Lost Profit Damages From Abbott Expert Julie L. Davis** was electronically mailed to counsel of record on July 27, 2012 through the Court's ECF system.

                    /s/ Matthew A. Pearson