**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., ABBOTT BIOTECHNOLOGY, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>CENTOCOR ORTHO BIOTECH, INC., CENTOCOR BIOLOGICS, LLC.<br><br>Defendants. | **C.A. No. 4:09-CV-11340 (FDS)**<br><br>**JURY TRIAL DEMANDED** |
| CENTOCOR ORTHO BIOTECH, INC.<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT GMBH & CO., KG,<br><br>Defendant. | **C.A. No. 4:10-CV-40003 (FDS)** |

**ABBOTT'S REPLY BRIEF REGARDING WILLFUL INFRINGEMENT**

## TABLE OF CONTENTS

I.    CENTOCOR'S PROPOSAL FOR TRYING WILLFULNESS IN THIS CASE IS UNPRECEDENTED AND UNWARRANTED ................................................................. 1

II.   CENTOCOR'S ARGUMENTS THAT ITS DEFENSES ARE OBJECTIVELY REASONABLE ARE WITHOUT MERIT ....................................................................... 3

III.  CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

*Advanced Fiber Techs. Trust v. J & L Fiber Servs., Inc.*,
  674 F.3d 1365 (Fed. Cir. 2012) ................................................................................ 2

*In re Angstat*,
  537 F.2d 498 (C.C.P.A. 1976) .................................................................................. 4

*i4i Ltd. Partnership v. Microsoft Corp.*,
  598 F.3d 831 (2010) .................................................................................................. 3

*Powell v. Home Depot U.S.A., Inc.*,
  663 F.3d 1221 (2011) ................................................................................................ 3

*Regents of the Univ. of California v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed Cir. 1997) ................................................................................ 4

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
  620 F.3d 1305 (2010) ................................................................................................ 3

I.  **CENTOCOR'S PROPOSAL FOR TRYING WILLFULNESS IN THIS CASE IS UNPRECEDENTED AND UNWARRANTED**

*First*, Centocor has offered a proposal for trying willfulness that has no precedent. Centocor cannot cite a single case (and Abbot is not aware of one) in which the court conducted a shadow willfulness trial outside the presence of the jury (in the afternoons) while simultaneously trying liability to the jury (in the mornings). (*See* D.I. 420, Centocor Br. at 24-25). Nor is there any case in which the trial was "tri-furcated" so that the Court could conduct a trial-within-a-trial on the objective prong of willfulness after the liability phase and before the damages and willfulness phase, while holding the jury in abeyance. (*See id.*). Nor is there any controlling authority that would compel the Court to adopt either of these cumbersome proposals. (*See* D.I. 417, Abbott Br., Section IV.)

To the contrary, in the recent post-*Bard* trial of *Apple, Inc. v. Samsung Electronics Co.*, No. 11-cv-1846 (N.D. Cal.), the court submitted the willfulness issue to the jury without making any prior ruling on the objective prong of willfulness. (Ex. 6, Apple/Samsung Jury Instructions at 78; Ex. 7 Apple/Samsung Jury Verdict at 9.)[1] In *Apple*, the Court instructed the jury that "the patent holder must persuade you that the other side actually knew, or it was so obvious that the other side should have known, that its actions constituted infringement of a valid and enforceable patent." (Ex. 6, Apple/Samsung Jury Instructions at 78.) After providing these instructions, the court's verdict form asked the jury: "If you … found that any Samsung entity has infringed any Apple patent(s), has Apple proven by clear and convincing evidence that the Samsung entities' infringement was willful." (Ex. 7, Apple/Samsung Jury Verdict at 9.)  In this case, both Abbott and Centocor have proposed similar instructions and interrogatories for the jury, and the *Apple*

---

[1] "Ex." refers to the exhibits attached to the Declaration of Arthur W. Coviello in Support of Abbott's Reply Brief Regarding Willful Infringement.

- 1 -

case provides useful guidance as to how willfulness can and should be tried in view of the Federal Circuit's decisions in *Seagate* and *Bard*.

*Second*, Centocor gives no reason why the Court should decide the objective prong in the middle of trial rather than after trial on a motion for judgment as a matter of law ("JMOL"). Centocor's brief does not identify any benefit to be gained from deciding the objective prong before the second phase of trial. Nor does Centocor's brief identify any prejudice that would result from the Court trying willfulness to the jury and deciding the objective prong *de novo* based on post-trial JMOL motions. Centocor also does not address the fact that its proposal risks a retrial on the willfulness issue if a decision that the objective prong is not met is later reversed by the Federal Circuit on *de novo* review. (*See* D.I. 417, Abbott Br. at 18.) Instead, after declining to move for summary judgment on willfulness, Centocor now asks the Court to provide a JMOL ruling in the midst of trial without the benefit of JMOL briefing.

In addition, Centocor is wrong to argue (D.I. 420, Centocor Br. at 24) that evidence in the second phase of trial will be irrelevant to the objective prong. For example, Centocor's failure to raise its written description and enablement defenses in the interference is probative to show *both* (1) that the written description defense is unreasonable *and* (2) that Centocor knew it to be so. *Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs., Inc.*, 674 F.3d 1365, 1377-78 (Fed. Cir. 2012) (relying on PTO proceedings when determining willfulness).[2] Similarly, the failure of Centocor's opinion counsel to identify any noninfringement defense for two of the asserted claims shows *both* (1) that Centocor's noninfringement defense was unreasonable *and* (2) that Centocor knew it to be so.

---

[2] Abbott also contends that the PTO interference proceedings are relevant and admissible in the liability phase to rebut Centocor's invalidity defenses. (*See* D.I. 439, Pre-Trial Br. at 3, 14.)

***Third***, the adage that "the simplest solution tends to be correct" is applicable here. Whereas Centocor offers a cumbersome proposal for trying willfulness that no court has ever followed, Abbott has proposed trying the willfulness issue to the jury, just as courts have done after the Federal Circuits' *Seagate* decision, and have continued to do after *Bard*. *See, e.g.*, *Apple*, No. 11-cv-1846 (N.D. Cal.) (willful infringement tried to jury before court decided objective prong); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236-37 (2011) (same); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 858 (2010) (same); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1320 (2010) (same).

## II. CENTOCOR'S ARGUMENTS THAT ITS DEFENSES ARE OBJECTIVELY REASONABLE ARE WITHOUT MERIT

**Infringement**. This Court already ruled on summary judgment that no reasonable jury could accept Centocor's "human antibody" noninfringement defense under the Court's claim construction rulings. And Centocor has abandoned all of its other noninfringement defenses.

Moreover, Centocor's claim construction arguments were equally unreasonable. This Court already found Centocor's proposed construction of "human antibody" to be "highly likely to be incorrect" (D.I. 162 at 41) and already rejected Centocor's indefiniteness argument concerning the $K_d$ limitation, concluding that there is "no ambiguity as to the measurement methodology contemplated by the $K_d$ claims" (D.I. 341 at 38).

Accordingly, the Court should reject Centocor's request for six additional hours of testimony outside the presence of the jury to attempt to show that its noninfringement defenses were reasonable. There is a full record on these issues as a result of the extensive *Markman* and summary judgment proceedings. Accordingly, there is no need for Centocor to present six more hours of the same unreasonable arguments on claim construction and noninfringement.

**Written Description**.  As discussed in Abbott's opening brief, Centocor's written description argument has no merit.  For example, Centocor's written description defense for claim 29 of the '128 patent turns on the assertion that 50 antibodies are not a representative disclosure even though the claimed genus is only known to contain 53 antibodies, and Centocor cannot predict that any more such antibodies will ever be identified.  A disclosure of 50 out of 53 known antibodies within the claimed genus more than satisfies the requirement to disclose a representative number of species.  *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1569 (Fed Cir. 1997) ("[E]ven in an unpredictable art," "every species in a genus claim need not be described in order that a genus meet the written description requirement.").  In addition, Centocor's written description defense for the P19/P40 claims does not apply to all claims, and thus provides Centocor no aid in avoiding a finding of willful infringement on the remaining asserted claims.

**Enablement**.  As discussed in Abbott's opening brief, Centocor's enablement defense is unreasonable for much the same reason as its written description defenses.  Abbott has enabled the full scope of the asserted claims by enabling a representative number of antibodies.  For example, Centocor cannot dispute that a person of ordinary skill in the art would be able to make and use the 50 representative antibodies in the scope of claim 29 of the '128 patent.  *See In re Angstat*, 537 F.2d 498, 502-03 (C.C.P.A. 1976) (affirming the BPAI's conclusion that enablement of 40 representative species was adequate support for a genus claim).

**Anticipation by Stelara (Centocor's Prior Invention Claim)**.  Little need be said on Centocor's argument that its development of Stelara anticipates Abbott's claimed invention.  The PTO has rejected Centocor's priority claim, and the Court also rejected Centocor's priority argument on summary judgment in no uncertain terms.  (D.I. 340 at 12.)  Further, Centocor's

"prior invention" defense is not even a defense to all claims, as it only relates to the so-called "composition" claims. (D.I. 420, Centocor Br. at 13.)

**Obviousness**. Centocor's arguments regarding obviousness are plainly unreasonable as they depend on assertions that are directly contradicted by the deposition testimony of Centocor's own scientists. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**Anticipation By Abbott's Own Secret Inventive Work.** In Centocor's willfulness brief, Centocor does not write to defend the reasonableness of its defense of anticipation by Abbott's own secret inventive work.

**Indefiniteness**. In Centocor's willfulness brief, Centocor does not write to defend the reasonableness of its indefiniteness defense.

## III. CONCLUSION

For the foregoing reasons, and the reasons stated in Abbott's opening brief on willful infringement, the Court can and should submit the willfulness issue to the jury in the second phase of trial. After trial, the Court can decide the objective prong of willfulness *de novo* on post-trial motions for judgment as a matter of law. Based on the evidence that will be presented during both phases of trial, Abbot will prove by clear and convincing evidence that Centocor willfully infringed the asserted patents under *Seagate's* two-part test for willfulness.

September 4, 2012              Respectfully submitted,

*/s/ Robert J. Gunther, Jr.*
--------------------------------
Robert J. Gunther, Jr. (admitted *pro hac vice*)
Jane M. Love (admitted *pro hac vice*)
Anne-Marie Yvon (admitted *pro hac vice*)
Violetta G. Watson (admitted *pro hac vice*)
Paula Estrada de Martin (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee (BBO # 291960)
Anne M. McLaughlin (BBO # 666081)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

William G. McElwain (BBO # 332510)
Amy K. Wigmore (admitted *pro hac vice*)
Amanda L. Major (admitted *pro hac vice*)
Jacob S. Oyloe (admitted *pro hac vice*)
Rachel L. Weiner (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

William W. Kim (admitted *pro hac vice*)
Arthur W. Coviello (BBO # 670152)
WILMER CUTLER PICKERING HALE AND DORR LLP
905 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Abbott GmbH & Co., KG, Abbott Bioresearch Center, Inc. and Abbott Biotechnology, Ltd.*

- 7 -

## CERTIFICATE OF SERVICE

       I certify that, on September 4, 2012, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

       /s/ Arthur W. Coviello