# EXHIBIT 12



**BASF CORP., Plaintiff, v. ARISTO, INC. and VICTOR ROSYNSKY, Defendants.**

**2:07 CV 222 PPS**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

*2012 U.S. Dist. LEXIS 90768*

**June 29, 2012, Decided
June 29, 2012, Filed**

**PRIOR HISTORY:** *BASF Corp. v. Aristo, Inc., 2012 U.S. Dist. LEXIS 90761 (N.D. Ind., June 29, 2012)*

**COUNSEL:** [*1] For BASF Corporation, Plaintiff, Counter Defendant: Andrew W Hull, Laurie E Martin, LEAD ATTORNEYS, Hoover Hull LLP, Indianapolis, IN; Gregory L Diskant PHV, Jeffrey I D Lewis PHV, Lynde F Lintemuth PHV, LEAD ATTORNEYS, Noah Stein PHV, PRO HAC VICE, Patterson Belknap Webb & Tyler LLP, New York, NY.

For Aristo Inc, Defendant: Ann G Schoen PHV, LEAD ATTORNEY, PRO HAC VICE, Frost Brown Todd LLC - Cin/OH, Cincinnati, OH; Joel E Tragesser, Patricia Polis McCrory, LEAD ATTORNEYS, Frost Brown Todd LLC - Ind/IN, Indianapolis, IN; Spiro Bereveskos, Woodard Emhardt Moriarty McNett & Henry LLP, Indianapolis, IN; Steve Zlatos PHV, PRO HAC VICE, Woodard Emhardt Moriarty McNett & Henry LLP, Indianapolis, IN.

For Victor Rosynsky, Defendant, Counter Claimant: Paul B Overhauser, Overhauser & Lindman LLC, Greenfield, IN.

For Aristo Inc, Counter Claimant: Ann G Schoen PHV, LEAD ATTORNEY, PRO HAC VICE, Frost Brown Todd LLC - Cin/OH, Cincinnati, OH; Joel E Tragesser, Patricia Polis McCrory, LEAD ATTORNEYS, Frost Brown Todd LLC - Ind/IN, Indianapolis, IN.

**JUDGES:** PHILIP P. SIMON, CHIEF UNITED STATES DISTRICT JUDGE.

**OPINION BY:** PHILIP P. SIMON

**OPINION**

**OPINION and ORDER**

Before the Court is Defendant Aristo, Inc.'s Motion for Bifurcation (Phased) [*2] of the Trial on Infringement from Willfulness and Damages. [DE 284.]

This is a patent infringement case in which BASF claims that Aristo infringed its "*'210 patent*," which teaches a method of coating ceramic substrates with a "uniform coating profile" that then become a core component of catalytic converters. Trial is scheduled to begin in a little more than two weeks, and, pursuant to *Federal Rule of Civil Procedure 42*, Aristo has asked that the trial be bifurcated into two phases: a first phase limited strictly to addressing whether the allegedly infringing substrates it has produced contain a "uniform coating profile" and a second phase of the trial (if necessary) that would address questions of willfulness and damages. Plaintiff BASF is amenable to bifurcating the case more broadly, with phase one addressing liability (including willfulness) and phase two addressing damages. As explained below, Aristo's motion for

bifurcation will be granted in part and denied in part.

*Rule 42(b)* states that "[f]or [*3] convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Fed. R. Civ. P. 42(b)*. "Under *Rule 42(b)*, a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212 (Fed. Cir. 1987)*.

As noted, both sides here are amenable to bifurcation, they just disagree as to the exact contours of the split. The central disagreement comes down to BASF's ability to make its case that Aristo willfully infringed its patent. BASF hopes to make this case because if willfulness is found the Court is authorized to treble the damages. *See 35 U.S.C. § 284*. Aristo argues that any discussion of willfulness will be unduly prejudicial and cloud the central infringement issue of this case. Aristo would prefer that the liability phase be severely limited -- basically just the question of whether its substrates have a uniform coating profile and thus infringe the *'210 patent*.

Aristo seems to believe that this entire trial could be decided simply by holding [*4] up an Aristo substrate and asking the jury if it has a "uniform coating profile." *See* DE 284 ("It is either a 'uniform coating profile' or it isn't."). That position is too reductionist. BASF has to be able to explain its case to the jury, which includes setting up the factual background and context of its direct claim against BASF and its inducement claim against Victor Rosynsky. This means allowing BASF to present "evidence about the patented technology, the products, and the industry." [DE 299 at 8.] That is all necessary and relevant background to understanding what the *'210 patent* is, what a catalytic converter is, what a substrate is, what the uniform coating profile is, whether Aristo has performed a process by which a substrate with uniform coating profile has been produced, and whether Rosynsky encouraged or aided in that infringement. Evidence about the design, construction, and operation of Aristo's MISO Coater machine is also fair game as helpful background for the jury to understand the process of producing the allegedly infringing products.

Moreover, Aristo's position is somewhat confusing because it's not clear exactly what evidence goes directly to the willfulness issue [*5] that could be easily separated from the ultimate question of infringement. I think this is as close as Aristo gets to identifying what it believes would be willfulness-specific evidence that could be saved for a second phase of trial:

> The hiring of Rosynsky, his former status, BASF's internal machine, BASF's actual commercial process, damages, the use of MPT to build the MISO, whether or not the MISO machine looks similar to BASF's commercial machine, whether or not Aristo, MPT and/or Rosynsky did or did not show the MISO to BASF, Aristo's, Vange and Andy Proimos's plans or intent, etc., do not actually answer the only relevant question, which is whether or not Aristo's profiles fit the Court's definition of the claims of the *'210 patent*.

[DE 303 at 3.] I disagree, as I believe that, except for damages, that list identifies factual elements that are fair game for BASF to use to make its case either against Aristo on direct infringement or against Rosynsky on induced infringement (or both).

I do agree, however, that any evidence as to the damages that flow from the alleged infringement will be reserved for a second phase of the trial after the jury has reached a verdict on liability. Let [*6] me be as clear as possible about what this delineation will look like. In establishing the potential damages in this case, both sides have hired experts to engage in the hypothetical exercise of attempting "to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1324 (Fed. Cir. 2009)*. Those damages experts will not testify until the second phase of trial (if that phase is necessary). All other factual issues, including issues that may have a bearing on the factual backdrop that enabled the expert's to arrive at their royalty conclusion, will be proffered in the first phase of the trial. For example, one major dispute between the damages experts is the extent to which Aristo's intent to enter the Original Equipment Manufacturer ("OEM") market effects the calculation of the hypothetical royalty rate. Evidence from Aristo's owners and employees about that intent will be permitted in the first phase of the trial.

One further note on the issue of willfulness. The

Federal Circuit established the test for willful infringement in *In re Seagate Tech., 497 F.3d 1360 (Fed. Cir. 2007)*. [*7] In *Seagate*, the Federal Circuit held that to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id. at 1371*. If that threshold hurdle is met, then the patentee must also prove "that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*. So under *Seagate* there is both an objective and subjective component to proving willfulness.

Earlier this month, however, the Federal Circuit further clarified the willfulness standard in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc., 670 F.3d 1171, 2012 WL 2149495 (Fed. Cir. 2012)*. According to *Bard*, a willfulness determination should be sent to the jury only when a judge has decided, as a matter of law, that there is clear and convincing evidence that a defendant's conduct in using an allegedly patented process was objectively reckless. *670 F.3d 1171, Id. at *3*. In other words, the first prong of the *Seagate* willfulness standard -- the one dealing with objective recklessness -- is a matter for the court to decide. As [*8] a result, in order to send the issue of willfulness to the jury, I would have to find that Aristo's defenses to its conduct -- its arguments, for example, that its substrates don't infringe the *'210 patent* or that the *'210 patent* was invalid or that its construction of the *'210 patent*'s claims were valid -- are all "objectively baseless." *Id*.

Aristo never moved for summary judgment on the issue of willfulness, so I will have to wait and see what BASF comes up with at trial to prove the issue. The proof will be in the pudding. But I am mindful of what *Bard* now mandates. Pursuant to *Federal Rule of Civil Procedure 50*, I will reserve ruling on the issue of willfulness until BASF has had an opportunity to present its evidence at trial. At that time -- with the benefit of having seen and heard the evidence -- I can then decide the willfulness issue by revisiting the defenses raised by Aristo both at the claims construction hearing and in summary judgment in order to determine whether Aristo acted in an objectively reckless way.

Therefore, Defendant Aristo, Inc.'s Motion for Bifurcation (Phased) of the Trial on Infringement from Willfulness and Damages [DE 284] is **GRANTED in part** and **DENIED in** [*9] **part**, consistent with this Opinion.

**SO ORDERED**.

ENTERED: June 29, 2012

/s/ Philip P. Simon

PHILIP P. SIMON, CHIEF JUDGE

UNITED STATES DISTRICT COURT