WILMERHALE

*Via ECF & Federal Express*

Robert J. Gunther, Jr.

September 5, 2012

+1 212 230 8830(t)
+1 212 230 8888(f)
robert.gunther@wilmerhale.com

The Honorable F. Dennis Saylor, IV
United States District Judge
United States District Court
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re: *Abbott GmbH & Co., KG et al. v. Centocor Ortho Biotech, Inc., et al.*, C.A. No. 4:09-cv-11340

Dear Judge Saylor:

    As the Court may be aware, in response to Centocor's Daubert motion in which it challenged the ability of Abbott's damages expert Julie L. Davis to rely on third party Wolters Kluwer (WK) data concerning actual patient prescriptions, Abbott identified Prashant Patel and Brian Dawson as potential witnesses at trial. In its opposition to Centocor's motion in limine number 1 (D.I. 407), Abbott explained that it named these witnesses because "[u]nder the direction of Mr. Dawson, Mr. Patel extracted the data from the Wolters Kluwer database used in Ms. Davis's supplemental report. Mr. Dawson was responsible for generating the WK data relied on in Ms. Davis's original report, as discussed in Ms. Davis's deposition." Abbott further explained it designated Mr. Patel and Mr. Dawson pending the Court's ruling on the motion, but Abbott did not expect to call either Mr. Dawson or Mr. Patel at trial.

    In view of the Court's denial of Centocor's Daubert motion, Abbott withdraws Mr. Dawson and Mr. Patel from its may call live witness list. As a result, Centocor's motion in limine number 1 to exclude testimony from these two witnesses is moot.

Respectfully submitted,

Robert J. Gunther, Jr.

cc: Dianne B. Elderkin (via email)
    Barbara L. Mullin (via email)