**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ABBOTT GMBH & CO., KG; ABBOTT BIORESEARCH CENTER, INC.; and ABBOTT BIOTECHNOLOGY LTD., now known as ABBVIE BIOTECHNOLOGY, LTD, <br><br> Plaintiffs, <br><br> v. <br><br> CENTOCOR ORTHO BIOTECH, INC., now known as JANSSEN BIOTECH, INC., and CENTOCOR BIOLOGICS, LCC, <br><br> Defendants. | Civil Action No. 09-11340-FDS |

## ORDER ON MOTIONS IN LIMINE

The parties have filed numerous motions in limine in preparation for trial of this action. The Court's rulings, in summary fashion, are as follows.

**Plaintiff's Motions**

**# 1 -   To preclude evidence and argument during the liability phase relating to the regulatory process, the commercialization of the antibodies at issue, commercial products (or lack thereof), and "back-up discovery" efforts.**

GRANTED in part and DENIED in part.

Centocor will be permitted to present evidence of structural and functional differences between Stelara and other IL-12 antibodies in support of its written-description defense. Evidence of MACE events or toxicity tests that were communicated to the FDA associated with Abbott's J695 antibody, however, will be excluded under Fed. R. Civ. P. 403. Evidence of the regulatory approval process, commercialization efforts, and alternative lines of research by

Abbott scientists will be generally excluded as irrelevant under Fed. R. Evid. 402. Evidence that Abbott's J695 antibody has not been marketed will be excluded as irrelevant unless Abbott argues or suggests that its invention is nonobvious because it has been successful in the marketplace.

> **# 2 -    To preclude Centocor from offering evidence or making arguments relating to the fact that Stelara is patented**.

GRANTED.

Evidence that Stelara has been patented does not appear to be relevant to the issues in this litigation.

> **# 3 -    To preclude evidence and argument (A) relating to damages during the liability phase of the trial, and (B) relating to the post-judgment impact on Stelara, including whether royalties could be owed or an injunction issued, at any point during the trial.**

GRANTED.

The Court will describe the nature of the lawsuit, including the fact that damages are sought, during its preliminary instructions to the jury. The issues of damages and injunctive relief are not generally relevant in the liability phase.

> **# 4 -    To preclude Centocor from offering evidence or making arguments that the date of Abbott's invention coincides with the date all inventors began working on the claimed invention.**

DENIED.

Consistent with this Court's rulings on summary judgment, Centocor may present evidence relating to the inventive contributions of Stuart Friedrich—for example, as evidence that the claimed invention was conceived at a later date than Abbott contends—and may make related arguments to the jury. However, the law does not mandate a finding of invalidity based

on the fact that Friedrich is named as an inventor in the patent.

> **# 5 -   To preclude Centocor from offering evidence or making arguments relating to any abandonment, suppression, or concealment by Abbott under Section 102(g)(2).**

GRANTED.

Issues arising under Section 102(g)(2) concerning abandonment, suppression, or concealment apply to patent challengers, not patentees.

> **# 6 -   To require that any reference to the Texas litigation be made only after prior notice is given to the opposing party and approval is obtained from the Court.**

DENIED in part and GRANTED in part.

Particular prior inconsistent statements or statements of party-opponents from the Texas litigation may be admitted for impeachment or other appropriate evidentiary purposes, without prior disclosure.  To the extent that the parties dispute the admissibility of a particular statement, the Court's ruling will be deferred until trial.  Otherwise, evidence concerning the Texas litigation appears to be irrelevant.

> **# 7 -   To preclude Centocor from calling as a witness or offering any testimony from Abbott's claim construction expert Michael Grusby.**

GRANTED.

The Court will not compel Michael Grusby to testify unless he has personal knowledge of a relevant factual matter.

> **# 8 -   To preclude Dr. Gering's testimony and exhibits that rely on licenses that do not meet the Federal Circuit's license comparability requirements.**

GRANTED in part and DENIED in part.

Testimony by Dr. Gering based on prior license negotiations between Abbott and

Centocor will be excluded. Testimony Dr. Gering based on the cross-licensing agreement related to the '766 patent and TNF-alpha antibodies will, however, be permitted.

### # 9 - To preclude Dr. Gering's testimony on changes in Federal Circuit law.

DENIED.

Dr. Gering may not, as a general matter, opine as to the law. However, he will be allowed to testify as to his understanding of changes in the law, if necessary to explain his royalty calculation.

### # 10 - To preclude evidence or argument relating to MACE because the parties' damages experts agree that Stelara sales need not be apportioned under the entire market value rule.

DENIED as moot. Centocor has represented that it does not intend to present evidence of MACE events.

## Defendant's Motions

### # 1 - To exclude testimony from witnesses not disclosed during fact discovery.

DENIED as moot.

It appears that in light of this Court's ruling on Centocor's *Daubert* motions, Abbott no longer intends to call the witnesses at issue.

### # 2 - To preclude Abbott from arguing or presenting post-filing evidence in support of written description of p19 claims.

DENIED.

It appears that the disputed evidence is either (1) data relating to the structure and function of the antibodies disclosed in the patent or (2) data that precedes the filing date.

### # 3 - To preclude Abbott from arguing that Trinchieri prior art patent is not enabled.

DENIED as moot.

**# 4 -   To preclude Abbott from presenting evidence or argument relating to licensing/settlement discussions.**

DENIED as moot as to the liability phase of the trial, without prejudice to its renewal as to the willful infringement phase.

**# 5 -   To preclude Abbott from presenting evidence or argument relating to the outcome of prior litigation.**

GRANTED in part and DENIED in part.

References to the outcome of the prior litigation will be barred. However, prior testimony of witnesses may be admissible for impeachment purposes, and on redirect, a party may elicit testimony as to the differences in the nature of the actions to explain apparent inconsistencies in the witnesses' statements.

**# 6 -   To exclude reference to the PTO Board's priority and validity decisions, the count, and prior art relied on by Centocor.**

GRANTED in part and DENIED in part.

Abbott will be precluded from offering the PTO Board's priority and validity decisions under Fed. R. Evid. 403, particularly in light of the fact that the court is reviewing those decisions in the § 146 action. The Court will defer its ruling as to whether that information may be admitted as to the willfulness issue.

**# 7 -   To preclude duplicative testimony of Abbott experts.**

DENIED without prejudice to its renewal.

The expert reports are generally different, but they do overlap in part. The experts will not be permitted to testify to the same issues, but the Court will not exclude either report in its entirety or prevent Abbott from calling the experts to testify to different issues.

**# 8 -   To exclude evidence about secondary considerations of non-obviousness.**

DENIED.

Abbott's experts will be permitted to testify consistent with their expert reports, but will not be permitted to offer additional opinions or otherwise testify as to matters that were not disclosed.  The denial is without prejudice to objections at trial based on the failure to disclose specific matters in the report.

**# 9 -   To exclude argument or evidence relating to economic factors of transgenic mouse.**

DENIED.

Evidence as to the practical availability of transgenic mice is relevant to the obviousness issue and will be admitted.

**# 10 -  To exclude evidence or argument related to testing that was not disclosed by Abbott's expert.**

DENIED.

The testimony cited by Centocor, as set forth in Dr. Wilson's deposition, may be admitted.

**# 11 -  To preclude Abbott from suggesting that inventorship of the patents is wrong.**

DENIED.

Abbott will not be precluded from asserting its statutory right to correct inventorship, or otherwise from responding to arguments concerning the inclusion of Mr. Friedrich.

**# 12 -  To limit the testimony of Abbott expert Joan Ellis.**

DENIED.

Dr. Ellis may testify as a summary witness, without opining as to the requirements of the

law.

> **# 13 - To exclude testimony from third party witnesses not disclosed during fact discovery.**

DENIED without prejudice to its renewal after the pretrial conference in the § 146 proceeding.

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated:  September 6, 2012