# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABBOTT GMBH & CO., KG, | ) | |
| ABBOTT BIORESEARCH CENTER, INC., | ) | C.A. No. 4:09-CV-11340 (FDS) |
| and ABBOTT BIOTECHNOLOGY LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| CENTOCOR ORTHO BIOTECH, INC. and | ) | |
| CENTOCOR BIOLOGICS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**CENTOCOR'S OPPOSITION TO ABBOTT'S MOTION FOR CLARIFICATION OF
ORDER ON CENTOCOR MOTION IN LIMINE NO. 6**

## I.      INTRODUCTION

Abbott's motion for "clarification" of the Court's ruling on Centocor Motion in Limine No. 6 is just re-argument of the motion on which the Court has already ruled.  In fact, a large portion of Abbott's motion is a nearly verbatim copy of its motion in limine opposition.  This Court's ruling on Motion in Limine No. 6 was that "Abbott will be precluded from offering the PTO Board's priority and validity decisions under Fed. R. Evid. 403, particularly in light of the fact that the court is reviewing those decisions in the § 146 action" (D.I. 453 at 5).  Abbott's motion asks the Court not only to allow it to cross-examine Centocor's expert about the validity decision of "a separate proceeding in the Patent Office" (i.e., the interference), but also to improperly instruct the jury about the interference and the burden of proving invalidity  Abbott's improper attempt to again introduce the interference proceeding into the trial should be rejected. In addition, the jury instruction requested by Abbott is legally erroneous.

## II.     ABBOTT'S ATTEMPT TO INTRODUCE THE INTERFERENCE INTO THE TRIAL SHOULD AGAIN BE REJECTED

Abbott's motion seeks "clarification" of three categories of prior art.  Each is addressed below.

### A.      The First and Second Categories: Art Considered by the PTO During Prosecution and/or the Interference

Abbott has raised concern about its ability to ask questions of witnesses about whether or not prior art was considered during the prosecution (first category) and/or the interference proceeding (second category) (Abbott Br. at 3-4).  There is a simple solution to address Abbott's concern.  The parties can agree on a list for the jury identifying art that was considered by the Patent Office during the prosecution of each of the patents.  The list would include the art that was considered during the prosecution of the patents, as well as art that was considered during the interference.  This would be consistent with the Court's ruling that evidence about the

outcome of the interference would be prejudicial and would address Abbott's stated concern that the record should reflect what art was cited during both the original prosecution and the interference.

**B.    The Third Category: Art *Never* Considered by the PTO During Prosecution or the Interference**

For the third category of prior art, Abbott makes the nonsensical argument that it should get to talk about the interference because Centocor is relying on art that was ***never*** a part of that proceeding.  Its proposal is illogical and, in any event, it has already been disposed of by the Court when it ruled that the interference determination is off-limits.  There is no reason for the Court to change its ruling.

Abbott wants the ability to argue that any piece of prior art that Centocor relies on that was ***not*** considered during prosecution and ***not*** considered during the interference was art that Centocor "could have" raised in the interference.  Then, once it has mischaracterized all prior art as art that "could have" been raised in the interference, Abbott argues that it should be able to question witnesses about such art in the context of "a separate proceeding in the Patent Office to consider the obviousness of the patent after it issued in which Centocor could and did participate by submitting prior art" (Abbott Br. at 4).  Abbott's argument is directly contrary to this Court's ruling on Motion in Limine No. 6 (D.I. 453 at 5).  Nonetheless, Abbott argues that it should be allowed to establish the following three things in front of the jury:

> 1) that there was a separate proceeding in the Patent Office to consider the obviousness of the patent after it issued in which Centocor could and did participate by submitting prior art and 2) Centocor chose not to submit the prior art on which it now relies and 3) the Patent Office refused to find the patent obvious.

(Abbott Br. at 4).  In other words, Abbott wants to discuss the outcome of the interference in front of the jury.

Abbott's position is incredible.  The Court's order on Motion in Limine No. 6 plainly says that Abbott is "precluded from offering the PTO Board's priority and validity decisions" (D.I. 453 at 5).  It is bad enough that Abbott seeks to disregard this ruling, but it also seeks permission to confuse the jury into thinking that the Patent Office found Abbott's claims non-obvious *in view of art it never considered*.

If Abbott wants to try to establish that unconsidered prior art that Centocor is relying on is no different in terms of substance from art that *was actually considered* by the Patent Office, it is free to try to do that.  But to argue that it should be able tell – or even suggest – to the jury that there was an interference and that the jury should draw some sort of adverse inference against prior art *that was not considered* by the Patent Office is, quite frankly, ludicrous and contrary to this Court's rulings.

The Court should again reject Abbott's attempt to discuss the outcome of the interference proceeding as, *inter alia*, the evidence is highly prejudicial.

## III.    ABBOTT'S PROPOSED JURY INSTRUCTION IS COUNTER TO THE LAW

Abbott's motion also includes argument on multiple proposed additions to the parties' proposed jury instruction on prior art.  Its additions find no support in the law, however.

### A.    Improper Addition of "More Material" to the Instructions

Abbott has failed to point to a single case stating that unconsidered art must be "more material" than art considered by the examiner for the patent challenger to argue that it should be given more weight and make it easier to satisfy the clear and convincing burden.  Abbott's attempt to import such a requirement into the jury instructions should be rejected.

Other than the underlined language that Abbott seeks to add, the parties have jointly proposed the following jury instruction:

> When a party challenging a patent relies on prior art that was considered by the examiner <u>or is no more material than the art considered</u> during prosecution of the application which resulted in the issued patent, that party's ability to satisfy its clear and convincing burden may be more difficult.  When a party challenging the validity of a patent presents evidence that was not considered by the examiner during the prosecution of the application which resulted in the issued patent <u>and is more material than the art considered,</u> such new evidence may be given more weight and may make it easier to satisfy the party's clear and convincing evidence burden.

As explained in Centocor's trial brief, the agreed-to language in this instruction (*i.e.*, all language except for the underlines portions) is consistent with the holdings in the Supreme Court's decision in *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2249-51 (2011), and the Federal Circuit's decision in *Sciele Pharma, Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012).  Although both of those cases indicate that whether or not a reference was before the PTO could go to the *weight of the evidence*, the cases certainly make no pronouncement, as Abbott argues, that it is only "more material" prior art that makes it easier for the challenger to satisfy its clear and convincing burden.

In fact, the *i4i* decision states that "if the PTO did not have all material facts before it, its considered judgment may lose significant force."  131 S.Ct. at 2251; *see also Sciele,* 684 F.3d at 1260 ("'[I]f the PTO did not have all material facts before it, its considered judgment may lost significant force' and the burden to persuade the finder of fact by clear and convincing evidence may, therefore, 'be easier to sustain.'").  The *i4i* Court did ***not*** state that only if the PTO did not have the "most material" facts or "facts more material than the ones it did have" does the PTO's judgment lose force.  Indeed, the Supreme Court in *i4i* says that the jury "may be instructed to evaluate whether the evidence before it is materially new," but it does not say that the art must be "more material" as Abbott's instruction would provide.  *i4i*, 131 S.Ct. at 2251.  The underlined references to "more material" art should not be included in the Court's jury instructions.

**B.      Improper Addition of An Instruction On the Interference**

Reverting to a sports analogy, Abbott's proposal to add the following paragraph to the jury instructions is nothing short of a Hail Mary Pass, as there is not a scintilla of law to support it:

> For purposes of determining whether new evidence or prior art is more material than the evidence or prior art considered by the Patent Office you may consider whether Centocor could have brought the prior to the Patent Office's attention during separate proceedings challenging the validity of the patent but chose not to do so.

(Abbott Br. at 6).  This instruction would essentially allow an adverse inference regarding materiality of prior art when Centocor allegedly could have brought, and did not bring, that prior art to the PTO's attention during another proceeding.[1]

Not surprisingly, Abbott's brief cites no law in support of this novel proposition.  The law imposes a duty of disclosure on *patent applicants* to disclose material prior art of which they are aware.  There is no such duty imposed on parties to an interference proceeding who are challenging validity of their opponent's patent.

This proposed instruction is also a blatant, back-door attempt by Abbott to present the jury with evidence that there was an interference proceeding involving the 128 patent.  The Court has already determined that references to the interference determination are highly prejudicial and not permitted.  It does not take much to see that Abbott's use of the phrase "separate proceedings challenging the validity of the patent" is an attempt by Abbott to appease the Court by not using the word "interference" – but, of course, to talk directly about that very subject.  This instruction should not be adopted.

---

[1]  Abbott is making this "could have" argument for the first time at trial.  It never identified during discovery, including expert discovery, what prior art Centocor "should have" submitted – or what evidence it has that Centocor "could have" submitted such prior art.

## IV.    CONCLUSION

Abbott's continued attempt to introduce the interference into this trial should again be rejected.   Abbott should be precluded from presenting any argument or evidence about the interference proceeding, whether it is called an interference proceeding, a supplemental proceeding, an inter partes proceeding, or something else.

September 11, 2012                 By: _*Dianne Elderkin*_

Dianne B. Elderkin (pro hac vice)
delderkin@akingump.com
Barbara L. Mullin (pro hac vice)
bmullin@akingump.com
Steven D. Maslowski (pro hac vice)
smaslowski@akingump.com
Angela Verrecchio (pro hac vice)
averrecchio@akingump.com
Matthew A. Pearson (pro hac vice)
mpearson@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
215-965-1200
FAX: 215-965-1210

Emily C. Johnson (pro hac vice)
johnsone@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue N.W.
Washington, DC 20036

Heather B. Repicky (BBO # 663347)
NUTTER MCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000

Attorneys For Defendants
CENTOCOR ORTHO BIOTECH, INC. and
CENTOCOR BIOLOGICS, LLC

**CERTIFICATE OF SERVICE**

I certify that, on September 11, 2012, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Angela Verrecchio_____