## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABBOTT GMBH & CO., KG, ABBOTT BIORESEARCH CENTER, INC., ABBOTT BIOTECHNOLOGY, LTD.<br><br>                  Plaintiffs,<br><br>    v.<br><br>CENTOCOR ORTHO BIOTECH, INC., CENTOCOR BIOLOGICS, LLC.<br><br>                  Defendant. | C.A. No. 4:09-CV-11340 (FDS)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' REQUEST FOR ADDITIONAL JURY INSTRUCTIONS AT THE CLOSE OF EVIDENCE IN LIABILITY PHASE

In its pre-trial filings, Abbott submitted comprehensive jury instructions to be given to the jury at the conclusion of the liability phase of the case. In light of the evidence and arguments made during the trial, Abbott requests the following supplemental instructions.

## I. WRITTEN DESCRIPTION – REPRESENTATIVE SPECIES

In considering the issue of whether a representative number of species have been described, the specification must describe a sufficient variety of species to reflect the variation within the genus. However, the specification need not describe all species coming within the claims, nor need it describe any particular species coming within the claims. In considering whether described species are representative of the genus, you should consider the limitations of the claims and the object of the invention. Characteristics of described species that are unrelated to the scope of the claims or the object of the invention are not relevant to the issue of whether the described species are representative.

**Sources:**

*Carnegie Mellon Univ. V. Hoffman-La Roche, Inc.*, 541 F.3d 1115, 1124 (Fed. Cir. 2008) ("[W]hen there is substantial variation within the genus, one must describe a sufficient variety of species to reflect the variation within the genus."); Amended Memorandum and Order on Cross-Motions for Summary Judgment (D.I. 341) at 43 (source for first sentence).

## II. ENABLEMENT – ONLY ONE METHOD OF MAKING NEED BE ENABLED

The asserted claims in this action are directed to antibodies or antibody fragments; that is, they cover a composition of matter, not a method of making something. In order to enable a composition of matter, the patent needs to teach a person or ordinary skill in the art only a single way of making and using the composition.

**Sources:**

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1335 (Fed. Cir. 2003) ("[T]he law makes clear that the specification need teach only one mode of making and using a claimed composition.") (quotations omitted).

### III. OBVIOUSNESS

You have heard testimony concerning Abbott's development of the invention claimed in its patent. This testimony provides context for your decision and evidence relevant to the issue of priority of invention. However, because the persons who make an invention are not considered persons of ordinary skill in the art but are, instead, presumed inventors, you may not base a decision of obviousness on the manner in which the Abbott inventors made their invention.

**Source:**

35 U.S.C. § 103.

### IV. PRIORITY OF INVENTION

You have heard evidence that there are numerous inventors identified on the face of Abbott's patents. The issue of whether specific individuals meet the legal test for inventorship is not an issue in this case and is not relevant to the question of who invented the claimed invention first. The date of invention of a genus claim, such as each of the claims asserted by Abbott, is the date of invention of any species in that genus. In other words, the party that was first to invent a species within the genus is considered the first to invent the genus. Additional inventors may make contributions after the date a species is invented that entitle the inventors to a genus patent claim, but those contributions are not relevant to the date of invention of the genus claim.

**Sources**:

Memorandum and Order on Motion for Reconsideration (D.I. 340) at 9-10; *In re Zletz*, 893 F.2d 319, 323 (Fed. Cir. 1989) ("Priority as to a genus may indeed be shown by prior invention of a single species . . . but the genus will not be patentable to an applicant unless he has generic support therefor."); *see also In re Stempel*, 44 C.C.P.A. 820, 826 (1957).

September 18, 2012　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Robert J. Gunther, Jr.
　　　　　　　　　　　　　　　　Robert J. Gunther, Jr. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Jane M. Love (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Anne-Marie Yvon (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Violetta G. Watson (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Paula Estrada de Martin (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Barish Ozdamar (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND DORR LLP
　　　　　　　　　　　　　　　　7 World Trade Center
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　Tel: (212) 230-8800
　　　　　　　　　　　　　　　　Fax: (212) 230-8888

　　　　　　　　　　　　　　　　William F. Lee (BBO # 291960)
　　　　　　　　　　　　　　　　Anne M. McLaughlin (BBO # 666081)
　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND DORR LLP
　　　　　　　　　　　　　　　　60 State Street
　　　　　　　　　　　　　　　　Boston, MA 02109
　　　　　　　　　　　　　　　　Tel: (617) 526-6000
　　　　　　　　　　　　　　　　Fax: (617) 526-5000

　　　　　　　　　　　　　　　　William G. McElwain (BBO # 332510)
　　　　　　　　　　　　　　　　Amy K. Wigmore (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Amanda L. Major (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Jacob S. Oyloe (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Rachel L. Weiner (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND DORR LLP
　　　　　　　　　　　　　　　　1875 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　Tel: (202) 663-6000
　　　　　　　　　　　　　　　　Fax: (202) 663-6363

　　　　　　　　　　　　　　　　William W. Kim (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Arthur W. Coviello (BBO # 670152)
　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING HALE AND DORR LLP
　　　　　　　　　　　　　　　　905 Page Mill Road
　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　Tel: (650) 858-6000
　　　　　　　　　　　　　　　　Fax: (650) 858-6100

　　　　　　　　　　　　　　　　*Attorneys for Abbott GmbH & Co., KG, Abbott Bioresearch Center, Inc. and Abbott Biotechnology, Ltd.*

## CERTIFICATE OF SERVICE

      I certify that, on September 18, 2012, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                 /s/ Robert J. Gunther

ACTIVEUS 101024906v1