# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABBOTT GMBH & CO., KG, AND         )
ABBOTT BIORESEARCH CENTER, INC.    )
and ABBOTT BIOTECHNOLOGY LTD.,     )
                 Plaintiffs,       )
v.                                 ) No. 09-11340-FDS
                                   ) Pages 8-1 - 8-180
CENTOCOR ORTHO BIOTECH, INC.       )
and CENTOCOR BIOLOGICS, LLC,       )
                                   )
                 Defendant.

BEFORE:   THE HONORABLE F. DENNIS SAYLOR, IV

JURY TRIAL DAY 8

September 20, 2012

8:30 a.m.

United States District Court
Courtroom No. 2
One Courthouse Way
Boston, Massachusetts  02210

Valerie A. O'Hara
Lee A. Marzilli
Official Court Reporters
John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, MA 02210
E-mail: vaohara@gmail.com, leemarz@aol.com

ad667fba-899c-44be-bdba-0ff003f64300

1  patent --"  Well, that's just his independent analysis.  I
2  don't know how that gets wrapped into what the Board did
3  anyway.  So I assume that Mr. Lee is going to have him talk
4  about that stuff anyway, but in terms of --
5          THE COURT:  In other words, he can say, without saying
6  who he agrees with, he can just say "a major difference between
7  the prior art," et cetera, without stating whether he agrees
8  with what the Patent Board said or not.
9          MS. MULLIN:  I would expect that he'll be doing that.
10         THE COURT:  Yes.
11         MS. MULLIN:  But the sum total of the rest of the
12 analysis of what the Board did, or, frankly, what issues were
13 in front of the Board other than saying, "Well, this is what
14 the Board said and I agree with them --"
15         MR. LEE:  Your Honor, I wasn't even going that far.  I
16 am trying to lay the record that I think I need to for purposes
17 of the burden of proof under i4i.  My question was going to be,
18 "Did the Board consider the issue of obviousness in phage
19 display?"  His answer would have been "Yes," and the answer
20 would have been, did the patent issue?
21         THE COURT:  I don't see how that's required by i4i.  I
22 mean, in fact, I'm not sure that anything is required other
23 than the patent was issued.
24         MR. LEE:  I actually think, your Honor, i4i
25 distinguishes.  It says the burden is more easily carried --

Page 178

1   it's two things.

2         THE COURT:  The burden is more easily carried if
3   certain types of evidence is --

4         MR. LEE:  If it was considered by the Patent Office.

5         THE COURT:  Right.

6         MR. LEE:  And it may be more easily carried if there
7   is evidence not before the Patent Office that is more material
8   than what was before the Patent Office.

9         THE COURT:  Right.  But that's the prior art.  In
10  other words, so the jury is entitled to be told what prior art
11  is before the Patent Office and what not.

12        MR. LEE:  Actually, your Honor, that's -- and I
13  haven't been clear getting it through -- i4i phrased it in
14  terms of prior art because that's the only issue that was
15  before the Supreme Court.  It was a prior art issue.  The
16  reasoning applies to both the issues considered by the Patent
17  Office and prior art because, your Honor, written description/
18  enablement are not prior art issues.

19        THE COURT:  All right, I let you ask those questions,
20  the three sets of questions here.  I think he, right, he
21  addressed written description, enablement, and obviousness.  I
22  let you ask those questions, what the Patent Board did, but now
23  you want to get into the reasoning of the Patent Board.

24        MR. LEE:  No, no.  For written description and
25  enablement, it's going to be what the Patent Office did during

1   the prosecution. That was my second question. Am I not
2   allowed to get into that either?
3          THE COURT: If the only case you have saying that you
4   can get into it is i4i, I don't think it requires that, and I
5   have real concerns about it. Again, the whole proceeding is a
6   waste of time if we're just going to go through all the Patent
7   Board's reasoning, you know, everything they considered, and
8   all the jury is supposed to do is rubber-stamp that. I mean,
9   it has to be an independent inquiry, again, with a very heavy
10  burden of proof on the part of Centocor.
11         MR. LEE: This is helpful, your Honor. Let me just
12  say this, because I've tried and haven't convinced your Honor.
13  Our proffer would be that we would take Dr. Marks through the
14  file history, not including the interference, to show what the
15  Patent Office did on the issues of written description,
16  enablement, and obviousness, so that the record would be clear
17  that some of the very same arguments that are being made now
18  were made before. And as to the interference, I would go the
19  one question further for the reasons we discussed at the
20  sidebar. But I understand your Honor's ruling. I make the
21  proffer, and then that saves us the time of asking the
22  questions.
23         THE COURT: All right, I will exclude it unless,
24  again, someone shows me a case other than i4i that convinces
25  me that that's what I need to do.

1        MS. MULLIN:  Your Honor, just to complete the record,
2   though, I would also point out that I don't think that's
3   disclosed in Dr. Marks's expert report in any event.
4        THE COURT:  All right.  Okay, I will, unless there's
5   anything else, I will see you at 8:15 tomorrow.
6        (Adjourned, 1:15 p.m.)

ad667fba-899c-44be-bdba-0ff003f64300