**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABBOTT GMBH & CO., KG; ABBOTT BIORESEARCH CENTER, INC.; and ABBOTT BIOTECHNOLOGY LTD.<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CENTOCOR ORTHO BIOTECH, INC. and CENTOCOR BIOLOGICS LLC,<br><br>　　　　　Defendants. | Civil Action No. 4:09-cv-11340-FDS<br><br><br><br><br>**Jury Trial Demanded** |

**DEFENDANTS CENTOCOR ORTHO BIOTECH, INC.'S AND CENTOCOR BIOLOGICS LLC'S BILL OF COSTS**

On March 8, 2013, the Court entered judgment in favor of defendants Centocor Ortho Biotech, Inc. and Centocor Biologics LLC ("Centocor") and against plaintiffs Abbott GmbH & Co. KG, Abbott Bioresearch Center, Inc. and Abbott Biotechnology Ltd. ("Abbott") (D.I. 540 and 541; see also Case No. 4:10-cv-40003, D.I. 75).  Pursuant to 28 U.S.C. §§ 1920 and/or 1821 and Fed. R. Civ. P. 54(d), Centocor respectfully submits this Bill of Costs for expenses actually and necessarily incurred by it in defending this action.  Although neither the Federal Rules nor Local Rules set a deadline for filing the Bill of Costs, Centocor contends that its request is timely under the local practice guidelines.  *See Taxation of Costs*, available at http:www.mad.uscourts.gov/resources/pdf/taxation.pdf  (hereinafter "Taxation of Costs").[1]

Below is a summary of Centocor's Bill of Costs.

---

[1] The website sets forth the following procedure for filing the Bill of Costs in the District of Massachusetts: "The Bill of Costs must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals."  However, the website characterizes this procedure as "an informal practice, rather than a formalized local rule" and provides that allowance should be made for "litigants who file late but claim, in good faith, that they were not aware of the time restriction."

Recoverable Costs
Under 28 U.S.C. §§ 1920 and/or 1821

| Description | Cost |
|---|---|
| Fees of the Clerk and Marshal | $450.00 |
| Fees of the Court Reporter (Trial) | $10,356.65 |
| Fees of the Court Reporter (Depositions) | $65,060.87 |
| Fees of Copies of Exhibits (Depositions) | $9,227.00 |
| Recoverable Witness Fees | $7,598.18 |
| Technical Support | $12,384.00 |
| Fees for Copying of Papers | $131,907.44 |
| **Grand Total** | **$236,984.14** |

## I. COSTS

### A. Fees of the Clerk and Marshal

Under 28 U.S.C. § 1920(1), fees of the clerk and marshal are taxable costs. Centocor seeks to recover the necessary costs incurred in filing for *pro hac vice* admission of its attorneys totaling $450.00 (see Verrecchio Decl. at ¶ 2 and Ex. 1).

### B. Fees For Printed or Electronically Recorded Transcripts Necessarily Obtained For Use In The Case

Fees for printed or electronically recorded transcripts necessarily obtained for use in this case totaled $10,356.65 as explained in detail below in subsections 1 and 2.

#### 1. Trial and Pre-Trial Proceeding Transcripts

28 U.S.C. § 1920(2) authorizes recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Templeman v. Chris*

3

*Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). Under this section, costs incurred in transcribing courtroom hearings and pre-trial conferences are recoverable when found to be necessarily obtained for use in the case. See *Harris Corp. v. Sanyo N. Am. Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755 at *3 (N.D. Tex. Mar. 4, 2002) (awarding costs for transcripts of *Markman* and *Daubert* hearings that were "clearly necessary for counsel to determine whether to seek review of any adverse rulings.") (Ex. 7); *see also United States v. Davis*, 87 F. Supp. 2d 82, 90-91 (D.R.I. 2000) (awarding costs for transcripts of pre-trial hearings). In addition, the full cost of daily trial transcripts are recoverable if shown to be necessarily obtained for use during trial. *Kalman v. The Berlyn Corp.*, No. 82-0346-F, 1989 U.S. Dist. LEXIS 13044 at *3 (D. Mass. March 20, 1989) (allowing costs of daily court transcripts in complex patent case where the "trial hinged on complex and intricate testimony, requiring careful examination and cross-examination.") (Ex. 8).

Centocor seeks to recover the cost of transcripts necessarily obtained for use in this case including the transcripts of the *Markman* Hearing, Summary Judgment Hearing, *Daubert* Motion Hearing, Pre-Trial Conference, Jury Trial, and Jury Charge Conference. The costs of these trial and pre-trial proceedings transcripts total $10,356.65 (Verrecchio Decl. at ¶ 3 and Exs. 2 and 2A).

        **2.**     **Deposition Transcripts**

"Under First Circuit precedent, deposition costs are taxable under section 1920(2) if they 'are either introduced into evidence or used at trial.'" *Templeman*, 770 F.2d at 249. Further, it is within the district court's discretion to tax deposition costs "if special circumstances warrant it, even though the depositions were not put into evidence or used at the trial." *Id.* District courts have found such "special circumstances" to exist in complex patent litigations. Thus, in *Kalman*, the court awarded costs for depositions not introduced into evidence or used at trial, explaining

that "[i]t is incumbent upon a careful attorney to explore as many possible avenues as possible prior to trial in order to fully develop his client's case." 1989 U.S. Dist. LEXIS 13044 at *4. The court further explained that "[a]bsent a showing that an attorney was deliberately or recklessly profligate, this Court is reluctant to deny the award of deposition costs in this case simply because neither the deposition or the witness made it to trial." *Id.* at *4-5.

Centocor seeks to recover the cost of deposition transcripts necessarily obtained for use in this case. During the course of this complex patent litigation, depositions were taken from inventors, expert witnesses, and business and legal personnel from Abbott and Centocor. The costs of witness deposition transcripts ($65,060.87) plus one copy of exhibits presented to those witnesses ($9,227.00) total $74,287.87 (Verrecchio Decl. at ¶ 4 and Exs. 3 and 3A). As indicated in Exhibit 3, sixteen of the depositions were either used at trial or in support of motions for summary judgment motions.[2] Moreover, special circumstances warrant the taxation of deposition transcripts that were not specifically used at trial or in support of motions. Numerous and varied patent claims, invalidity defenses, and damages theories were at issue in this litigation, requiring extensive discovery. In light of this complexity, these depositions taken from a varied group of fact and expert witnesses were reasonably necessary to uncover the requisite technical and business information used by Centocor to fully develop its defenses against Abbott's claims of patent infringement. Centocor has not sought recovery of costs associated with expedited processing, delivery, rough ASCII transcripts, CDs, shipping, or

---

[2] The First Circuit Court of Appeals recently found that deposition transcripts cited in support of partially-successful summary judgment motions were "necessarily obtained for use in the case" and awarded costs under 28U.S.C. § 1920(2). See *Bergeron v. Cabral*, No. 10-1012, 2010 WL 3547426, at *2 (1st Cir. Sept. 14, 2010) (citing Federal Practice and Procedure, § 2676 at 423 (3d ed. 1998) for the proposition that "the justification for taxing the expense of a deposition that is introduced into evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment.") (Ex. 9).

attendance fees. Where Centocor was charged an expedited transcript charge, it only seeks recovery of the transcripts at the non-expedited rate.

      **C.**      **Fees for Witnesses**

28 U.S.C. § 1920(3) authorizes the taxation of costs for witnesses who appear at trial. *Haemonetics Corp., v. Fenwal, Inc.*, 863 F.Supp. 2d 110, 117 (D. Mass. 2012). 28 U.S.C. § 1821 limits the amount that is recoverable. *Id.* Under this section, a witness may receive an attendance fee of $40 per day for each day he or she attends trial, including "the time necessarily occupied in going to and returning from the place of attendance." 28 U.S.C. § 1821(b). Compensation for a witness is not limited solely to days where he or she testifies, "but may also be awarded for each day the witness necessarily attends trial." *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 772 (6th Cir. 1999). Moreover, this statute allows for reimbursement of reasonable travel fees and mileage (at $.3250 per mile), as well as a subsistence fee ($238.00 per day) when an overnight stay is required. *see* 28 U.S.C. § 1821(c)-(d); *see also* Taxation of Costs at 3-4. "Witness fees for employees of a corporate party are allowable so long as the employees are not real parties in interest". *Id.* at 4.

Centocor seeks to recover fees for witnesses who testified at trial and/or were necessarily in attendance at trial. The fees total $7,598.18 (Verrecchio Decl. at ¶ 5 and Exs. 4 and 4A). This total includes witness costs related to airfare and mileage/parking/car service totaling $3,028.18 (Exs. 4 and 4A). Centocor's expert Dr. Donald Siegel necessarily attended every day of trial since his opinion regarding the invalidity of the patent claims at issue under multiple legal theories depended upon testimony given by other witnesses.

### D. Media and Audiovisual Services

Exemplification fees may be taxed under 28 U.S.C. § 1920(4) if they are "necessary as opposed to merely convenient or helpful" for use in a party's case. *Martinez v. Cui*, No. 06-40029-FDS, 2009 U.S. Dist. LEXIS 97267 at *4 (D. Mass. Apr. 13, 2009) (Ex. 10). Audio/visual trial support has been deemed necessary, allowing for taxation of costs, where both sides used professional trial technicians to "present nearly every aspect of the case". *Finisar Corp. v. The DirecTV Group, Inc.*, No. 1:05-CV-264, 2006 U.S. Dist. LEXIS 71138 at *7 (E.D. Tex. Aug. 4, 2006) (Ex. 11); *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1984).

In a complex patent litigation such as this one, it would be nearly impossible to clearly and efficiently present the case without the assistance of professional trial technicians. This is evidenced by the fact that both sides used technicians extensively throughout the trial in presenting nearly every aspect of the case including trial exhibits, scientific tutorials, deposition testimony, biological testing results, and patent claim language.

Centocor seeks to recover a portion of the costs it spent on the media and audio/visual professional services of Joseph Ficocello. Those media and audio/visual services totaled $56,889.00 (Verrecchio Decl. ¶ 6 and Exs. 5 and 5A). However, Centocor is only seeking recovery of audio/visual services in the amount of $12,384.00 for ten days of active trial support and two days for setting-up and breaking down his equipment (4 hours/day, for 12 days, totaling 48 hours at $258/hour) (Ex. 5).

Centocor is not seeking to recover costs associated with preparing graphics or audio/visuals that were merely helpful "to explain the case to the jury and the court" *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377 (Fed. Cir. 2006) (disallowing recovery of costs for production of materials used by expert "simply to explain the case to the jury and court");

*Haemonetics Corp.,* 863 F.Supp. at 116, or for audio/visual services provided by James Moore, Mr. Ficocello's assistant.[3]

### E.   Fees For Copies Necessarily Obtained For Use In This Case

28 U.S.C. § 1920(4) allows a prevailing party to recover costs for "the making of copies of any materials where the copies are necessarily obtained for use in the case."  The First Circuit has interpreted this section broadly, allowing for the recovery of coping costs that were "reasonably necessary to the maintenance of the action."  See *Rodriguez-Garcia v. Davilla*, 904 F.2d 90, 100 (1st Cir. 1990) (declining to limit recovery to copy costs of documents actually filed).  Moreover, parties are not required to identify every copy made for use in the course of the legal proceeding so long as there is some demonstration that the reproduction costs necessarily result from that litigation.  *Summit Tech.,* 435 F.3d at 1378.  ("We agree with [defendant] that, in a complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation.").  However, copies for the convenience of counsel and not for use at trial are not taxable.  *see* Taxation of Costs at 4.

Centocor seeks to recover the cost of copies necessarily obtained for the preparation of this case.  The copies fall into three categories of documents: (1) copies related to document production, (2) copies related to trial exhibits, and (3) copies of documents to be prepared as potential witness exhibits at depositions.

With respect to the first category of documents – copies related to document production – Centocor is seeking to recover only a fraction of the costs for copies that were made.  In this

---

[3] Centocor does not seek to recover the costs for exemplification services provided by James Moore totaling $33,138.00, which included fees for preparing graphics used in opening, closing, and witness presentation slides. *see* Exs. 5B and 5C.

8

case, Centocor produced over 1.6 million pages of documents in electronic format. Centocor has limited its request for reimbursement to costs for copies of paper documents that were then electronically produced to Abbott. These were copies of 19,105 pages of documents that were then converted into electronic format for production. These copy costs total $5,731.50 (Browndorf Decl. at ¶ 4 and Exs. 6 and 6A).

The second category of documents for which Centocor seeks reimbursement of is its costs for trial exhibits made for the original exchange of exhibits between the parties and copy sets of trial exhibits that were necessary for the Court and Abbott's counsel. These copy costs total $66,395.88 (Exs. 6 and 6B).

The third category of documents for which Centocor seeks reimbursement of is its costs of copies of exhibits to be used as potential exhibits at depositions. These potential exhibits were identified as being relevant to the deposition at the time the deposition was taken. These copy costs total $59,780.06 (Exs. 6 and 6C).

The total cost from these three categories is $131,907.44. The cost associated with this copying is no higher than what is generally charged for reproduction in the local area, and no more copies than what was actually necessary were reproduced. Further, these copies were not made merely for the convenience of counsel, but were necessary for the preparation of taking depositions.

## II.     CONCLUSION

Centocor respectfully requests that the Court grant costs in the amount of $236,984.14, as summarized below.

| Description | Cost |
|---|---|
| Fees of the clerk and marshal | $450.00 |
| Fees of the court reporter – hearings and trial | $10,356.65 |
| Fees of the court reporter – depositions and one copy set $65,060.87 + $ 9,227.00 | $74,287.87 |
| Recoverable Witness Fees | $7,598.18 |
| Fees for audio/visual trial support | $12,384.00 |
| Fees for copying of papers | $131,907.44 |
| **TOTAL** | **$236,984.14** |

Date:  April 22, 2013        By:  *Dianne Elderkin*
                                  Dianne B. Elderkin (pro hac vice)
                                  delderkin@akingump.com
                                  Barbara L. Mullin (pro hac vice)
                                  bmullin@akingump.com
                                  Steven D. Maslowski (pro hac vice)
                                  smaslowski@akingump.com
                                  Angela Verrecchio (pro hac vice)
                                  averrecchio@akingump.com
                                  Matthew A. Pearson (pro hac vice)
                                  mpearson@akingump.com
                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                  Two Commerce Square
                                  2001 Market Street, Suite 4100
                                  Philadelphia, PA 19103-7013
                                  215-965-1200
                                  FAX:  215-965-1210

                                  Emily Johnson (pro hac vice)
                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                  Robert S. Strauss Building
                                  1333 New Hampshire Avenue, NW
                                  Washington, DC 20036
                                  202-887-4099

FAX:  202-887-4288

Heather P. Repicky (BBO # 663347)
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-439-2000
FAX: 617-310-9000

Attorneys For Defendants
CENTOCOR ORTHO BIOTECH, INC. and
CENTOCOR BIOLOGICS LLC

**Certificate of Conference With L.R. 7.1(a)(2)**

On April 19, 2013, Angela Verrecchio, counsel for Defendants, conferred with counsel for Plaintiffs, Jacob Oyloe, in a good faith effort to resolve or narrow the matters presented in this motion.  Prior to the meet and confer, draft copies of the Bill of Costs and supporting invoices were provided to Plaintiffs for consideration.  The parties could not reach agreement on the Bill of Costs.

**Certificate of Service**

I hereby certify that on April 22, 2013, a copy of the Defendants' Bill of Costs, Verrecchio Declaration and exhibits thereto, Browndorf Declaration, and Bill of Costs Form AO 133 were sent electronically to all registered participants identified in the Notice of Electronic Filing (NEF).

/s/Angela Verrecchio

Angela Verrecchio